# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| JONATHAN CORRENTE, et al., § | |
| § | |
| *Plaintiffs,* § | Civil Action No. 4:22-cv-00470 |
| § | Judge Mazzant |
| v. § | |
| § | |
| THE CHARLES SCHWAB § | |
| CORPORATION, § | |
| § | |
| *Defendant.* § | |

## ORDER

On April 4, 2023, the Court held a telephone conference to resolve a discovery dispute concerning three documents that Defendant inadvertently disclosed to Plaintiffs (identified by their Bates labels as SCH-CORRENTE-00631248, SCH-CORRENTE-00631254, and SCH-CORRENTE-00631256) and a fourth document that Defendant withheld on the basis of the attorney-client privilege and the work-product doctrine (SCH-CORRENTE-PL-002872). After the telephone conference, and with the Court's permission, both parties filed letter briefs articulating their respective positions (Dkt. #45; Dkt. #47). In addition, Defendant provided the Court with fifteen related documents—including all four of the documents at issue—for *in camera* review.

Defendant contends that all four of the documents at issue are shielded from discovery by the attorney-client privilege and the work-product doctrine. As the party asserting a claim of privilege, Defendant bears the burden of demonstrating that a privilege exists. *Taylor Lohmeyer L. Firm P.L.L.C. v. United States*, 957 F.3d 505, 510 (5th Cir. 2020). A communication is protected by the attorney-client privilege if it is (1) a confidential communication, (2) made to a lawyer or his subordinate, (3) for the primary purpose of securing either a legal opinion or legal

services, or assistance in a legal proceeding. *See, e.g.*, *EEOC v. BDO USA, LLP*, 876 F.3d 690, 695 (5th Cir. 2017). Likewise, the work-product doctrine protects from discovery materials that are prepared by or at the direction of an attorney in anticipation of litigation. *See, e.g.*, *S.E.C. v. Brady*, 238 F.R.D. 429, 441 (N.D. Tex. 2006) (citing FED. R. CIV. P. 26(b)(3)). In applying both doctrines, the critical focus is the "manifest purpose" of the communication. *BDO*, 876 F.3d at 696 (noting that, in determining whether a communication to an in-house lawyer is privileged, courts should "seek[] to glean the 'manifest purpose' of the communication"); *Brady*, 238 F.R.D. at 441–42 (noting that the work-product protection applies even when "litigation is not imminent, so long as the primary motivating purpose behind the creation of the document was to aid in possible future litigation.").

An *in camera* review of the documents submitted by Defendant indicates that the manifest purpose underlying the documents at issue was the requisition of legal advice. Indeed, the documents at issue were created at the direction of—and in conjunction with—Defendant's in-house counsel for the purpose of navigating potential regulatory challenges to the Charles Schwab-TD Ameritrade merger and several ongoing securities lawsuits (Dkt. #45 at p. 3). And so, the Court finds that Defendant has carried its burden of establishing that both the attorney-client privilege and the work-product privilege apply here. *BDO*, 876 F.3d at 696; *Brady*, 238 F.R.D. at 442.

## CONCLUSION

It is therefore **ORDERED** that the documents identified by their Bates labels as SCH-CORRENTE-00631248, SCH-CORRENTE-00631254, and SCH-CORRENTE-00631256 are privileged and that Plaintiffs must comply with the requirements of Federal Rule of Civil Procedure 26(b)(5)(B) with respect to the return and/or destruction of those documents.

It is further **ORDERED** that Plaintiffs' request that the Court compel Defendant to produce the document identified as SCH-CORRENTE-PL-002872 is hereby **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this 18th day of April, 2023.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE