# EXHIBIT 1

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| JONATHAN CORRENTE, et al., | Civil Action No. 4:22-CV-470-ALM |
| Plaintiffs, | Hon. Amos L. Mazzant, III |
| v. | |
| THE CHARLES SCHWAB CORPORATION, | |
| Defendant. | |

## STIPULATION AND AGREEMENT OF SETTLEMENT WITH THE CHARLES SCHWAB CORPORATION

THIS STIPULATION AND AGREEMENT OF SETTLEMENT is made and entered into by and between Plaintiffs Jonathan Corrente, Charles Shaw, and Leo Williams ("Plaintiffs"), on behalf of themselves and on behalf of the other members of the Settlement Class,[1] and Defendant The Charles Schwab Corporation ("Schwab") and embodies the terms and conditions of the settlement of the above-captioned Action.  Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally, and forever compromise, settle, release, resolve, discharge, and dismiss with prejudice the Action and all Released Claims against Schwab and the other Released Defendant Persons.

WHEREAS, Plaintiffs are prosecuting claims in the Action against Schwab on their own behalf and on behalf of a proposed class;

WHEREAS, Plaintiffs, on behalf of themselves and as representatives of the proposed class, allege they have been and will continue to be injured as a result of the combination of Schwab and TD Ameritrade Holding Corporation ("Ameritrade"), in October 2020 in violation of Section 7 of the Clayton Act (15 U.S.C. § 18) as set out in the Class Action Complaint (ECF No. 1);

WHEREAS, Schwab denies Plaintiffs' allegations, denies any and all alleged wrongdoing in connection with the facts and claim that have been or could have been alleged against it in the Action, asserts that the claim lacks merit, asserts that it has many valid defenses to it, and denies any loss or damage to Plaintiffs;

---

[1] All capitalized words and terms that are not otherwise defined in text have the meaning ascribed to them below in the section entitled "Definitions."

WHEREAS, counsel for the Parties have engaged in arm's-length negotiations on the terms of this Settlement with the assistance of the Honorable Nancy F. Atlas (Ret.), and this Stipulation embodies all of the terms and conditions of this Settlement;

WHEREAS, Plaintiffs, through their counsel, investigated the facts and law regarding the Action, and have concluded that resolving the claim against Schwab, according to the terms set forth below, is in the best interests of Plaintiffs and the Settlement Class given the value of the injunctive relief that Schwab has agreed to undertake pursuant to this Stipulation;

WHEREAS, Schwab, despite its belief that the claim lacks merit and its belief that it has good defenses to it, has nevertheless agreed to enter into this Settlement to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation, and to obtain the release, order, and judgment contemplated by this Agreement, and to put to rest with finality all claims that have been or could have been asserted against Schwab, as more particularly set out below;

WHEREAS, the Parties wish to preserve all arguments, defenses, and responses to all claims in the Action, including any arguments, defenses, and responses to any litigation class proposed by Plaintiffs in the event this Settlement does not obtain final approval;

WHEREAS, the Parties have had a full opportunity to examine the facts and circumstances surrounding their respective decisions to accept the terms of this Stipulation and have not relied on any representations (or the lack thereof) made by any other Party concerning the facts and circumstances leading to this Stipulation;

NOW THEREFORE, in consideration of the foregoing, the terms and conditions set forth below, and other good and valuable consideration, it is agreed by and among the Parties that the Plaintiffs' Released Claims and the Settlement Class Released Claims be settled, compromised,

and dismissed on the merits with prejudice as to Schwab and the Released Defendant Persons, subject to Court approval pursuant to Fed. R. Civ. P. 23(e), on and subject to the terms and conditions set forth below.

## 1.    DEFINITIONS

As used in this Stipulation and any exhibits made a part hereof, the following terms shall have the means specified below:

1.1.    "Action" means *Jonathan Corrente, et al. v. The Charles Schwab Corporation*, No. 4:22-CV-470-ALM (E.D. Tex.).

1.2.    "Attorney's Fees and Expenses" means any fees and expenses approved by the Court for payment to counsel who have represented Plaintiffs and the Settlement Class, including such counsel's attorney's fees, costs, litigation expenses, and fees and expenses of experts (excluding Notice Costs).

1.3.    "Co-Lead Counsel" means the law firms of Bathaee Dunne LLP and Korein Tillery P.C.

1.4.    "Complaint" means the Class Action Complaint filed on June 2, 2022 (ECF No. 1).

1.5.    "Consultant" means an independent consultant retained by the Parties to design an antitrust compliance program that Schwab will implement.

1.6.    "Court" means the United States District Court for the Eastern District of Texas and the Honorable Amos L. Mazzant, III.

1.7.    "Effective Date" with respect to the Settlement means the first business day following occurrence of all the events and conditions specified in ¶12.1.

1.8.    "Execution Date" means the latest date of the execution of this Agreement by all Parties.

1.9.    "Fairness Hearing" means the hearing scheduled by the Court to determine whether (a) the Settlement is fair, reasonable, and adequate; and (b) Plaintiffs' request for an award of Attorney's Fees and Expenses, including any Service Awards to Plaintiffs, is reasonable.

1.10.    "Final" means an order or Judgment of the Court that has reached the point when: (a) there is no pending stay, motion for reconsideration, motion for rehearing, motion to vacate, appeal, petition for writ of certiorari or similar request for relief; (b) if no appeal or petition for review is filed, the day following the expiration of the time to appeal or petition for review; or (c) if there is an appeal or review, the day after such order or Judgment is affirmed or the appeal or review is dismissed or denied, and such order or Judgment is no longer subject to further judicial review, including upon appeal or review by writ of certiorari.

1.11.    "Judgment" means the proposed judgment to be entered approving the Settlement and dismissing with prejudice the claim brought against the Defendant, substantially in the form attached hereto as Exhibit B.

1.12.    "Litigation Expenses" means costs and expenses reasonably incurred in connection with commencing, prosecuting, and settling the Action (which may include the costs and expenses of Plaintiffs directly related to their representation of the Settlement Class), for which Co-Lead Counsel intend to apply to the Court for a reimbursement from Schwab.

1.13.    "Notice" means the Notice of Proposed Class Action Settlement, which is to be provided to members of the Settlement Class.

1.14.    "Notice Administrator" means the company selected by Co-Lead Counsel and appointed by the Court to disseminate Notice to the Settlement Class.

1.15.    "Notice Costs" means the reasonable costs and expenses incurred in connection with providing notice to Settlement Class Members, including (as applicable) preparing, emailing,

publishing, and/or otherwise disseminating the Notice and the Summary Notice. All such Notice Costs shall be paid by Schwab.

1.16.    "Parties" means the undersigned parties to this Stipulation.

1.17.    "Person" means any individual, corporation, partnership, limited liability company or partnership, limited partnership, professional corporation, association, joint stock company, trust, estate, unincorporated association, government or any political subdivision or agency thereof, and any other type of legal or political entity, any representative, and, as applicable, his, her, or its respective spouses, heirs, predecessors, successors-in-interest, representatives, and assigns.

1.18.    "Plaintiffs" means Jonathan Corrente, Charles Shaw, and Leo Williams.

1.19.    "Plaintiffs' Released Claims" means any and all claims, counterclaims, demands, actions, potential actions, suits, and causes of action, losses, obligations, damages, matters, and issues of any kind or nature whatsoever, and liabilities of any nature, including without limitation claims for costs, expenses, penalties, and attorney's fees that the Plaintiffs ever had or now have against any of the Released Defendant Persons, whether arising under federal, state, local, common, or foreign law or regulation, whether known claims or Unknown Claims, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, accrued or unaccrued, matured or unmatured, disclosed or undisclosed, apparent or unapparent, liquidated or unliquidated, or claims that have been, could have been, or in the future might be asserted in law or equity, on account of or arising out of or resulting from or in any way related to any conduct that was alleged or could have been alleged in the Action based on any or all of the same factual predicates of the Action, including but not limited to Schwab's participation in an allegedly

anticompetitive merger with Ameritrade in October 2020. Plaintiffs' Released Claims shall not include any future claims relating to the enforcement of any terms of this Stipulation.

1.20.    "Preliminary Approval Order" means the proposed order preliminarily approving the Settlement and directing notice thereof to the Settlement Class, substantially in the form attached hereto as Exhibit A.

1.21.    "Program" shall refer to the antitrust compliance program designed by the Consultant and implemented by Schwab.

1.22.    "Related Persons," when used in reference to a Person, means (a) the Person; (b) for natural Persons, each of that Person's respective immediate family members and any trust which that Person is the settlor of or which is for the benefit of any such Person and/or the members of his or her family, and, for non-natural persons, each of past, present, and future, direct and indirect corporate parents (including holding companies), subsidiaries, related entities and affiliates, associates, predecessors, and successors; and (c) for any of the entities or Persons listed at (a) or (b) above, their respective past, present, or future parents, subsidiaries and affiliates, and their respective directors, officers, managers, managing directors, partners, members, principals, employees, auditors, accountants, representatives, insurers, trustees, trustors, agents, attorneys, professionals, predecessors, successors, assigns, heirs, executors, and administrators, in their capacities as such, and any entity in which the Person has a controlling interest.

1.23.    "Released Defendant's Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, local, common, or foreign law or regulation, by any of the Released Defendant Persons against Plaintiffs, any members of the Settlement Class, or any of their Related Persons, including any Co-Lead Counsel, which arise out of or relate in any way to the institution, prosecution,

assertion, settlement, or resolution of the Action or the Released Claims. Released Defendant's Claims shall not include any future claims relating to the enforcement of any terms of this Stipulation. For the avoidance of doubt, the release in this paragraph is intended to cover only litigation conduct in this Action.

1.24. "Released Defendant Persons" means (a) Schwab; and (b) its Related Persons.

1.25. "Released Plaintiff Persons" means (a) Plaintiffs; and (b) each of their Related Persons.

1.26. "Released Settlement Class Persons" means (a) Settlement Class Members and (b) each of their Related Persons.

1.27. "Schwab" or "Defendant" means Defendant The Charles Schwab Corporation.

1.28. "Schwab's Counsel" means Gibson, Dunn & Crutcher LLP, King & Spalding LLP, Gillam & Smith LLP, and Wilmer Cutler Pickering Hale and Dorr LLP.

1.29. "Service Award" means any Court-approved monetary awards for Plaintiffs paid by Schwab.

1.30. "Settlement" means the resolution of this Action as against Schwab and the Released Defendant Persons in accordance with the terms and provisions of this Stipulation.

1.31. "Settlement Class" means persons, entities, and corporations who are current U.S. brokerage customers of Schwab or any of its affiliates, including customers who previously held accounts at Ameritrade. Excluded from the Settlement Class are: (a) the Defendant; (b) its employees, officers, directors, legal representatives, heirs, successors, and wholly or partly owned subsidiaries or affiliates; and (c) the judicial officers and their immediate family members and associated court staff assigned to this case.

1.32.    "Settlement Class Member" means any Person who falls within the Settlement Class.

1.33.    "Settlement Class Released Claims" means any and all injunctive, equitable and non-monetary claims or remedies on account of, or arising out of, or resulting from, or in any way related to, any conduct that was alleged or could have been alleged in the Action based on any or all of the same factual predicate of the Action, including but not limited to any claim for divestiture. Settlement Class Released Claims shall not include any damages or monetary claims or any future claims relating to enforcement of the terms of this Stipulation.

1.34.    "Stipulation" means this Stipulation and Agreement of Settlement.

1.35.    "Summary Notice" means the Summary Notice of Proposed Class Action Settlement, which is to be provided to members of the Settlement Class.

1.36.    "Unknown Claims" means (a) any Released Claims that a Plaintiff does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which if known by him, her, or it, might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, the decision not to object to the Settlement; and (b) any Released Defendant's Claims that Schwab does not know or suspect to exist in its favor at the time of the release of such claims, which if known by it might have affected its decision(s) with respect to the Settlement.  With respect to any and all Plaintiffs' Released Claims and Released Defendant's Claims, the Parties stipulate and agree that upon the Effective Date, the Parties shall expressly waive, and by operation of the Judgment shall have waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law that is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT**

**TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY**.

The Parties may hereafter discover facts in addition to or different from those that any of them now knows or believes to be true related to the subject matter of the Plaintiffs' Released Claims or the Released Defendant's Claims, but the Parties shall expressly settle and release upon the Effective Date, shall be deemed to have, and by operation of Judgment shall have, fully, finally, and forever settled and released any and all Plaintiffs' Released Claims and Released Defendant's Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, disclosed or undisclosed, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law, regulation or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Plaintiffs and Defendant acknowledge, and shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a material element of the Settlement.

