# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| Jonathan Corrente, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> The Charles Schwab Corporation, <br><br> Defendant. | Case No. 4:22-cv-470-ALM <br><br> Hon. Amos L. Mazzant, III |

## DECLARATION OF THE HONORABLE NANCY F. ATLAS (RET.), MEDIATOR

I, the Honorable Nancy F. Atlas (ret.), declare and state as follows:

1. I served as a United States District Judge for the Southern District of Texas, Houston Division, from 1995 to 2022. I was member of the Judicial Puerto Rico Insolvency Mediation Team from mid-2017 to December 2021. I served on the U.S. Judicial Conference Committee on Judicial Security from 2005 to 2015, and as chair from 2010 to 2015. I also chaired the Southern District of Texas's Alternative Dispute Resolution Program and Court Security Committee for most of my judicial tenure. I continue to be a member of the Texas bar.

2. On July 24, 2024, the parties jointly moved the Court to appoint me as mediator in this action. ECF No. 140. On July 29, 2024, the Court appointed me as mediator. ECF No. 141.

3. On July 9, 2024, the parties engaged in a full-day, in-person mediation under my guidance.

4. After the in-person mediation, I engaged in additional written and telephonic communications with the parties to further discuss settlement.

5. The parties reached an agreement in principle with respect to settlement, which was reduced to a signed term sheet on September 20, 2024. The parties jointly reported this development to the Court on September 27, 2024. ECF No. 145.

6. The proposed settlement was reached through a robust negotiation process.

7. The negotiations were hard-fought but were conducted by both sides with civility and professionalism. There was no apparent collusion between the parties, and in my view the negotiations were conducted at arm's length.

8. The interests of all potential class members were considered, without any attempt to unfairly discriminate against any members. The settlement specifically requires that any amendment or modification to the settlement plan can only be made by agreement of all the parties, in writing, and by approval of the Court. Fairness proceedings will be predicated on appropriate notice to class members, coupled with an opportunity to appear and be heard.

9. The integrity of the settlement is premised on the following: (1) the parties' retention of an independent consultant to design an antitrust compliance program that The Charles Schwab Corporation must implement; (2) The Charles Schwab Corporation's obligation to, on an annual basis for four years following completion of the antitrust compliance program, provide Plaintiffs with written certification that it has implemented and complied with the consultant's recommendations; and (3) the fact the parties jointly are requesting that the Court retain jurisdiction to enforce the terms of the settlement.

10. I believe the settlement provides meaningful relief to the members of the settlement class.

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 10, 2024.

_____
Hon. Nancy F. Atlas (ret.)
Court-Appointed Mediator