# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| JONATHAN CORRENTE, *et al.*, | Civil Action No. 4:22-CV-470-ALM |
| Plaintiffs, | Hon. Amos L. Mazzant, III |
| v. | |
| THE CHARLES SCHWAB CORPORATION, | |
| Defendant. | |

# ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND FOR ISSUANCE OF NOTICE TO THE SETTLEMENT CLASS

WHEREAS, (a) Plaintiffs Jonathan Corrente, Charles Shaw, and Leo Williams ("Plaintiffs") in the above-captioned class action (the "Action"), on behalf of themselves and the Settlement Class (as defined below) and (b) Defendant The Charles Schwab Corporation ("Defendant"), have entered into the Stipulation and Agreement of Settlement, dated as of December 12, 2024 (the "Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits annexed thereto, sets forth the terms and conditions for the resolution, discharge, release, settlement, and dismissal of the Action and all claims set forth therein upon and subject to the terms and conditions hereof;

WHEREAS, Plaintiffs have applied for an order pursuant to Rule 23(e) of the Federal Rules of Civil Procedure granting preliminary approval of the Settlement and directing notice to the Settlement Class;

WHEREAS, Plaintiffs have sought, and the Defendant has agreed not to object to, the certification of the Settlement Class (as defined below) solely for settlement purposes;

WHEREAS, this Court has read and considered the Stipulation, and other documents submitted in connection with Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and for Issuance of Notice to the Settlement Class, and found that substantial and sufficient grounds exist for entering this Order, and the Parties having consented to the entry of this Order;

WHEREAS, unless otherwise defined herein, all capitalized terms contained in this Order shall have the same meanings as they have in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1

I. **Preliminary Approval of the Settlement**

1. The Court preliminarily finds that: (a) the Stipulation resulted from good-faith, arm's-length negotiations during which the Parties were represented by competent and experienced counsel; and (b) the terms of the proposed Stipulation are fair, reasonable, and adequate, and fall within the range of possible approval.

2. Accordingly, the Court preliminarily approves the Settlement pursuant to Fed. R. Civ. P. 23(e)(2) subject to further consideration at the Fairness Hearing described below.

II. **Certification of the Settlement Class**

3. Pursuant to Fed. R. Civ. P. 23(a) and (b)(2) and for the purposes of this Settlement only, the Action is hereby preliminarily certified as a class action on behalf of a class (the "Settlement Class") consisting of persons, entities, and corporations who are current U.S. brokerage customers of Schwab or any of its affiliates, including customers who previously held accounts at TD Ameritrade. Excluded from the Settlement Class are: (a) the Defendant; (b) its employees, officers, directors, legal representatives, heirs, successors, and wholly or partly owned subsidiaries or affiliates; and (c) the judicial officers and their immediate family members and associated court staff assigned to this case.

4. This Court finds, preliminarily and for purposes of this Settlement only, that the prerequisites for class certification under Fed. R. Civ. P. 23(a) have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members of the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiffs and Co-Lead Counsel have and will continue to fairly and adequately protect the interests of the Settlement Class. In addition, the Court finds, preliminarily and for

purposes of this Settlement only, that this Action satisfies the requirements for class certification under Fed. R. Civ. P. 23(b)(2) and that final injunctive relief is appropriate respecting the class as a whole.

### III.   Class Counsel and Class Representatives

5.   Pursuant to Fed. R. Civ. P. 23(c)(1) and 23(g), preliminarily and for purposes of this Settlement only, the following counsel are appointed as class counsel for the Settlement Class ("Co-Lead Counsel"):

| Yavar Bathaee | Christopher M. Burke |
|---|---|
| **BATHAEE DUNNE LLP** | **BURKE LLP** |
| 445 Park Avenue, 9th Floor | 402 West Broadway, Suite 1890 |
| New York, NY 10022 | San Diego, CA 92101 |
| Tel: (332) 322-8835 | Tel: (619) 369-8244 |
| yavar@bathaeedunne.com | cburke@burke.law |

6.   Co-Lead Counsel have the authority to act on behalf of the Settlement Class as to all acts or consents that are required by or may be given pursuant to the Stipulation, or that are reasonably necessary to consummate the Settlement.

7.   Plaintiffs are designated as class representatives on behalf of the Settlement Class. Plaintiffs appear to have no conflict of interest with the Settlement Class and allege that they suffered the same injury as all Settlement Class Members.

### IV.   Class Notice and Fairness Hearing

8.   Based upon the information before the Court, there is a sufficient basis for notifying the Settlement Class and for scheduling a Fairness Hearing to be held following the issuance of such notice pursuant to Rule 23(e).

9.   The Court therefore directs the issuance of notice of the Settlement to the Settlement Class Members and the scheduling of a Fairness Hearing, as set forth below.