## 2.    SETTLEMENT CONSIDERATION

2.1    <u>Monetary Consideration</u>.  Schwab shall pay, or cause to be paid, in the form of brokerage account credits, the sum of USD $50 (fifty dollars) to each Plaintiff to settle and release the Plaintiffs' Released Claims, to be credited to their Schwab brokerage accounts within fifteen (15) business days of the Effective Date.

2.2    <u>Non-Monetary Consideration</u>:

(a)    **Implementation of an Antitrust Compliance Program**.  The Parties agree to engage the Consultant to design the Program that Schwab will implement.

(b)  **Retention of a Consultant**.  The Consultant, to be jointly retained by the Parties, shall consist of a team of attorneys from Fried, Frank, Harris Shriver & Jacobson LLP, including Bernard A. Nigro, Jr., Aleksandr Livshits, and Nihal Patel ("Fried Frank").  After proposing, considering, and jointly interviewing multiple candidates, Schwab and Plaintiffs determined that Fried Frank possesses expertise in the design of antitrust compliance programs generally and experience with the financial services industry specifically.  An agreed budget shall be established in advance of the commencement of the Consultant's work.  Schwab shall bear all reasonable costs, fees, and expenses associated with the Consultant's work.  The retention of the agreed-upon Consultant will be finalized after the Effective Date.

(c)  **Consultant's Remit**.  The Consultant shall have access to Schwab information as reasonably requested for review, subject to applicable privileges and protections, including but not limited to the following:

i.  Policies, practices, and procedures related to Schwab's communications with and among market makers and other broker-dealers;

ii.  Policies, practices, and procedures related to Schwab's order routing and execution, including those pertaining to Schwab's order routing allocations and price improvement as provided by market makers to Schwab's retail customers who trade equities and options;

iii.  Policies, practices, and procedures applicable to Schwab's order routing committees and decisionmakers, including as to communications and coordination with market makers and other broker-dealers; and

10

iv.      Schwab's post-merger disclosures, reporting, statements, and other communications with retail clients regarding transaction-related price improvement and order routing that may promote inter-brand competition among broker-dealers.

(d)      **Report and Recommendations**.

i.      Phase 1 (Review): Within 180 days of the Effective Date, the Consultant shall conduct its review of policies, procedures, and practices related to the design of the Program.

ii.      Phase 2 (Initial Report and Recommendation): Within 60 days after the completion of Phase 1, the Consultant shall submit its initial report and recommendation for the design of the Program ("Initial Report and Recommendation") to the Parties.

iii.      Phase 3 (Schwab's Response): Within 30 days after the date of Initial Report and Recommendation, (a) the Parties shall meet and address any recommendations that Schwab considers unduly burdensome, impractical, or inappropriate, (b) Schwab may propose in writing an alternative policy, procedure, or disclosure designed to achieve the same objective or purpose, and (c) Plaintiffs may propose any recommendations Plaintiffs believe fail to address competitive failures in Schwab's payment for order flow practices.  The Parties shall confer on a joint written response ("Parties' Response") to the Consultant, which shall be provided to the Consultant within 60 days after the date of Initial Report and Recommendation.  The Consultant shall consider the Parties' Response.  Within 30 days after receiving the Parties' Response, the Consultant shall issue to the Parties a final report that contains recommendations regarding the Program ("Final Report").

iv.      Schwab and Plaintiffs may agree to reasonable extensions of any of these deadlines in consultation with the Consultant.

(e)    **Implementation and Periodic Reporting**.  Schwab shall adopt and begin to implement all recommendations in the Final Report within 60 days of its issuance.  Schwab reserves the right to address areas in addition to those in the Final Report, so long as doing so does not undermine the goals of the Program.  Once implementation of the Program is complete, Schwab shall provide Plaintiffs written certification that it has implemented and is complying with the recommendations in the Final Report.  Schwab will provide the same written certification to Plaintiffs on a yearly basis for four years.  The Court shall retain jurisdiction to enforce the terms of this Stipulation.  Schwab may make modifications to the Program as necessary to comply with changes in the law.  Schwab may also make minor changes to the Program that are consistent with the material terms of the Final Report and such other changes as are requested and approved by the Consultant.  Four years after Schwab certifies that it has completed implementation and is complying with the recommendations in the Final Report, Schwab will be released from all obligations under the terms of this Stipulation.

3.    **SCOPE AND EFFECT OF RELEASES**

3.1    The obligations incurred pursuant to this Stipulation shall be in full and final disposition of: (a)  the claim asserted in the Action; (b) any and all Plaintiffs' Released Claims as against the Released Defendant Persons; (c) any and all Settlement Class Released Claims against Released Defendant Persons; and (d) any and all Released Defendant's Claims as against the Released Plaintiff Persons and Released Settlement Class Persons, as more fully set forth herein.

3.2    Upon the Effective Date, each Released Plaintiff Person shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, waived, relinquished and discharged, and shall forever be enjoined from prosecuting, all Plaintiffs' Released Claims against each Released Defendant Person.

3.3     Upon the Effective Date, each Released Settlement Class Person shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, waived, relinquished and discharged, and shall forever be enjoined from prosecuting, all Settlement Class Released Claims against each Released Defendant Person.

3.4     Upon the Effective Date, Schwab, and each of the Released Defendant Persons in their capacities as such shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, waived, relinquished and discharged, and shall forever be enjoined from prosecuting, each and every one of the Released Defendant's Claims against each Released Plaintiff Person and Released Settlement Class Person.

3.5     Upon the Effective Date, Schwab and the Plaintiffs shall mutually release and covenant not to sue each other, including their agents, subsidiaries, and lawyers, as to all Plaintiffs' Released Claims, on any claim that was or could have been asserted in the Action, including all claims for damages.

3.6     Upon the Effective Date, Schwab and the Settlement Class Members shall mutually release and covenant not to sue each other, including their agents, subsidiaries, and lawyers, as to all Settlement Class Released Claims, on any claim for non-monetary relief that was or could have been asserted in this Action.

3.7     The releases provided in this Stipulation shall become effective immediately upon the occurrence of the Effective Date without the need for any further action, notice, condition, or event.

## 4.     CONFIDENTIALITY

4.1     The Parties must comply with all portions of the Stipulated Protective Order (Dkt. 26), including but not limited to Section 15 of the Stipulated Protective Order, which requires the return or destruction of Confidential Information and Confidential Attorney Eyes Only

Information (as defined in the Protective Order) within sixty (60) days of the final disposition of the Action.

4.2     This Stipulation and its terms, including the fact of the proposed Settlement, shall remain completely confidential until all documents are executed and the Preliminary Approval Order is filed with the Court.  Pending the filing of that Order, Schwab's Counsel and Co-Lead Counsel may disclose the Stipulation and its terms to their respective clients and experts as necessary for the implementation of this Stipulation, who will also maintain the complete confidentiality of this Stipulation and its terms, including the fact of the proposed Settlement, until all documents are executed and the Preliminary Approval Order is filed with the Court.  After entry of the Preliminary Approval Order, the Stipulation and briefing in support of the Settlement will be made publicly available to Settlement Class Members.

4.3     The existence of the Consultant will be set forth publicly in the Stipulation filed with the Court.  Except as agreed by Schwab, or as required by the Court, all work performed by the Consultant, and all reports generated by the Consultant are and will be confidential and protected by a non-disclosure agreement consistent with the Stipulated Protected Order.

**5.     DEFENDANT'S DENIAL OF LIABILITY**

5.1     Schwab denies all of the material allegations in the Action.  Schwab enters into this Stipulation without in any way acknowledging any fault, liability, or wrongdoing of any kind. Schwab disputes that Plaintiffs' claim has merit and that Plaintiffs and the class they allege they represent are entitled to any relief.  Schwab nonetheless has concluded that it is in its best interests to resolve the Action on the terms and conditions set forth herein in light of the expense that would be necessary to defend the Action, the benefits of disposing of protracted and complex litigation, and the desire of Schwab to conduct its business unhampered by the distractions of continued litigation.

5.2    Schwab enters into this Stipulation without acknowledging the validity of any proposed litigation class that Plaintiffs have sought or may seek to certify in this Action, except exclusively for the Settlement Class to be established for the limited purpose of effectuating this Stipulation.

5.3    This Stipulation, the fact of settlement, the settlement proceedings, the settlement negotiations, and any related documents, shall not be used or construed as an admission of any factual allegation, fault, liability, or wrongdoing by any Person, and shall in no event be offered or received in evidence as an admission, concession, presumption, or inference against the Parties in any action or proceeding of any nature, or otherwise referred to or used in any manner in or before any court or other tribunal, except in such proceeding as may be necessary to enforce this Stipulation.

5.4.    Schwab preserves all arguments, defenses, and responses to the claim alleged in the Action, including any arguments, defenses, and responses to any litigation class proposed by Plaintiffs in the event this Settlement does not obtain final approval.

5.5    To the extent permitted by law, this Stipulation may be pleaded as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit, or other proceeding which may be instituted, prosecuted, or attempted for claims, causes of action, and/or theories of relief covered by the covenants not to sue and/or the releases in this Stipulation.

6.    **ISSUANCE OF NOTICE**

6.1    The Notice Administrator shall (a) administer the issuance of notice to the Settlement Class in accordance with the terms of this Stipulation, the Preliminary Approval Order, and any other orders of the Court, and (b) otherwise provide such administration services as are customary in settlements of this type, subject to such supervision of Co-Lead Counsel and (as

appropriate or as circumstances may require) the Court. The Notice Administrator shall be retained subject to the condition that it agrees to be subject to the jurisdiction of the Court.

6.2    Schwab shall make good-faith efforts to provide the Notice Administrator with the names, physical mailing address of record, and, where available, email address, for each potential Settlement Class Member. The names, physical mailing addresses, and email addresses of potential Settlement Class Members are personal information that shall be provided to the Notice Administrator confidentially and solely for the purposes of providing notice. The Notice Administrator shall execute the Stipulated Protective Order, treat all such information as Confidential Attorney Eyes Only Information (as defined in the Protective Order), and take all reasonable steps to ensure that all such information is used solely for the purpose of administering notice of this Settlement.

6.3    When reasonably feasible, the Notice Administrator will send a copy of the Summary Notice to the email address of each potential Settlement Class Member who can be identified with reasonable effort. For any Settlement Class Member whose email address is not reasonably available to the Notice Administrator, or from whose email address a delivery-failure notice is sent in response to attempted electronic delivery of the Summary Notice, the Notice Administrator shall endeavor to send a paper copy of the Summary Notice to that Settlement Class Member's physical mailing address of record by First Class mail.

6.4    The Notice Administrator shall publish and make available for download the Notice on a website that the Notice Administrator shall establish and maintain to inform the Settlement Class Members of the terms of the Settlement, their rights, dates, deadlines, and related information ("Settlement Website"). The Settlement Website shall include without limitation this Stipulation, the Notice, the motion for preliminary settlement approval and supporting papers, the

16

Fee and Expense Application and supporting papers, the Preliminary Approval Order, and other Court orders pertaining to the Settlement.  A direct link to the Settlement Website shall be included in the Summary Notice.

6.5     The Notice Administrator shall endeavor to cause the Summary Notice to be disseminated by email or paper mail in accordance with ¶6.3 by the twenty-first (21st) calendar day after entry of the Preliminary Approval Order.  If, despite using best efforts, the Notice Administrator is unable to disseminate the Summary Notice by the twenty-first (21st) calendar day after entry of the Preliminary Approval Order, the Notice Administrator shall inform the Parties of the status of the notice and shall notify the Parties when the Summary Notice has been disseminated.

6.6     With the exception of notice required by the Court, any additional notice to the Settlement Class Members must be jointly approved by the Parties.

6.7     Notice Costs shall be paid by Schwab.  In no event shall Plaintiffs, Settlement Class Members, or Co-Lead Counsel be responsible to pay any amount for Notice Costs.

6.8     No later than ten (10) calendar days following the filing of this Stipulation with the Court, Schwab shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715 *et seq*. ("CAFA").  Schwab shall be solely responsible for the costs of the CAFA notice and administering the CAFA notice.  The Parties agree that any delay by Schwab in timely serving the CAFA notice will not provide grounds for delay of the Fairness Hearing or entry of the Judgment.