10. The Court hereby schedules the Fairness Hearing, to be held before the Court, on _____ 2025 at __:___ _.m. for the following purposes:

a. to determine finally whether the requirements for class action treatment under Fed. R. Civ. P. 23 are satisfied;

b. to determine finally whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

c. to determine whether the Judgment as provided under the Stipulation should be entered, dismissing the Action on the merits and with prejudice and releasing the Plaintiffs' Released Claims against the Released Defendant Persons, the Settlement Class Released Claims against the Released Defendant Persons, and the Released Defendant's Claims against the Released Plaintiff Persons and the Released Settlement Class Persons;

d. to consider Co-Lead Counsel's Fee and Expense Application for an award of attorney's fees and expenses (including any Service Awards);

e. to consider any valid objections submitted to the Court as further provided for herein and in the accompanying Notice; and

f. to rule upon such other matters as the Court may deem appropriate.

11. The Court also reserves the right to adjourn the Fairness Hearing to a later date or time without further notice to the Settlement Class Members other than entry of an order on the Court's docket (provided that the time or the date of the Fairness Hearing shall not be set at a time or date earlier than the time and date set forth in ¶10 above). In such event, however, Co-Lead Counsel are directed to instruct the Notice Administrator (as defined below) to post notice of any such adjournment on a website to be established by the Notice Administrator in this matter for the

purposes of facilitating the dissemination of notice and other information about this Action (the "Settlement Website").

12. Following the Fairness Hearing, the Court reserves the right to approve the Settlement without modification, or with such modifications as the Parties may agree, without further notice, and to enter its Judgment approving the Settlement and dismissing the Action on the merits and with prejudice, regardless of whether it has awarded attorney's fees and expenses.

13. The Court approves the form and substance of the Summary Notice and the Notice (attached as Exhibits B and D to the Northeim Declaration) as sufficient to inform the Settlement Class Members of the terms of the Settlement, their rights under the Settlement, their rights to object to the Settlement, and the date and location of the Fairness Hearing.

14. For purposes of this Settlement only, Ankura Consulting Group, LLC is appointed as the Notice Administrator to supervise and administer the notice procedure pursuant to the terms set forth in the Stipulation and substantially in the form approved herein.

15. The Notice Administrator shall endeavor to cause the Summary Notice to be disseminated via either email or paper mail by the twenty-first (21st) calendar day after entry of this Order, to all Settlement Class Members who can be identified with reasonable effort. In accordance with ¶6.2 of the Stipulation, to the extent it has not already done so, Schwab shall provide (at its expense) to the Notice Administrator contact information for Settlement Class Members for the purpose of assisting the Notice Administrator in identifying and giving notice to the Settlement Class.

16. Co-Lead Counsel, through the Notice Administrator, shall cause the Stipulation and its exhibits, this Order, and a copy of the Notice to be posted on the Settlement Website to be

established by the Notice Administrator for the Settlement within fourteen (14) calendar days after entry of this Order.

17. Co-Lead Counsel shall, at least fourteen (14) calendar days before the Fairness Hearing, file with the Court proof of the dissemination of the Summary Notice and public posting of the Notice as required by this Order.

18. As provided in the Stipulation, pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1715 *et seq*. ("CAFA"), Schwab, at its own cost, shall serve proper notice of the proposed Settlement upon those who are entitled to such notice pursuant to CAFA.

19. Schwab shall, at least fourteen (14) calendar days before the Fairness Hearing, file with the Court proof, by affidavit or declaration, regarding its compliance with CAFA § 1715(b).

20. The Court finds that the forms and methods set forth herein of notifying the Settlement Class Members of the Settlement and its terms and conditions meet the requirements of due process, Fed. R. Civ. P. 23, and all other applicable laws and rules, and constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto, and are reasonably calculated under the circumstances to describe the terms and effect of the Settlement and to apprise Settlement Class Members of their right to object to the proposed Settlement. No Settlement Class Member will be relieved from the terms and conditions of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

21. All reasonable fees and expenses incurred in identifying and notifying Settlement Class Members, and in administering the Settlement, shall be paid as set forth in the Stipulation. In the event the Settlement is not finally approved by the Court, or otherwise fails to become effective, neither Plaintiffs, nor Settlement Class Members, nor Co-Lead Counsel shall have any

obligation to repay any amounts actually and properly disbursed by Schwab, except as provided in the Stipulation.