6.9     Plaintiffs and Schwab agree that the proposed Notice and Summary Notice to the Settlement Class will be in the form of Exhibit C and Exhibit D, respectively, which shall be subject to Court approval.  Plaintiffs and Schwab further agree that they will use language

consistent with that specified for each of them in Exhibit E in any other public statement about the resolution of this matter, except as otherwise required in Schwab's corporate disclosures, as required to be consistent with subsequent orders of the Court, or as required in any trial or appellate court filings relating to the Settlement of the Action. Plaintiffs and Schwab also shall confer upon the contents of the motions for settlement approval.

## 7.    THE FEE AND EXPENSE APPLICATION

7.1    Co-Lead Counsel will submit an application to the Court (the "Fee and Expense Application") for an award of Attorney's Fees and Expenses, including for (a) reasonable attorney's fees and (b) payment of litigation costs and expenses reasonably incurred in connection with the investigation, filing, prosecution, and settlement of the Action. The Parties will mediate the amount of the Attorney's Fees and Expenses before the Court appointed mediator. The maximum amount of Attorney's Fees and Expenses sought will be disclosed in the Notice. Any award of Attorney's Fees and Expenses will be paid by Schwab.

7.2    Any Attorney's Fees and Expenses awarded by the Court shall be payable by Schwab within fifteen (15) business days of an order awarding such amounts, notwithstanding the existence of any timely filed objections thereto, or potential for appeal or collateral attack on the Settlement or any part thereof. However, if and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, any Attorney's Fees and Expenses award is overturned or reduced, if the Settlement is terminated, or if there is an appeal and any order approving the Settlement does not become final and binding upon the Settlement Class, then, within fifteen (15) business days after receiving notice from Schwab's Counsel of such an order from a court of appropriate jurisdiction, each Co-Lead Counsel law firm that has received any fees or expenses shall refund to Schwab such funds previously paid to it. Each law firm that serves as Co-Lead Counsel, as a condition of receiving a portion of the Attorney's Fees and Expenses award,

on behalf of itself and each partner, shareholder, or member of it, agrees that the law firm and its partners, shareholders, and/or members are subject to the jurisdiction of the Court for purposes of enforcing the provisions of this paragraph.

7.3     The Released Defendant Persons and Schwab's Counsel shall have no responsibility for or liability with respect to any allocation of an award of Attorney's Fees and Expenses from Schwab.

7.4     It is agreed that the procedure for and the allowance or disallowance by the Court of any Fee and Expense Application shall be considered by the Court separate and apart from its consideration of the fairness, reasonableness, and adequacy of the Settlement, and any order or proceeding relating to the Fee and Expense Application, and any appeal of any order relating thereto or reversal or modification thereof, shall not operate to, or be grounds to, terminate, modify, or cancel this Stipulation or affect or delay its finality, and shall have no effect on the terms of this Stipulation or on the validity or enforceability of the terms of this Stipulation.  The approval, finality and effectiveness of this Stipulation of Settlement shall not be contingent on an award of Attorney's Fees and Expenses, or on any Service Awards to Plaintiffs.

## 8.     THE SERVICE AWARD APPLICATION

8.1     Co-Lead Counsel will submit an application to the Court ("The Service Award Application") for a Service Award of not more than $5,000 per Plaintiff for service undertaken on behalf of the Settlement Class in connection with the litigation of this Action.  Any Service Award approved and ordered by the Court shall be made payable by Schwab to the Plaintiffs within fifteen (15) business days of the Effective Date.

## 9.     THE PRELIMINARY APPROVAL ORDER

9.1     The Parties agree to recommend approval of this Stipulation to the Court as fair and reasonable and to undertake their reasonable best efforts to obtain such approval.  "Reasonable

best efforts" includes that the Parties may not oppose any application for appellate review by one of the Parties in the event the Court denies preliminary or final approval. The Parties therefore agree that, within one month of the execution of this Stipulation (or later should the Parties mutually agree), the Co-Lead Counsel shall submit this Stipulation together with its exhibits to the Court, and Co-Lead Counsel shall apply for entry of a Preliminary Approval Order in connection with the settlement proceedings substantially in the form annexed hereto as Exhibit A.

9.2    The Preliminary Approval Order shall provide for, among other things: (a) preliminary approval of the Settlement as set forth in this Stipulation; (b) the setting of deadlines for the distribution of the Notice and the Summary Notice; (c) the setting of deadlines for Settlement Class Members to submit objections to the proposed Settlement and/or the Fee and Expense Application; (d) the setting of the time, date and location for Fairness Hearing; (e) approval of Co-Lead Counsel's recommended Notice Administrator; and (f) approval of the form and content of the Notice and the Summary Notice. Before submission, Schwab shall have a reasonable opportunity to review and comment on the motion for preliminary approval, and Plaintiffs shall reasonably consider Schwab's comments. Schwab agrees solely for the purposes of settlement that it will consent to, and shall not oppose, entry of the Preliminary Approval Order.

9.3    Any Settlement Class Member who wishes to object to the fairness, reasonableness, or adequacy of this Settlement or to any aspect of the Fee and Expense Application, including the Service Award Application, must do so in the manner specified and within the deadlines specified in the Preliminary Approval Order and Notice.

## 10.    SETTLEMENT CLASS CERTIFICATION

10.1    Solely for purposes of this Settlement, the Parties stipulate and agree that the Settlement Class should be certified pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure; that Plaintiffs should be appointed as representatives of the Settlement Class; and

that Co-Lead Counsel should be appointed as class counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure. If, for any reason, this Stipulation is not approved by the Court the certification and all the agreements contained herein shall be considered null and void, with the exception that the fact and terms of the Stipulation shall not be deemed or construed to be an admission by any Party or evidence of any kind in this Action.

10.2    The Parties' agreement as to certification of the Settlement Class is only for purposes of effectuating this Settlement, and for no other purpose. If for any reason the Effective Date does not occur, if the Settlement set forth in this Stipulation does not receive the Court's final approval, if the Court's approval is reversed or vacated on appeal, if the Stipulation is terminated as provided herein, or if the Settlement set forth in this Stipulation is not consummated for any reason, the order certifying the Settlement Class for purposes of effectuating the Settlement (and all preliminary and final findings regarding the class certification order) shall be automatically vacated upon notice of the same Court. This Action shall then proceed as though the Settlement Class had never been certified pursuant to this Stipulation and such findings had never been made, and the Action shall be returned to its procedural posture as determined by the Court, with Schwab retaining all of its objections, arguments, and defenses, and all rights to contest class certification. If this Stipulation is not consummated, then neither this Stipulation nor any other Settlement-related statement may be cited in support of an argument for certifying a class related to this proceeding.

## 11.    THE JUDGMENT

11.1    Following the issuance of notice, Plaintiffs shall file with the Court a motion for final approval of the Settlement and entry of a Judgment substantially in the form of Exhibit B hereto. Before submission, Schwab shall have a reasonable opportunity to review and comment on the motion for final approval, and Plaintiffs shall reasonably consider Schwab's comments.

Should Plaintiffs so request, and solely for the purposes of settlement, Schwab shall join in requesting final approval of the Settlement and entry of a Judgment substantially in the form of Exhibit B hereto.

**12.    EFFECTIVE DATE OF SETTLEMENT; TERMINATION**

12.1    The Effective Date shall be the first business day after the date on which all of the following events or conditions have been met or occurred:

(a)    the Court has entered the Preliminary Approval Order, Exhibit A to this Stipulation, in all material respects;

(b)    Schwab has not validly exercised its right (if applicable) to terminate the Settlement pursuant to ¶12.3, and its right (if applicable) to do so has expired in accordance with the terms of the Stipulation;

(c)    Plaintiffs have not validly exercised their right (if applicable) to terminate the Settlement pursuant to ¶¶12.3-12.4, and their option (if applicable) to do so has expired in accordance with the terms of the Stipulation; and

(d)    the Court has entered the Judgment, following issuance of Notice to the Settlement Class, that approves the Settlement, and such Judgment has become Final.

12.2    Upon the occurrence of all of the events referenced in ¶12.1, Plaintiffs and Released Settlement Class Persons shall have by operation of the Order and Final Judgment, fully, finally, and forever released, waived, settled, and discharged, the Released Defendant Persons from and with respect to the Plaintiffs' Released Claims and the Settlement Class Released Claims.

12.3    Schwab, or Plaintiffs, through their respective counsel, shall each, in their respective discretions have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so to all other counsel for the Parties within thirty (30) calendar days of:

22

(a)    the Court's Final refusal to enter the Preliminary Approval Order in any material respect;

(b)    the Court's Final refusal to approve this Stipulation or any material part of it (except with respect to any decision by the Court concerning the Fee and Expense Application);

(c)    the Court's Final refusal to enter the Judgment in any material respect; or

(d)    the date on which the Judgment is modified or reversed in any material respect by a Court of Appeals or the United States Supreme Court and such modification or reversal has become Final.

12.4    If Schwab (or its successor) does not pay or cause to be paid the account credits to Plaintiffs, Attorney's Fees and Expenses as ordered by the Court, and Service Awards as ordered by the Court, in full within the time periods specified in ¶2.1 of this Stipulation, then Plaintiffs, in their sole discretion, may, at any time prior to the Court entering the Judgment: (a) seek to enforce the terms of the Settlement and this Stipulation and seek entry of a judgment and/or order to effectuate and enforce the terms of this Stipulation; and/or (b) pursue such other rights as Plaintiffs and the Settlement Class may have arising out of the failure to timely pay the account credit to Plaintiffs or Attorney's Fees and Expenses as ordered by the Court and Service Awards as ordered by the Court.

12.5    Except as otherwise provided herein, in the event that the Settlement is terminated in accordance with its terms, the Judgment is vacated, or the Effective Date fails to occur, then (a) the Parties shall be deemed to have reverted to their respective statuses and positions in the Action as determined by the Court, and the fact and terms of the Stipulation shall not be deemed or construed to be an admission by any Party or evidence of any kind in this Action and, except as otherwise expressly provided, the Parties shall proceed in all respects as if this Stipulation and any

related orders had not been entered.  Any actual and incurred Notice Costs shall not be repaid to
Schwab.

## 13.    MISCELLANEOUS PROVISIONS

13.1    The Parties acknowledge that it is their intent to consummate the Settlement
contemplated by this Stipulation.

13.2    The Parties shall use their reasonable best efforts and take all necessary steps to
consummate the Settlement contemplated herein, and the Parties and their respective counsel agree
to cooperate reasonably with one another in seeking judicial approval of the Preliminary Approval
Order, the Stipulation and the Settlement, and the entry of the Judgment, and to promptly agree
upon and execute all such other documentation as may be reasonably required to obtain final
judicial approval of the Settlement and to effectuate and implement all terms and conditions of this
Stipulation.

13.3    The administration and consummation of the Settlement as embodied in this
Stipulation shall be under the authority of the Court, and the Court shall also retain jurisdiction for
purposes of, inter alia, entering orders relating to the Fee and Expense Application, the Service
Award Application, and the enforcement of the terms of this Stipulation.

13.4    The Parties agree that all of the terms of this Stipulation were negotiated at arm's-
length by experienced and competent legal counsel and in good faith by the Parties with the
assistance of an experienced court-appointed neutral, the Honorable Nancy F. Atlas (Ret.), who
has, as required by order of the Court and the Court Annexed Mediation Plan, filed a mediation
report.

13.5    By executing this Stipulation, each of the Parties represents that they have the right,
legal capacity, power and authority to enter into this Stipulation and to perform their obligations

hereunder, without requiring additional consent, approval, or authorization of any other person, board, entity, tribunal, or other regulatory or governmental authority.

13.6    Each Party agrees that no representations, warranties, inducements, covenants, or promises of any kind or character have been made by any other Party, Released Plaintiff Person, Released Defendant Person, or anyone else to induce the execution of this Stipulation except as expressly provided in this Stipulation, and that this Stipulation and its exhibits, together with the Supplemental Agreement constitutes the entire agreement between the Parties.

13.7    Each Party represents and warrants that they have had the opportunity to be represented by counsel of their choice throughout the negotiations, which preceded the execution of this Stipulation, and in connection with the preparation and execution of this Stipulation, and that they have been afforded sufficient time and opportunity to review this Stipulation with counsel of their choice.

13.8    All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth in this Stipulation.

13.9    No amendment or modification of this Stipulation shall be effective unless in writing and signed by, or on behalf of, all of the Parties and approved by the Court.