22. The Court will consider objections to the Settlement and the Fee and Expense Application, provided, however, that, absent further order of the Court, no Settlement Class Member or other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the Fee and Expense Application or, if approved, the Judgment, or any other order relating thereto, unless that Person has filed the objection with the Court at least thirty (30) calendar days prior to the Fairness Hearing. To be valid, a Settlement Class Member's objection must substantially comply with the following requirements, namely, it must set forth the Settlement Class Member's: (1) name, address, and telephone number; (2) proof of membership in the Settlement Class; (3) all grounds for the objection; (4) the name, address, and telephone number of the Settlement Class Member's counsel, if any; and (5) a list of other cases in which the objector or counsel for the objector has appeared either as an objector or counsel for an objector in the last five years. The objection must also state whether it applies only to the objector, to a specific subset of the class, or to the entire class, and state with specificity the grounds for the objection. The objection must be signed by the objector, even if the objection is filed by counsel for the objector. Attendance at the Fairness Hearing is not necessary, but Persons wishing to be heard orally in opposition to approval of the Stipulation and/or the Fee and Expense Application must state in their written objection that they intend to appear at the Fairness Hearing, and must identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Fairness Hearing, provided, however, that the Court may excuse such requirements upon a showing of good cause. Settlement Class Members need not appear at the Fairness Hearing or take any other action to show their approval.

23. Unless otherwise ordered by the Court upon a finding of good cause shown, any Settlement Class Member who does not object in the manner prescribed above shall: be deemed to have waived all such objections; be forever foreclosed from making any objection to the fairness, adequacy, or reasonableness of the Settlement, any Judgment approving the Settlement, and any orders approving the Fee and Expense Application; be bound by all the terms and provisions of the Stipulation and by all proceedings, orders, and judgments in the Action; and be foreclosed from appealing from any judgment or order entered in this Action.

24. All papers in support of the Settlement and/or the Fee and Expense Application shall be filed and served no later than forty-two (42) calendar days before the Fairness Hearing.

25. Any submissions filed in response to any objections or in reply or further support of the Settlement and/or the Fee and Expense Application shall be filed no later than fourteen (14) calendar days prior to the Fairness Hearing.

26. Schwab, Schwab's Counsel, and the other Released Defendant Persons shall have no responsibility for, or liability with respect to, the Fee and Expense Application (including any payments to Plaintiffs) submitted by Co-Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

V. **Other Provisions**

27. Pending final determination of whether the Settlement should be approved, Plaintiffs, all Settlement Class Members, and anyone who acts or purports to act on behalf of any or all of them, shall not institute, commence, maintain, or prosecute, and are hereby barred and enjoined from instituting, commencing, maintaining, or prosecuting, any action in any court or tribunal that asserts Released Defendant's Claims against any of the Released Defendant Persons.

28. Neither this Order, nor the Stipulation (including the Settlement contained therein) nor any act performed or document executed pursuant to or in furtherance of the Settlement:

    a. is or may be deemed to be, or may be used as an admission, concession, or evidence of, the validity or invalidity of any Released Claims, the truth or falsity of any fact alleged by any Plaintiff, the sufficiency or deficiency of any defense that has been or could have been asserted in the Action, or of any deception, wrongdoing, liability, negligence, or fault of Defendant, the Released Defendant Persons, or each or any of them, or that any Plaintiff or Settlement Class Member was harmed or damaged by any conduct by the Defendant;

    b. is or may be deemed to be or may be used as an admission of, or evidence of, any fault or misrepresentation or omission with respect to any statement or written document attributed to, approved or made by Defendant or the Released Defendant Persons in any arbitration proceeding or any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal;

    c. is or may be deemed to be or shall be used, offered, or received against the Parties, Defendant, the Released Defendant Persons, the Released Plaintiff Persons, or any of them, as an admission, concession, or evidence of the validity or invalidity of the Released Claims, the infirmity or strength of any claim raised in the Action, the truth or falsity of any fact alleged by Plaintiffs or the Settlement Class, or the availability or lack of availability of meritorious defenses to the claims raised in the Action; and

    d. is or may be deemed to be or shall be construed as or received in evidence as an admission or concession against Defendant, the Released Defendant Persons, the Released Plaintiff Persons, or any of them, that any of Plaintiffs' or Settlement Class

9

Members' claims are with or without merit, that a litigation class should or should not be certified, that injunctive or equitable relief obtained in the Action would have been more extensive or not obtained, or that the consideration to be given pursuant to the Stipulation represents an amount equal to, less than or greater than the amount which could have or would have been recovered by Plaintiffs or the Settlement Class Members after trial.

29. In the event the Settlement is not consummated in accordance with the terms of the Stipulation, then the Stipulation and this Order (including any amendment(s) thereof, and except as expressly provided in the Stipulation or by order of the Court) shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any action or proceeding by any Person against the Parties, the Released Defendant Persons or the Released Plaintiff Persons, and each Plaintiff and Defendant shall be restored to his, her, or its respective litigation positions as determined by the Court.

30. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of, or relating to, the Settlement and the Stipulation including but not limited to the enforcement thereof.

**IT IS SO ORDERED.**