13.10    Whenever this Stipulation requires or contemplates that a Defendant shall or may give notice to Plaintiffs (or Co-Lead Counsel), or that Plaintiff shall or may give notice to Schwab (or Schwab's Counsel), unless otherwise specified such notice shall be provided by email and next business day express delivery service, as set forth below, to the below-listed counsel:

If to Plaintiff or Co-Lead Counsel:

Yavar Bathaee
Andrew Wolinsky
**BATHAEE DUNNE LLP**
445 Park Avenue, 9th Floor
New York, NY 10022

25

Tel: (332) 322-8835
yavar@bathaeedunne.com
awolinsky@bathaeedunne.com

Brian J. Dunne
Edward M. Grauman
**BATHAEE DUNNE LLP**
901 South MoPac Expressway
Barton Oaks Plaza I, Suite 300
Austin, TX 78746
Tel: (213) 462-2772
bdunne@bathaeedunne.com
egrauman@bathaeedunne.com

Christopher M. Burke
Walter W. Noss
Yifan (Kate) Lv
**KOREIN TILLERY P.C.**
401 West A Street, Suite 1430
San Diego, CA 92101
Tel: (619) 625-5620
cburke@koreintillery.com
wnoss@koreintillery.com
klv@koreintillery.com

Chad Bell
**KOREIN TILLERY LLC**
205 N. Michigan Ave., Suite 1950
Chicago, IL 60601
Tel: (312) 641-9750
cbell@koreintillery.com

If to Schwab or Schwab's Counsel:

Daniel G. Swanson
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel: (213) 229-7430
dswanson@gibsondunn.com

Jason J. Mendro
Cynthia Richman
**GIBSON, DUNN & CRUTCHER LLP**
1700 M Street, N.W.
Washington, D.C. 20036-5306
Tel: (202) 955-8500
jmendro@gibsondunn.com
crichman@gibsondunn.com

Veronica S. Moyé
**KING & SPALDING LLP**
2601 Olive Street, Suite 2300
Dallas, TX 75201
Tel: 713-276-7398
vmoye@kslaw.com

13.11   Co-Lead Counsel, on behalf of the Settlement Class, is expressly authorized to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to this Stipulation to effectuate its terms, and to enter into any written modifications or amendments to this Stipulation on behalf of the Settlement Class.

13.12   This Stipulation shall be binding upon, and inure to the benefit of, the successors, assigns, executors, administrators, heirs, and representatives of the Parties.  No assignment shall relieve any Party hereto of any obligations hereunder.

13.13   This Stipulation and all exhibits hereto shall be governed by, construed, performed, and enforced in accordance with the laws of the State of Texas without regard to its rules of conflicts of law, except to the extent that federal law requires that federal law governs.

13.14   Plaintiffs, on behalf of themselves and each Settlement Class Member, hereby irrevocably submit to the jurisdiction of the Court for any suit, action, proceeding, or dispute arising out of or relating to this Stipulation, the applicability of this Stipulation, or the enforcement of the terms of this Stipulation.

13.15   The Parties acknowledge that each Party has participated jointly and equally in the negotiation and preparation of this Stipulation.  In the event an ambiguity or question of intent or interpretation arises, such ambiguity or question shall not be construed against any Party, and no presumption or burden of proof shall arise from favoring or disfavoring any Party solely by virtue of the authorship of any of the provisions of this Stipulation, and instead this Stipulation shall be construed as if each Party participated equally in the drafting of all such provisions.

27

13.16    The Parties agree not to assert in any forum that the Action was brought or litigated by Plaintiffs (or any other Settlement Class Member or their counsel, including Co-Lead Counsel), or defended by any Defendant (or any Person previously named as a defendant in this matter or their counsel), in bad faith or without a reasonable basis, and further agree not to assert in any forum that any Party or their counsel violated any provision of Rule 11 of the Federal Rules of Civil Procedure, or any other similar statute, rule, or law, relating to the commencement, prosecution, maintenance, defense, litigation or settlement of the Action.

13.17    The headings in this Stipulation are used for purposes of convenience and ease of reference only and are not meant to have legal effect.

13.18    The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver by any other Party of such breach, nor shall it be deemed a waiver of any other breach of this Stipulation, including any prior or subsequent breach of this Stipulation.  The provisions of this Stipulation may not be waived except by a writing signed by the affected Party or counsel for that Party.  No failure or delay on the part of any Party in exercising any right, remedy, power, or privilege under this Stipulation shall operate as a waiver thereof or of any other right, remedy, power, or privilege of such Party under this Stipulation; nor shall any single or partial exercise of any right, remedy, power, or privilege under this Stipulation on the part of any Party operate as a waiver thereof or of any other right, remedy, power, or privilege of such Party under this Stipulation, or preclude further exercise thereof or the exercise of any other right, remedy, power, or privilege.

13.19    All counsel and any other Person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have full authority to do so on behalf of their respective clients, and that they similarly have the authority to take all

28

appropriate actions required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

13.20    This Stipulation may be executed in one or more original, photocopied, PDF copies or facsimile counterparts, and facsimile or scanned signatures shall have the same force and effect as original signatures, and the exchange of fully executed copies of this Stipulation may similarly be effectuated by emailed PDF to the email addresses shown below for the Parties' respective counsel.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A copy of the complete set of executed counterparts of this Stipulation shall be electronically filed with the Court.

13.21    This Stipulation is executed voluntarily by each of the Parties without any duress or undue influence on the part, or on behalf, of any of them.  The Parties represent and warrant to each other that they have read and fully understand the provisions of this Stipulation and have relied on the advice and representation of legal counsel of their own choosing.

IN WITNESS WHEREOF, the Parties, intending to be legally bound by this Stipulation, have caused this Stipulation to be executed, by their duly authorized attorneys, as of December 12, 2024.

On behalf of Plaintiffs:

_____
Yavar Bathaee
Andrew Wolinsky
**BATHAEE DUNNE LLP**
445 Park Avenue, 9th Floor
New York, NY 10022
Tel: (332) 322-8835
yavar@bathaeedunne.com
awolinsky@bathaeedunne.com

On behalf of The Charles Schwab Corporation:

_____
Daniel G. Swanson
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel: (213) 229-7430
dswanson@gibsondunn.com

29

Brian J. Dunne
Edward M. Grauman
**BATHAEE DUNNE LLP**
901 South MoPac Expressway
Barton Oaks Plaza I, Suite 300
Austin, TX 78746
Tel: (512) 575-8848
bdunne@bathaeedunne.com
egrauman@bathaeedunne.com

Christopher M. Burke
Walter W. Noss
Yifan (Kate) Lv
**KOREIN TILLERY P.C.**
401 West A Street, Suite 1430
San Diego, CA 92101
Tel: (619) 625-5620
cburke@koreintillery.com
wnoss@koreintillery.com
klv@koreintillery.com

Chad Bell
**KOREIN TILLERY LLC**
205 N. Michigan Ave., Suite 1950
Chicago, IL 60601
Tel: (312) 641-9750
cbell@koreintillery.com

Jason J. Mendro
Cynthia Richman
**GIBSON, DUNN & CRUTCHER LLP**
1700 M Street, N.W.
Washington, D.C. 20036-5306
Tel: (202) 955-8500
jmendro@gibsondunn.com
crichman@gibsondunn.com

Veronica S. Moyé
**KING & SPALDING LLP**
2601 Olive Street, Suite 2300
Dallas, TX 75201
Tel: 713-276-7398
vmoye@kslaw.com

EXHIBIT A

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| JONATHAN CORRENTE, *et al.*, | Civil Action No. 4:22-CV-470-ALM |
| Plaintiffs, | Hon. Amos L. Mazzant, III |
| v. | |
| THE CHARLES SCHWAB CORPORATION, | |
| Defendant. | |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND FOR <u>ISSUANCE OF NOTICE TO THE SETTLEMENT CLASS</u>**

**EXHIBIT A**

WHEREAS, (a) Plaintiffs Jonathan Corrente, Charles Shaw, and Leo Williams ("Plaintiffs") in the above-captioned class action (the "Action"), on behalf of themselves and the Settlement Class (as defined below) and (b) Defendant The Charles Schwab Corporation ("Defendant"), have entered into the Stipulation and Agreement of Settlement, dated as of December 12, 2024 (the "Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits annexed thereto, sets forth the terms and conditions for the resolution, discharge, release, settlement, and dismissal of the Action and all claims set forth therein upon and subject to the terms and conditions hereof;

WHEREAS, Plaintiffs have applied for an order pursuant to Rule 23(e) of the Federal Rules of Civil Procedure granting preliminary approval of the Settlement and directing notice to the Settlement Class;

WHEREAS, Plaintiffs have sought, and the Defendant has agreed not to object to, the certification of the Settlement Class (as defined below) solely for settlement purposes;

WHEREAS, this Court has read and considered the Stipulation, and other documents submitted in connection with Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and for Issuance of Notice to the Settlement Class, and found that substantial and sufficient grounds exist for entering this Order, and the Parties having consented to the entry of this Order;

WHEREAS, unless otherwise defined herein, all capitalized terms contained in this Order shall have the same meanings as they have in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1

**EXHIBIT A**

### I.     Preliminary Approval of the Settlement

1.     The Court preliminarily finds that: (a) the Stipulation resulted from good-faith, arm's-length negotiations during which the Parties were represented by competent and experienced counsel; and (b) the terms of the proposed Stipulation are fair, reasonable, and adequate, and fall within the range of possible approval.

2.     Accordingly, the Court preliminarily approves the Settlement pursuant to Fed. R. Civ. P. 23(e)(2) subject to further consideration at the Fairness Hearing described below.

### II.     Certification of the Settlement Class

3.     Pursuant to Fed. R. Civ. P. 23(a) and (b)(2) and for the purposes of this Settlement only, the Action is hereby preliminarily certified as a class action on behalf of a class (the "Settlement Class") consisting of persons, entities, and corporations who are current U.S. brokerage customers of Schwab or any of its affiliates, including customers who previously held accounts at TD Ameritrade.  Excluded from the Settlement Class are: (a) the Defendant; (b) its employees, officers, directors, legal representatives, heirs, successors, and wholly or partly owned subsidiaries or affiliates; and (c) the judicial officers and their immediate family members and associated court staff assigned to this case.

4.     This Court finds, preliminarily and for purposes of this Settlement only, that the prerequisites for class certification under Fed. R. Civ. P. 23(a) have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members of the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiffs and Co-Lead Counsel have and will continue to fairly and adequately protect the interests of the Settlement Class.  In addition, the Court finds, preliminarily and for

EXHIBIT A

purposes of this Settlement only, that this Action satisfies the requirements for class certification under Fed. R. Civ. P. 23(b)(2) and that final injunctive relief is appropriate respecting the class as a whole.

### III.   Class Counsel and Class Representatives

5.      Pursuant to Fed. R. Civ. P. 23(c)(1) and 23(g), preliminarily and for purposes of this Settlement only, the following counsel are appointed as class counsel for the Settlement Class ("Co-Lead Counsel"):

| | |
|---|---|
| Yavar Bathaee | Christopher M. Burke |
| **BATHAEE DUNNE LLP** | **KOREIN TILLERY P.C.** |
| 445 Park Avenue, 9th Floor | 401 West A Street, Suite 1430 |
| New York, NY 10022 | San Diego, CA 92101 |
| Tel: (332) 322-8835 | Tel: (619) 625-5620 |
| yavar@bathaeedunne.com | cburke@koreintillery.com |

6.      Co-Lead Counsel have the authority to act on behalf of the Settlement Class as to all acts or consents that are required by or may be given pursuant to the Stipulation, or that are reasonably necessary to consummate the Settlement.

7.      Plaintiffs are designated as class representatives on behalf of the Settlement Class. Plaintiffs appear to have no conflict of interest with the Settlement Class and allege that they suffered the same injury as all Settlement Class Members.

### IV.   Class Notice and Fairness Hearing

8.      Based upon the information before the Court, there is a sufficient basis for notifying the Settlement Class and for scheduling a Fairness Hearing to be held following the issuance of such notice pursuant to Rule 23(e).

9.      The Court therefore directs the issuance of notice of the Settlement to the Settlement Class Members and the scheduling of a Fairness Hearing, as set forth below.

**EXHIBIT A**

10.     The Court hereby schedules the Fairness Hearing, to be held before the Court, on _____ 2025 at __:___ _.m. for the following purposes:

a.      to determine finally whether the requirements for class action treatment under Fed. R. Civ. P. 23 are satisfied;

b.      to determine finally whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

c.      to determine whether the Judgment as provided under the Stipulation should be entered, dismissing the Action on the merits and with prejudice and releasing the Plaintiffs' Released Claims against the Released Defendant Persons, the Settlement Class Released Claims against the Released Defendant Persons, and the Released Defendant's Claims against the Released Plaintiff Persons and the Released Settlement Class Persons;

d.      to consider Co-Lead Counsel's Fee and Expense Application for an award of attorney's fees and expenses (including any Service Awards);

e.      to consider any valid objections submitted to the Court as further provided for herein and in the accompanying Notice; and

f.      to rule upon such other matters as the Court may deem appropriate.

11.     The Court also reserves the right to adjourn the Fairness Hearing to a later date or time without further notice to the Settlement Class Members other than entry of an order on the Court's docket (provided that the time or the date of the Fairness Hearing shall not be set at a time or date earlier than the time and date set forth in ¶10 above).  In such event, however, Co-Lead Counsel are directed to instruct the Notice Administrator (as defined below) to post notice of any such adjournment on a website to be established by the Notice Administrator in this matter for the

**EXHIBIT A**

purposes of facilitating the dissemination of notice and other information about this Action (the "Settlement Website").

12.     Following the Fairness Hearing, the Court reserves the right to approve the Settlement without modification, or with such modifications as the Parties may agree, without further notice, and to enter its Judgment approving the Settlement and dismissing the Action on the merits and with prejudice, regardless of whether it has awarded attorney's fees and expenses.

13.     The Court approves the form and substance of the Notice and the Summary Notice as sufficient to inform the Settlement Class Members of the terms of the Settlement, their rights under the Settlement, their rights to object to the Settlement, and the date and location of the Fairness Hearing.

14.     For purposes of this Settlement only, Ankura Consulting Group, LLC is appointed as the Notice Administrator to supervise and administer the notice procedure pursuant to the terms set forth in the Stipulation and substantially in the form approved herein.

15.     The Notice Administrator shall endeavor to cause the Summary Notice to be disseminated via either email or paper mail by the twenty-first (21st) calendar day after entry of this Order, to all Settlement Class Members who can be identified with reasonable effort.  In accordance with ¶6.2 of the Stipulation, to the extent it has not already done so, Schwab shall provide (at its expense) to the Notice Administrator contact information for Settlement Class Members for the purpose of assisting the Notice Administrator in identifying and giving notice to the Settlement Class.

16.     Co-Lead Counsel, through the Notice Administrator, shall cause the Stipulation and its exhibits, this Order, and a copy of the Notice to be posted on the Settlement Website to be

## EXHIBIT A

established by the Notice Administrator for the Settlement within fourteen (14) calendar days after entry of this Order.

17.    Co-Lead Counsel shall, at least fourteen (14) calendar days before the Fairness Hearing, file with the Court proof of the dissemination of the Summary Notice and public posting of the Notice as required by this Order.

18.    As provided in the Stipulation, pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1715 *et seq*. ("CAFA"), Schwab, at its own cost, shall serve proper notice of the proposed Settlement upon those who are entitled to such notice pursuant to CAFA.

19.    Schwab shall, at least fourteen (14) calendar days before the Fairness Hearing, file with the Court proof, by affidavit or declaration, regarding its compliance with CAFA § 1715(b).

20.    The Court finds that the forms and methods set forth herein of notifying the Settlement Class Members of the Settlement and its terms and conditions meet the requirements of due process, Fed. R. Civ. P. 23, and all other applicable laws and rules, and constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto, and are reasonably calculated under the circumstances to describe the terms and effect of the Settlement and to apprise Settlement Class Members of their right to object to the proposed Settlement.  No Settlement Class Member will be relieved from the terms and conditions of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

21.    All reasonable fees and expenses incurred in identifying and notifying Settlement Class Members, and in administering the Settlement, shall be paid as set forth in the Stipulation. In the event the Settlement is not finally approved by the Court, or otherwise fails to become effective, neither Plaintiffs, nor Settlement Class Members, nor Co-Lead Counsel shall have any

**EXHIBIT A**

obligation to repay any amounts actually and properly disbursed by Schwab, except as provided in the Stipulation.

22.    The Court will consider objections to the Settlement and the Fee and Expense Application, provided, however, that, absent further order of the Court, no Settlement Class Member or other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the Fee and Expense Application or, if approved, the Judgment, or any other order relating thereto, unless that Person has filed the objection with the Court at least thirty (30) calendar days prior to the Fairness Hearing.  To be valid, a Settlement Class Member's objection must substantially comply with the following requirements, namely, it must set forth the Settlement Class Member's: (1) name, address, and telephone number; (2) proof of membership in the Settlement Class; (3) all grounds for the objection; (4) the name, address, and telephone number of the Settlement Class Member's counsel, if any; and (5) a list of other cases in which the objector or counsel for the objector has appeared either as an objector or counsel for an objector in the last five years.  The objection must also state whether it applies only to the objector, to a specific subset of the class, or to the entire class, and state with specificity the grounds for the objection.  The objection must be signed by the objector, even if the objection is filed by counsel for the objector.  Attendance at the Fairness Hearing is not necessary, but Persons wishing to be heard orally in opposition to approval of the Stipulation and/or the Fee and Expense Application must state in their written objection that they intend to appear at the Fairness Hearing, and must identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Fairness Hearing, provided, however, that the Court may excuse such requirements upon a showing of good cause.  Settlement Class Members need not appear at the Fairness Hearing or take any other action to show their approval.

**EXHIBIT A**

23.    Unless otherwise ordered by the Court upon a finding of good cause shown, any Settlement Class Member who does not object in the manner prescribed above shall: be deemed to have waived all such objections; be forever foreclosed from making any objection to the fairness, adequacy, or reasonableness of the Settlement, any Judgment approving the Settlement, and any orders approving the Fee and Expense Application; be bound by all the terms and provisions of the Stipulation and by all proceedings, orders, and judgments in the Action; and be foreclosed from appealing from any judgment or order entered in this Action.

24.    All papers in support of the Settlement and/or the Fee and Expense Application shall be filed and served no later than forty-two (42) calendar days before the Fairness Hearing.

25.    Any submissions filed in response to any objections or in reply or further support of the Settlement and/or the Fee and Expense Application shall be filed no later than fourteen (14) calendar days prior to the Fairness Hearing.

26.    Schwab, Schwab's Counsel, and the other Released Defendant Persons shall have no responsibility for, or liability with respect to, the Fee and Expense Application (including any payments to Plaintiffs) submitted by Co-Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

**V.    Other Provisions**

27.    Pending final determination of whether the Settlement should be approved, Plaintiffs, all Settlement Class Members, and anyone who acts or purports to act on behalf of any or all of them, shall not institute, commence, maintain, or prosecute, and are hereby barred and enjoined from instituting, commencing, maintaining, or prosecuting, any action in any court or tribunal that asserts Released Defendant's Claims against any of the Released Defendant Persons.

**EXHIBIT A**

28.    Neither this Order, nor the Stipulation (including the Settlement contained therein) nor any act performed or document executed pursuant to or in furtherance of the Settlement:

a.    is or may be deemed to be, or may be used as an admission, concession, or evidence of, the validity or invalidity of any Released Claims, the truth or falsity of any fact alleged by any Plaintiff, the sufficiency or deficiency of any defense that has been or could have been asserted in the Action, or of any deception, wrongdoing, liability, negligence, or fault of Defendant, the Released Defendant Persons, or each or any of them, or that any Plaintiff or Settlement Class Member was harmed or damaged by any conduct by the Defendant;

b.    is or may be deemed to be or may be used as an admission of, or evidence of, any fault or misrepresentation or omission with respect to any statement or written document attributed to, approved or made by Defendant or the Released Defendant Persons in any arbitration proceeding or any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal;

c.    is or may be deemed to be or shall be used, offered, or received against the Parties, Defendant, the Released Defendant Persons, the Released Plaintiff Persons, or any of them, as an admission, concession, or evidence of the validity or invalidity of the Released Claims, the infirmity or strength of any claim raised in the Action, the truth or falsity of any fact alleged by Plaintiffs or the Settlement Class, or the availability or lack of availability of meritorious defenses to the claims raised in the Action; and

d.    is or may be deemed to be or shall be construed as or received in evidence as an admission or concession against Defendant, the Released Defendant Persons, the Released Plaintiff Persons, or any of them, that any of Plaintiffs' or Settlement Class

9

**EXHIBIT A**

Members' claims are with or without merit, that a litigation class should or should not be certified, that injunctive or equitable relief obtained in the Action would have been more extensive or not obtained, or that the consideration to be given pursuant to the Stipulation represents an amount equal to, less than or greater than the amount which could have or would have been recovered by Plaintiffs or the Settlement Class Members after trial.

29.     In the event the Settlement is not consummated in accordance with the terms of the Stipulation, then the Stipulation and this Order (including any amendment(s) thereof, and except as expressly provided in the Stipulation or by order of the Court) shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any action or proceeding by any Person against the Parties, the Released Defendant Persons or the Released Plaintiff Persons, and each Plaintiff and Defendant shall be restored to his, her, or its respective litigation positions as determined by the Court.

30.     The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of, or relating to, the Settlement and the Stipulation including but not limited to the enforcement thereof.

**IT IS SO ORDERED.**

**EXHIBIT B**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| JONATHAN CORRENTE, et al., | Civil Action No. 4:22-CV-470-ALM |
| Plaintiffs, | Hon. Amos L. Mazzant, III |
| v. | |
| THE CHARLES SCHWAB CORPORATION, | |
| Defendant. | |

## [PROPOSED] ORDER AND FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT

**EXHIBIT B**

WHEREAS, the Parties, through their counsel, have agreed, subject to judicial approval following issuance of notice to the Settlement Class and a Fairness Hearing, to settle and dismiss with prejudice all claims asserted in this Action upon the terms and conditions set forth in the Parties' Stipulation and Agreement of Settlement dated December 12, 2024 (ECF No. _____) (the "Stipulation");

WHEREAS, on _____, the Court issued its Order Granting Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and for Issuance of Notice to the Settlement Class (the "Preliminary Approval Order") (ECF No. _____);

WHEREAS, it appears in the record that the Summary Notice substantially in the form approved by the Court in its Preliminary Approval Order was transmitted to all reasonably identifiable Settlement Class Members, and the Summary Notice and Notice were posted on the Settlement Website established by the Notice Administrator in this matter, in accordance with Preliminary Approval Order;

WHEREAS, on the _____ day of _____ 2025, following issuance of notice of the Settlement to the Settlement Class, the Court held its Fairness Hearing to determine: (1) whether the terms and conditions of the Stipulation are fair, reasonable and adequate, and should be approved; (2) whether judgment should be entered dismissing, with prejudice, the Action and all claims set forth therein upon and subject to the terms and conditions hereof; (3) whether and in what amount to award Attorney's Fees and Expenses; and (4) whether and in what amount to grant any Service Awards to Plaintiffs; and

WHEREAS, the Court has considered all matters and papers submitted to it at or in connection with the Fairness Hearing and otherwise;

**EXHIBIT B**

WHEREAS, unless otherwise defined herein, all capitalized terms contained in this Order shall have the same meanings as they have in the Stipulation;

NOW, THEREFORE, based upon the Stipulation and all of the findings, records, and proceedings had herein, and it appearing to the Court upon examination, following the duly-noticed Fairness Hearing, that the Settlement is fair, reasonable, and adequate and should be finally approved and that this Order and Final Judgment should be entered;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.      The Court has jurisdiction over the subject matter of the Action, Plaintiffs, all Settlement Class Members, and Defendant The Charles Schwab Corporation ("Defendant").

2.      The Court finds that, solely for purposes of this Settlement, the prerequisites for a class action under Rule 23(a) of the Federal Rules of Civil Procedure have been satisfied in that:

a.      the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable;

b.      there are questions of law and fact common to the Settlement Class;

c.      the claims of the Plaintiffs are typical of the claims of the Settlement Class they seek to represent; and

d.      Plaintiffs and Co-Lead Counsel have and will continue to fairly and adequately represent the interests of the Settlement Class.

3.      The Court further finds that, solely for purposes of this Settlement, the requirements for certification of a class action under Rule 23(b)(2) of the Federal Rules of Civil Procedure have also been satisfied in that the party opposing the class has acted or intends to act on grounds that apply generally to the Settlement Class, so that final injunctive relief is appropriate respecting the Class as a whole.

**EXHIBIT B**

4. Accordingly, the Court certifies this action as a class action, solely for purposes of this Settlement, pursuant to Rules 23(a) and (b)(2) of the Federal Rules of Civil Procedure, on behalf of the Settlement Class.  Excluded from the Settlement Class are: (a) the Defendant; (b) its employees, officers, directors, legal representatives, heirs, successors, and wholly or partly owned subsidiaries or affiliates; and (c) the judicial officers and their immediate family members and associated court staff assigned to this case.

5. Pursuant to Fed. R. Civ. P. 23, solely for the purposes of this Settlement, Plaintiffs are appointed as class representatives of the Settlement Class, and the following counsel are appointed as class counsel for the Settlement Class:

<table>
<tr><td>Yavar Bathaee</td><td>Christopher M. Burke</td></tr>
<tr><td><strong>BATHAEE DUNNE LLP</strong></td><td><strong>KOREIN TILLERY P.C.</strong></td></tr>
<tr><td>445 Park Avenue, 9th Floor</td><td>401 West A Street, Suite 1430</td></tr>
<tr><td>New York, NY 10022</td><td>San Diego, CA 92101</td></tr>
<tr><td>Tel: (332) 322-8835</td><td>Tel: (619) 625-5620</td></tr>
<tr><td>yavar@bathaeedunne.com</td><td>cburke@koreintillery.com</td></tr>
</table>

6. In accordance with the Preliminary Approval Order, the Court finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions and the rights of Settlement Class Members in connection therewith (a) constituted the best notice practicable under the circumstances; (b) constituted due and sufficient notice of these proceedings and the matters set forth herein (including the Settlement) to all persons and entities entitled to such notice; and (c) met the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure.  No Settlement Class Member is or shall be relieved from the terms and conditions of the Settlement, including the releases and covenants provided for in the Stipulation, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.  A full opportunity has been offered to the Settlement Class Members to object to the

**EXHIBIT B**

proposed Settlement (and to participate in the hearing thereon).  The Court further finds that the

notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged.  Thus,

it is determined that all Settlement Class Members are bound by this Order and Final Judgment.

7.     The Court finds that the Settlement is fair, reasonable, and adequate under Rule 23

of the Federal Rules of Civil Procedure, and in the best interests of the Settlement Class.  The

Court further finds that the Settlement is the result of good faith, arm's-length negotiations and

that all Parties have been represented throughout by experienced and competent counsel.

8.     The Court further finds that if the Settlement had not been achieved, the Parties

would have faced the expense, risk, and uncertainty of extended litigation in connection with the

claims asserted against the Defendant.  The Court takes no position on the merits of either

Plaintiffs', the Settlement Class's, or Defendant's liability positions but notes that the existence of

substantial arguments both for and against their respective positions further supports approval of

the Settlement.

9.     Accordingly, the Court gives its final approval to the Stipulation and directs the

Parties to consummate the Settlement in accordance with the terms and provisions of the

Stipulation.

10.    This Action is hereby dismissed on the merits and with prejudice.  All Parties to the

Action shall bear their own costs, except as otherwise provided in the Stipulation.

11.    Each Released Plaintiff Person shall be deemed to have, and by operation of this

Order and Final Judgment shall have, fully, finally, and forever released, waived, relinquished and

discharged, and shall forever be enjoined from prosecuting, all Plaintiffs' Released Claims against

each Released Defendant Person.

**EXHIBIT B**

12.      Each Released Settlement Class Person shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever released, waived, relinquished and discharged, and shall forever be enjoined from prosecuting, all Settlement Class Released Claims against each Released Defendant Person.

13.      Schwab and each of the Released Defendant Persons in their capacities as such shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever released, waived, relinquished and discharged, and shall forever be enjoined from prosecuting, all Released Defendant's Claims against each Released Plaintiff Person and Released Settlement Class Person.

14.      Nothing contained herein shall, however, bar any Party, Released Defendant Person, or Released Plaintiff Person from bringing any action or claim to enforce the terms of the Stipulation or this Order and Final Judgment.

15.      Neither this Order and Final Judgment, the Stipulation, nor any of the terms and provisions of the Stipulation, nor any of the negotiations or proceedings in connection therewith, nor any of the documents or statements referred to herein or therein, nor the Settlement, nor the fact of the Settlement, nor the Settlement proceedings, nor any statement in connection therewith:

      a.      is or may be deemed to be, or may be used as an admission, concession, or evidence of the validity or invalidity of any Released Claim, the truth or falsity of any fact alleged by Plaintiffs, the sufficiency or deficiency of any defense that has been or could have been asserted in the Action, or any wrongdoing, liability, negligence, or fault of Defendant, its Related Persons, or any of them;

      b.      is or may be deemed to be or may be used as an admission of, or evidence of, any fault or misrepresentation or omission with respect to any statement or written

**EXHIBIT B**

document attributed to, approved, or made by Defendant or its Related Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal;

        c.      is or may be deemed to be or shall be used, offered, or received against any Party or any of their Related Persons as an admission, concession, or evidence of the validity or invalidity of any of Plaintiffs' Released Claims, Settlement Class Released Claims, or Released Defendant's Claims, the infirmity or strength of any claim raised in the Action, the truth or falsity of any fact alleged by Plaintiffs or the Settlement Class, or the availability or lack of availability of meritorious defenses to the claims raised in the Action; or

        d.      is or may be deemed to be or shall be construed as or received in evidence as an admission or concession against Defendant, or its Related Persons, or any of them, that any of Plaintiffs' or the Settlement Class Members' claims are with or without merit, that a litigation class should or should not be certified, that injunctive or equitable relief obtained in the Action would have been more extensive or not obtained, or that the consideration to be given pursuant to the Stipulation is equal to, less than, or greater than any consideration which could have or would have been awarded to Plaintiffs or the Settlement Class Members after trial.

16.      Notwithstanding the immediately preceding paragraph, however, the Parties and the other Released Defendant Persons and Released Plaintiff Persons may file the Stipulation and/or this Order and Final Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction or any other theory of

**EXHIBIT B**

claim preclusion or issue preclusion or similar defense or counterclaim. The Parties may also file the Stipulation and/or this Order and Final Judgment in any proceedings that may be necessary to consummate or enforce the Stipulation, the Settlement, or this Order and Final Judgment.

17.     Without affecting the finality of this Order and Final Judgment in any way, this Court retains continuing exclusive jurisdiction over all Parties to the Action and the Settlement Class Members for all matters relating to the Action, including the administration, interpretation, effectuation, and enforcement of the Stipulation.

18.     There is no just reason for delay in the entry of this Order and Final Judgment, and immediate entry by the Clerk of the Court is expressly directed.

19.     The finality of this Order and Final Judgment shall not be affected, in any manner, by rulings that the Court may make on the Fee and Expense Application, including any Service Awards for Plaintiffs.

20.     If the Settlement is not consummated in accordance with the terms of the Stipulation, then the Stipulation and this Order and Final Judgment (including any amendment(s) thereof, and except as expressly provided in the Stipulation or by order of the Court) shall be null and void, of no further force or effect, and without prejudice to any of the Parties, and may not be introduced as evidence or used in any action or proceeding by any Person against the Parties, and the Parties shall be restored to their respective litigation positions as they existed as of October 1, 2024.

EXHIBIT C

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| JONATHAN CORRENTE, *et al.*, | Civil Action No. 4:22-CV-470-ALM |
| Plaintiffs, | Hon. Amos L. Mazzant, III |
| v. | |
| THE CHARLES SCHWAB CORPORATION, | |
| Defendant. | |

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

**PLEASE READ THIS ENTIRE NOTICE CAREFULLY. A UNITED STATES FEDERAL COURT AUTHORIZED THIS NOTICE. YOUR RIGHTS MAY BE AFFECTED BY THE PROCEEDINGS IN THIS ACTION. THIS NOTICE ADVISES YOU OF YOUR RIGHTS AND OPTIONS WITH RESPECT TO THIS ACTION.**

To: All persons, entities, and corporations who are current U.S. brokerage customers of The Charles Schwab Corporation ("Schwab") or any of its affiliates, including customers who previously held accounts at TD Ameritrade ("Ameritrade").

The capitalized terms in these paragraphs, as well as other capitalized terms, are explained or defined below or in the Stipulation and Agreement of Settlement with Schwab (the "Stipulation"). The Stipulation and the Court's Preliminary Approval Order are posted on the Claims Administrator's website at www._____.com (the "Settlement Website").

**This Notice of Pendency of Class Action, Hearing on Proposed Settlement and Attorney's Fees Petition, and Right to Object ("Notice") is given pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Eastern District of Texas (the "Court"). It is not junk mail, an advertisement, or a solicitation from a lawyer. You have not been sued.**

The purpose of this Notice is to inform you of the Settlement with Schwab in the above-captioned case (the "Action").

**Please do not contact the Court regarding this Notice**. Inquiries concerning this Notice should be directed to:

Notice Administrator
Address
Address
Tel.: 1-XXX-XXXX
(if calling from outside the United States or Canada, call 1-XXX-XXX-XXXX)

Questions? Visit www._____.com or call 1-XXX-XXX-XXXX
(if calling from outside the United States or Canada, call 1-XXX-XXX-XXXX)

**EXHIBIT C**

Email: _____
Website: _____

Plaintiffs allege that the combination of Schwab and TD Ameritrade Holding Corporation, in October 2020, violated Section 7 of the Clayton Act (15 U.S.C. § 18).  Plaintiffs allege that the merger decreased competition among brokers, resulting in Plaintiffs making less money from their trading activity.

The Court preliminarily approved the Settlement with Schwab on XXXXXX.   To resolve this lawsuit, Schwab agreed to implement an antitrust compliance program to address Plaintiffs' claims.

The following table contains a summary of your rights and options regarding the Settlement. More detailed information about your rights and options can be found in the Stipulation, which is available at www._____.com (the "Settlement Website").

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT | |
|---|---|
| **DO NOTHING** | You are automatically part of the Settlement Class if you fit the Settlement Class description.   You will be bound by past and any future Court rulings, including rulings on the Settlement, if approved, and releases. |
| **OBJECT TO THE SETTLEMENT** | If you wish to object to the Settlement, Attorney's Fees and Expenses, or Service Awards, you must file a written objection with the Court by Month XX, 2025 and serve copies on Co-Lead Counsel and Schwab's Counsel.  *See* question 13. |
| **GO TO THE SETTLEMENT HEARING** | You may ask the Court for permission to speak at the Fairness Hearing by including such a request in your written objection, which you must file with the Court and serve copies of on Co-Lead Counsel and Schwab's Counsel, by Month XX, 2025.   The Fairness Hearing is scheduled for Month XX, 2025 at TIME.  *See* questions 16 through 18. |
| **APPEAR THROUGH AN ATTORNEY** | You may enter an appearance through your own counsel at your own expense.  *See* question 14. |

These rights and options and the deadlines to exercise them are explained in this Notice.

You are receiving this Notice because records indicate that you may be a Settlement Class Member in this Action because you may be a current brokerage customer of Schwab or any of its affiliates, including as a former customer of Ameritrade.

Questions? Visit www._____.com or call 1-XXX-XXX-XXXX
(if calling from outside the United States or Canada, call 1-XXX-XXX-XXXX)

Page 2 of 11

## <u>WHAT THIS NOTICE CONTAINS</u>

WHAT THIS NOTICE CONTAINS ................................................................................... 3

BASIC INFORMATION ................................................................................................... 4

    1.    What Is a Class Action Lawsuit? ...................................................................... 4

    2.    Why Did I Get This Notice? ............................................................................. 4

    3.    What Is This Action About? .............................................................................. 4

    4.    What Has Happened in This Action? ................................................................ 4

    5.    Why Is There a Settlement? ............................................................................. 5

WHO IS A MEMBER OF THE SETTLEMENT CLASS? ............................................... 5

    6.    How Do I Know if I Am a Settlement Class Member? .................................... 5

    7.    Are There Exceptions to Being Included in the Settlement Class? .................. 5

    8.    I'm Still Not Sure if I Am Included. ................................................................. 6

THE SETTLEMENT BENEFITS ..................................................................................... 6

    9.    What Does the Settlement Provide? .................................................................. 6

    10.   What Am I Giving Up to Receive Injunctive Relief? ...................................... 6

    11.   What if I Do Nothing? ...................................................................................... 8

EXCLUDING YOURSELF FROM THE SETTLEMENT .............................................. 8

    12.   What if I Do Not Want to Be in the Settlement Class? .................................... 8

OBJECTING TO THE SETTLEMENT ........................................................................... 8

    13.   How Do I Tell the Court What I Think About the Settlement? ........................ 8

THE LAWYERS REPRESENTING YOU ........................................................................ 9

    14.   Do I Have a Lawyer in This Case? ................................................................... 9

    15.   How Will the Lawyers Be Paid? ..................................................................... 10

THE COURT'S SETTLEMENT HEARING ................................................................... 10

    16.   When and Where Will the Court Decide Whether to Approve the Settlement? .... 10

    17.   Do I Have to Come to the Fairness Hearing? ................................................. 10

    18.   May I Speak at the Fairness Hearing? ............................................................ 11

GETTING MORE INFORMATION ............................................................................... 11

    19.   How Do I Get More Information? ................................................................... 11

Questions? Visit www.                              .com or call 1-XXX-XXX-XXXX
(if calling from outside the United States or Canada, call 1-XXX-XXX-XXXX)

Page 3 of 11

EXHIBIT C

## BASIC INFORMATION

### 1.    What Is a Class Action Lawsuit?

A class action is a lawsuit in which one or more representative plaintiffs (in this case, Jonathan Corrente, Charles Shaw, and Leo Williams (collectively, "Plaintiffs")) bring a lawsuit on behalf of themselves and other similarly situated persons (*i.e.*, a class) who the representative plaintiffs allege have similar claims against a defendant.  The representative plaintiffs, the court, and counsel appointed to represent the class all have a responsibility to make sure that the interests of all class members are adequately represented.

Importantly, class members are NOT individually responsible for attorney's fees or litigation expenses.  Any award of attorney's fees and litigation expenses will be paid by Schwab.

When a representative plaintiff enters into a settlement with a defendant on behalf of a class, such as the Settlement with Schwab, the court will require that the members of the class be given notice of the settlement and an opportunity to be heard with respect to the settlement.  The court then conducts a hearing (called a "Fairness Hearing") to determine, among other things, if the settlement is fair, reasonable, and adequate.

### 2.    Why Did I Get This Notice?

You received this Notice because you requested it or records indicate that you may be a Settlement Class Member.  As a potential Settlement Class Member, you have a right to know about the proposed Settlement with Schwab before the Court decides whether to approve the Settlement.

This Notice explains the Action, the Settlement, your legal rights, and what benefits the Settlement provides.  The purpose of this Notice is also to inform you of the Fairness Hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement and to consider requests for awards of attorney's fees, litigation expenses, and any service awards for Plaintiffs from Schwab.

### 3.    What Is This Action About?

Plaintiffs allege they have been and will continue to be injured as a result of the combination of Schwab and Ameritrade in October 2020 in violation of Section 7 of the Clayton Act (15 U.S.C. § 18), a provision of the federal antitrust laws.

Plaintiffs allege that the merger decreased competition among brokers, resulting in Plaintiffs making less money from their trading activity.

Plaintiffs allege they suffered an injury of the type that the antitrust laws were intended to prevent.

### 4.    What Has Happened in This Action?

Plaintiffs filed their Complaint on June 2, 2022.  ECF No. 1.  On August 29, 2022, Defendant moved to dismiss the Complaint.  ECF No. 18.  On February 24, 2023, the Court issued a Memorandum Opinion and Order denying Defendant's motion to dismiss.  ECF No. 40.

Questions? Visit www.                    .com or call 1-XXX-XXX-XXXX
(if calling from outside the United States or Canada, call 1-XXX-XXX-XXXX)

EXHIBIT C

Since 2022, the Parties conducted discovery to investigate the strength of the claims and defenses, including taking depositions and reviewing voluminous documents.  The Parties also consulted with experts.

After extensive, arm's-length negotiations, including a mediation, the Parties reached an agreement to settle the Action on December 12, 2024.  The Court granted Plaintiffs' motion for preliminary approval of the Settlement with Schwab on MONTH XX, 2025, respectively.

**5.      Why Is There a Settlement?**

Plaintiffs and Co-Lead Counsel believe that Settlement Class Members were harmed by the merger of Schwab and Ameritrade's brokerage businesses.  Schwab does not agree with the allegations made by the Plaintiffs and asserts that the claims lack merit and that Schwab has meritorious defenses.  Schwab believes it would have defeated all of Plaintiffs' claims before trial, at trial, and/or on appeal.   The Court has not decided in favor of either Plaintiffs or Schwab.   Co-Lead Counsel engaged in settlement discussions with Schwab with the assistance of a retired federal judge, the Hon. Nancy F. Atlas.  Judge Atlas was appointed by the Court to mediate the Action.  As a result of the mediation process, the parties reached a negotiated resolution of the Action.   The Settlement would allow both sides to avoid the risks and costs of lengthy litigation and the uncertainty of pre-trial proceedings,  a trial, and appeals.  If approved, Settlement Class Members will receive valuable injunctive relief without releasing their individual damage claims, rather than risk receiving nothing if the case were to proceed to trial and post-trial appeals.   Plaintiffs and Co-Lead Counsel believe the Settlement is fair and in the best interest of all Settlement Class Members.

As a part of the Settlement, Schwab has agreed to implement a comprehensive antitrust compliance program to prevent antitrust violations.  If the Settlement is approved, any Notice Costs, any Court-awarded attorney's fees and litigation expenses, service awards for Plaintiffs, and any other costs or fees approved by the Court will be paid by Schwab.

If the Settlement is approved, the Action will be dismissed.  Schwab will no longer be the defendant in this Action.  If the Settlement is not approved, Schwab will remain as the defendant in the Action, and Plaintiffs will continue to pursue their claims against Schwab.

## WHO IS A MEMBER OF THE SETTLEMENT CLASS?

**6.      How Do I Know if I Am a Settlement Class Member?**

In the Preliminary Approval Orders, the Court preliminarily approved the following Settlement Class:

> All persons, entities, and corporations who are current U.S. brokerage customers of Schwab or any of its affiliates, including customers who previously held accounts at Ameritrade.

**7.      Are There Exceptions to Being Included in the Settlement Class?**

Yes.    You are not included in the Settlement Class if you are: (a) the Defendant; (b) one of its employees, officers, directors, legal representatives, heirs, successors, or wholly or partly owned

Questions? Visit www._____.com or call 1-XXX-XXX-XXXX
(if calling from outside the United States or Canada, call 1-XXX-XXX-XXXX)
Page 5 of 11

EXHIBIT C

subsidiaries or affiliates; or (c) one of the judicial officers or their immediate family members or associated court staff assigned to this case.

**8.      I'm Still Not Sure if I Am Included.**

If you are still not sure whether you are included, you can ask for free help.   You can call toll-free 1-XXX-XXX-XXXX (if calling from outside the United States or Canada, call 1-XXX-XXX-XXXX) or visit www._____.com for more information.

<u>**THE SETTLEMENT BENEFITS**</u>

**9.      What Does the Settlement Provide?**

Schwab will implement an antitrust compliance program, if the Settlement is approved.   The antitrust compliance program will be designed by an independent third-party consultant.   This consultant, to be jointly retained by the Parties, will consist of a team of attorneys from Fried, Frank, Harris Shriver & Jacobson LLP, including Bernard A. Nigro, Jr., Aleksandr Livshits, and Nihal Patel.  The third-party consultant will consider, among other things:

a.      Policies, practices, and procedures related to Schwab's communications with and among market makers and other broker-dealers;

b.      Policies, practices, and procedures related to Schwab's order routing and execution, including those pertaining to Schwab's order routing allocations and price improvement as provided by market makers to Schwab's retail customers who trade equities and options;

c.      Policies, practices, and procedures applicable to Schwab's order routing committees and decisionmakers, including as to communications and coordination with market makers and other broker-dealers; and

d.      Schwab's post-merger disclosures, reporting, statements, and other communications with retail clients regarding transaction-related price improvement and order routing that may promote inter-brand competition among broker-dealers.

Once the program has been designed and implemented, Schwab will certify its compliance on a yearly basis for four years.

**10.     What Am I Giving Up to Receive Injunctive Relief?**

Upon the Effective Date, Schwab, Plaintiffs and all Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever waived, released, relinquished, and discharged any and all injunctive, equitable, and non-monetary claims or remedies on account of, or arising out of, or resulting from, or in any way related to, any conduct that was alleged or could have been alleged in the Action based on any or all of the same factual predicates of the Action, including but not limited to any claim for divestiture.  Settlement Class Members are not releasing any damage or monetary claims against Schwab or any future claims relating to enforcement of the Settlement terms.  The capitalized terms used in this paragraph are defined in the Stipulation, Preliminary Approval Order, or this Notice.  For easy reference, certain of these terms are copied below:

Questions? Visit www._____.com or call 1-XXX-XXX-XXXX (if calling from outside the United States or Canada, call 1-XXX-XXX-XXXX)

EXHIBIT C

- "Related Persons," when used in reference to a Person, means (a) the Person; (b) for natural Persons, each of that Person's respective immediate family members and any trust which that Person is the settlor of or which is for the benefit of any such Person and/or the members of his or her family, and, for non-natural persons, each of past, present, and future, direct and indirect corporate parents (including holding companies), subsidiaries, related entities and affiliates, associates, predecessors, and successors; and (c), for any of the entities or Persons listed at (a) or (b) above, their respective past, present, or future parents, subsidiaries and affiliates, and their respective directors, officers, managers, managing directors, partners, members, principals, employees, auditors, accountants, representatives, insurers, trustees, trustors, agents, attorneys, professionals, predecessors, successors, assigns, heirs, executors, and administrators, in their capacities as such, and any entity in which the Person has a controlling interest.

- "Released Defendant's Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, local, common, or foreign law or regulation, by any of the Released Defendant Persons against Plaintiffs, any members of the Settlement Class, or any of their Related Persons, including any Co-Lead Counsel, which arise out of or relate in any way to the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims. Released Defendant's Claims shall not include any future claims relating to the enforcement of any terms of this Stipulation. For the avoidance of doubt, the release in this paragraph is intended to cover only litigation conduct in this Action.

- "Plaintiffs' Released Claims" means any and all claims, counterclaims, demands, actions, potential actions, suits, and causes of action, losses, obligations, damages, matters, and issues of any kind or nature whatsoever, and liabilities of any nature, including without limitation claims for costs, expenses, penalties, and attorney's fees that the Plaintiffs ever had or now have against any of the Released Defendant Persons, whether arising under federal, state, local, common, or foreign law or regulation, whether known claims or Unknown Claims, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, accrued or unaccrued, matured or unmatured, disclosed or undisclosed, apparent or unapparent, liquidated or unliquidated, or claims that have been, could have been, or in the future might be asserted in law or equity, on account of or arising out of or resulting from or in any way related to any conduct that was alleged or could have been alleged in the Action based on any or all of the same factual predicates of the Action, including but not limited to Schwab's participation in an allegedly anticompetitive merger with Ameritrade in October 2020. Plaintiffs' Released Claims shall not include any future claims relating to the enforcement of any terms of the Settlement. Settlement Class Members are not releasing claims for money damages against Schwab.

- "Settlement Class Released Claims" means any and all injunctive, equitable and non-monetary claims or remedies on account of or arising out of, or resulting from, or in any way related to, any conduct that was alleged or could have been alleged in the Action based on any or all of the same factual predicates of the Action, including but not limited to any claim for divestiture. Settlement Class Released Claims shall not include any damages or

Questions? Visit www._____.com or call 1-XXX-XXX-XXXX
(if calling from outside the United States or Canada, call 1-XXX-XXX-XXXX)
Page 7 of 11

EXHIBIT C

compensatory monetary claims or any future claims relating to enforcement of the terms of the Settlement.

**11.    What if I Do Nothing?**

You are automatically a Settlement Class Member if you fit the Settlement Class description.   You will be bound by past and any future Court rulings, including rulings on the Settlement and its releases.   Unless you object, you may not oppose, in whole or in part, the terms of the Settlement.

<u>INABILITY TO EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS</u>

**12.    What if I Do Not Want to Be in the Settlement Class?**

If you are a Settlement Class Member, you may not exclude yourself from the Settlement Class. However, you may object to the Settlement by following the procedures in this Notice.

<u>OBJECTING TO THE SETTLEMENT</u>

**13.    How Do I Tell the Court What I Think About the Settlement?**

If you are a Settlement Class Member, you can tell the Court what you think about the Settlement. You can object to all or any part of the Settlement, application for attorney's fees and litigation expenses, and any service awards for Plaintiffs.    You can give reasons why you think the Court should approve them or not.   The Court will consider your views.

If you want to make an objection, you may enter an appearance in the Action, at your own expense, individually or through counsel of your own choice, by filing with the Clerk of Court a notice of appearance and your objection by MONTH XX, 2025, and serving copies of your notice of appearance and objection on Co-Lead Counsel and Schwab's Counsel at the following physical addresses:

<table>
<tr><td>

Yavar Bathaee
Andrew Wolinsky
**BATHAEE DUNNE LLP**
445 Park Avenue, 9th Floor
New York, NY 10022
Tel: (332) 322-8835
yavar@bathaeedunne.com
awolinsky@bathaeedunne.com

Brian J. Dunne
Edward M. Grauman
**BATHAEE DUNNE LLP**
901 South MoPac Expressway
Barton Oaks Plaza I, Suite 300
Austin, TX 78746
Tel: (213) 462-2772
bdunne@bathaeedunne.com
egrauman@bathaeedunne.com

</td><td>

Christopher M. Burke
Walter W. Noss
Yifan (Kate) Lv
**KOREIN TILLERY P.C.**
401 West A Street, Suite 1430
San Diego, CA 92101
Tel: (619) 625-5620
cburke@koreintillery.com
wnoss@koreintillery.com
klv@koreintillery.com

Chad Bell
**KOREIN TILLERY LLC**
205 N. Michigan Ave., Suite 1950
Chicago, IL 60601
Tel: (312) 641-9750
cbell@koreintillery.com

</td></tr>
</table>

| Co-Lead Counsel |
|:---:|

Questions? Visit www._____.com or call 1-XXX-XXX-XXXX
(if calling from outside the United States or Canada, call 1-XXX-XXX-XXXX)

**EXHIBIT C**

<table>
<tr>
<td align="center">
Daniel G. Swanson<br>
<strong>GIBSON, DUNN & CRUTCHER LLP</strong><br>
333 South Grand Avenue<br>
Los Angeles, CA 90071-3197<br>
Tel: (213) 229-7430<br>
dswanson@gibsondunn.com
</td>
<td align="center">
Veronica S. Moyé<br>
<strong>KING & SPALDING LLP</strong><br>
2601 Olive Street, Suite 2300<br>
Dallas, TX 75201<br>
Tel: 713-276-7398<br>
vmoye@kslaw.com
</td>
</tr>
</table>

Jason J. Mendro
Cynthia Richman
**GIBSON, DUNN & CRUTCHER LLP**
1700 M Street, N.W.
Washington, D.C. 20036-5306
Tel: (202) 955-8500
jmendro@gibsondunn.com
crichman@gibsondunn.com

**Schwab's Counsel**

Any Settlement Class Member who does not enter an appearance will be represented by Co-Lead Counsel.

If you choose to object, you must file a written objection with the Court.   You cannot make an objection by telephone or email.   Your written objection must include  a heading that refers to this Action by case name and case number, and the following information: (1) name, address, and telephone number; (2) proof of membership in the Settlement Class; (3) all grounds for the objection; (4) the name, address, and telephone number of the Settlement Class Member's counsel, if any; and (5) a list of other cases in which the objector or counsel for the objector has appeared either as an objector or counsel for an objector in the last five years.  If you want to be heard at the hearing, you must say so in your written objection and also identify any witnesses you propose to call to testify or exhibits you propose to introduce into evidence, if the Court so permits.

If you do not timely and validly submit your objection, your views may not be considered by the Court or any court on appeal.

## THE LAWYERS REPRESENTING YOU

**14.    Do I Have a Lawyer in This Case?**

The Court has appointed the lawyers listed below to represent you and the Settlement Class in this Action:

<table>
<tr>
<td align="center">
Yavar Bathaee<br>
<strong>BATHAEE DUNNE LLP</strong><br>
445 Park Avenue, 9th Floor<br>
New York, NY 10022<br>
Tel: (332) 322-8835<br>
yavar@bathaeedunne.com
</td>
<td align="center">
Christopher M. Burke<br>
<strong>KOREIN TILLERY P.C.</strong><br>
401 West A Street, Suite 1430<br>
San Diego, CA 92101<br>
Tel: (619) 625-5620<br>
cburke@koreintillery.com
</td>
</tr>
</table>

Questions? Visit www._____.com or call 1-XXX-XXX-XXXX
(if calling from outside the United States or Canada, call 1-XXX-XXX-XXXX)

EXHIBIT C

These lawyers are called Co-Lead Counsel. Co-Lead Counsel will receive any payment of attorney's fees and litigation expenses from Schwab. You will not be charged for Co-Lead Counsel's services. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 15.    How Will the Lawyers Be Paid?

To date, Co-Lead Counsel have not been paid any attorney's fees or reimbursed for any out-of-pocket litigation expenses. The Settlement provides that Co-Lead Counsel may apply to the Court for an award of attorney's fees and litigation expenses and that Schwab will pay the amount awarded by the Court. Any attorney's fees and litigation expenses will be awarded only as approved by the Court in amounts determined to be fair and reasonable. Prior to the Settlement Hearing, Co-Lead Counsel will move for an award of up to $_____ in attorney's fees, plus payment of no more than $_____ for litigation expenses.

The Fee and Expense Application will be made collectively on behalf of Bathaee Dunne LLP, located at 901 South MoPac Expressway, Barton Oaks Plaza I, Suite 300, Austin, Texas 78746, Korein Tillery P.C., located at 401 West A Street, Suite 1430, San Diego, CA 92101, and Korein Tillery LLC, 505 N. 7th #3600, St. Louis, MO 63101.

This is only a summary of the request for attorney's fees and litigation expenses. Any motions in support of the requests will be available for viewing on the Settlement Website after they are filed no later than Month XX, 2025. After that date, if you wish to review the motion papers, you may do so by viewing them at www._____.com.

The Court will consider the motion for attorney's fees and litigation expenses at the Fairness Hearing.

## THE COURT'S SETTLEMENT HEARING

### 16.    When and Where Will the Court Decide Whether to Approve the Settlement?

The Court will hold the Fairness Hearing on [DATE] at [TIME] p.m. at the United States District Court for the Eastern District of Texas, Paul Brown United States Courthouse, 101 East Pecan Street, Sherman, Texas 75090. The Fairness Hearing may be moved to a different date or time without notice to you. Although you do not need to attend, if you plan to do so, you should check www._____.com before making travel plans.

At the Fairness Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court will also consider whether to approve the requests for attorney's fees and litigation expenses, and any service awards for Plaintiffs. If there are any objections, the Court will consider them at this time. We do not know how long the Fairness Hearing will take or when the Court will make its decision. The Court's decision may be appealed.

### 17.    Do I Have to Come to the Fairness Hearing?

No. Co-Lead Counsel will answer any questions the Court may have. You are, however, welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you draft, file, and serve your written objection according to the

Questions? Visit www._____.com or call 1-XXX-XXX-XXXX
(if calling from outside the United States or Canada, call 1-XXX-XXX-XXXX)

EXHIBIT C

requirements set forth above, the Court will consider it.    You may attend the Fairness Hearing personally or you may hire your own lawyer to attend and you (or your counsel) may ask the Court to allow you to participate in the Fairness Hearing, but you are not required to do so.

**18.    May I Speak at the Fairness Hearing?**

You may ask the Court for permission to speak at the Fairness Hearing.  If you want to appear at the Fairness Hearing, you may enter an appearance in the Action at your own expense, individually or through counsel of your own choice, by filing with the Clerk of Court a notice of appearance and your objection by MONTH XX, 2025, and serving copies of your objection on Co-Lead Counsel and Schwab's Counsel at the addresses set forth in in question 13.  Any Settlement Class Member who does not enter an appearance will be represented by Co-Lead Counsel.

## GETTING MORE INFORMATION

**19.    How Do I Get More Information?**

This Notice summarizes the Settlement.    More details are in the Stipulation, which is available for your review at www.XXXXXXXXX.com.    The Settlement Website also has answers to common questions about the Settlement and other information to help you determine whether you are a Settlement Class Member.   You may also call toll-free 1-XXX-XXX-XXXX (if calling from outside the United States or Canada, call 1-XXX-XXX-XXXX) or write to the Claims Administrator at:

Notice Administrator
Address
Email: _____

***\*\*\*\*Please do not contact the Court or the Clerk's Office regarding this Notice or for additional information.\*\*\*\****

Questions? Visit www._____.com or call 1-XXX-XXX-XXXX
(if calling from outside the United States or Canada, call 1-XXX-XXX-XXXX)

Page 11 of 11

EXHIBIT D

## <u>SUMMARY NOTICE OF PROPOSED CLASS ACTION SETTLEMENT</u>

**If you are a person, entity, or corporation who is a current U.S. brokerage customer of Schwab or any of its affiliates, including as a customer who previously held accounts at TD Ameritrade ("Ameritrade"), your rights may be affected by a pending class action settlement.**

This notice is to alert you to a proposed settlement reached with The Charles Schwab Corporation ("Schwab") in *Jonathan Corrente, et al. v. The Charles Schwab Corporation*, No. 4:22-CV-470-ALM (E.D. Tex.) and the injunctive relief contemplated in the proposed settlement, specifically, the implementation of an antitrust compliance program.  The settlement with Schwab will resolve the claim against it in this action.

The United States District Court for the Eastern District of Texas (the "Court") authorized this notice.  The Court appointed the lawyers listed below to represent the Settlement Class:

| | |
|---|---|
| Yavar Bathaee | Christopher M. Burke |
| **BATHAEE DUNNE LLP** | **KOREIN TILLERY P.C.** |
| 445 Park Avenue, 9th Floor | 401 West A Street, Suite 1430 |
| New York, NY 10022 | San Diego, CA 92101 |
| Tel: (332) 322-8835 | Tel: (619) 625-5620 |
| yavar@bathaeedunne.com | cburke@koreintillery.com |

**Who Is a Member of the Settlement Class?**

Subject to certain exceptions, the Settlement Class consists of all persons, entities, and corporations who are current U.S. brokerage customers of Schwab or any of its affiliates, including customers who previously held accounts at Ameritrade.

"Schwab" or "Defendant" means Defendant The Charles Schwab Corporation.

If you are not sure if you are included in the Settlement Class, you can get more information, by visiting www._____.com or by calling toll-free 1-XXX-XXX-XXXX (if calling from outside the United States or Canada, call 1-XXX-XXX-XXXX).

**What Is This Lawsuit About?**

Plaintiffs allege they were injured as a result of the combination of Schwab and TD Ameritrade Holding Corporation, in October 2020.  Specifically, Plaintiffs allege that the merger decreased competition among brokers, resulting in Plaintiffs making less money from their trading activity. Plaintiffs assert a claim under federal antitrust law.

**What Does the Settlement Provide?**

To settle the claim in this lawsuit, Schwab has agreed to implement an antitrust compliance program to be designed by a third-party Consultant.  This Consultant, to be jointly retained by the Parties, will consist of a team of attorneys from Fried, Frank, Harris Shriver & Jacobson LLP,

**EXHIBIT D**

including Bernard A. Nigro, Jr., Aleksandr Livshits, and Nihal Patel. If the settlement is approved, all Notice Costs, Court-awarded attorney's fees and litigation expenses, any service awards for the class representatives, and any other expenses approved by the Court will be paid by Schwab.

Settlement Class Members will not receive a payment.

**What Are My Rights?**

If you are a Settlement Class Member and do not object, you will release certain legal rights against Defendant and the other released parties, as explained in the Court's detailed Notice and the Stipulation and Agreement of Settlement, which are available at www._____.com. If you do want to object to the Settlement you must do so by **Month XX, 2025**. You may object to the Settlement, application for an award of attorney's fees and litigation expenses, and/or service awards for Plaintiffs. Information on how to object is contained in the Court's detailed Notice, which is available at www._____.com. No Settlement Class Members' damages claims are released in this resolution.

**When Is the Fairness Hearing?**

The Court will hold a fairness hearing at the United States District Court for the Eastern District of Texas, Paul Brown United States Courthouse, 101 East Pecan Street, Sherman, Texas 75090, on [**DATE**] at [**TIME**] to consider whether to finally approve the Settlement, award any attorney's fees and litigation expenses, and order any service awards for Plaintiffs. You or your lawyer may ask to appear and speak at the hearing at your own expense, but you do not have to.

**For more information, call toll-free 1-XXX-XXX-XXXX (if calling from outside the United States or Canada, call 1-XXX-XXX-XXXX) or visit www._____.com.**

***\*\*\*\* Please do not call the Court or the Clerk of the Court
for information about the settlements. \*\*\*\****

**EXHIBIT E**

### <u>Plaintiffs' Statement</u>

We have reached an agreement with Schwab to resolve this case. We are pleased to have settled the matter on terms that provide meaningful relief to the class members.

### <u>Defendant's Statement</u>

We are pleased to have reached a resolution in this matter, allowing us to move forward without further expenditure of time or resources. We remain focused on delivering exceptional service and an outstanding experience to our clients, which is our highest priority.