IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JONATHAN CORRENTE, et al., | CIVIL ACTION NO. 4:22-CV-470-ALM |
| *Plaintiffs*, | HON. AMOS L. MAZZANT, III |
| v. | |
| THE CHARLES SCHWAB CORPORATION, | |
| *Defendant*. | |

**JOINT STATUS REPORT ON SETTLEMENT NOTICE**

On February 19, 2025, the Court entered an order preliminarily approving the settlement of this action and directing the issuance of notice to the members of the settlement class ("Preliminary Approval Order"). ECF No. 157. The parties have worked diligently with the Notice Administrator, Ankura Consulting Group, LLC, to disseminate timely notices to settlement class members. On March 10, 2025, the parties provided a status update, informing the Court of their progress. The parties now respectfully submit this second, joint status report summarizing the latest developments and status related to settlement notice.

**Notice Developments and Status**

Schwab compiled notice data for approximately 30 million persons and transmitted it to Ankura on February 11, 2025. As reported in their March 10, 2025 status report, the parties anticipated that Ankura would be able to mail out an initial batch of approximately 3 million printed postcard notices on March 21, 2025, email an initial batch of electronic notices the same day, and email the remaining notices by April 11, 2025.

As part of the quality-control process to ensure that all notice-related data is accurate, on March 19, 2025, Schwab identified inadvertent errors in the data it had compiled for notice. In particular, Schwab's quality control review revealed that the query used to assemble the class data unexpectedly collected information for more than a million individuals who are not members of the class. The errors affected both planned email and physical mail notice to settlement class members. Schwab promptly undertook to reassemble the dataset, completing that effort and transmitting corrected data to Ankura on March 20, 2025. Ankura then promptly restarted the process of digesting, cleaning, analyzing, and sorting the notice data, completing that work on March 31, 2025. Because this issue was identified, addressed, and resolved promptly, the parties do not anticipate that any deadlines in this case will be affected.

Details on the adjusted schedule and volume for each category of notice follow below.

a. **Email Notices**

Before Ankura can deliver mass email notices, it must coordinate with the major internet service providers ("ISPs") for preapproval. Failure to do so could result in the ISPs blocking the notices from being delivered. Ankura had coordinated with the ISPs about the initial email data. After the dataset was corrected, Ankura reinitiated this process and transmitted the new mailing lists to the ISPs on March 31, 2025. As this preapproval process generally takes 14 days, Ankura estimates that it will have approval to send emails to the corrected list of settlement class members by April 14, 2025, and that it will transmit an initial batch of email notices on April 15, 2025. It will transmit additional batches at regular intervals, as coordinated with the ISPs, until it has transmitted all the email notices. Ankura currently estimates that it will complete this portion of the notice process by April 28, 2025.

As it issues email notices, Ankura will monitor for bounce backs due to undeliverable email addresses. Ankura will investigate bounce backs to attempt to identify a better email address and, when it does, attempt email notice again. If this process does not yield a better email address for a settlement class member, Ankura will attempt to effect notice through a physical mailing instead.

b. **Physical Mail Notices**

Ankura previously printed post card notices but was unable to cull the incorrect notices from the pool. Consequently, Ankura has begun reprinting approximately 2 million new postcard notices. Schwab is incurring the full cost of this effort. Ankura currently anticipates that it will complete printing of all postcard notices by April 10, 2025. When printing is complete, Ankura will begin mailing postcard notices the same day.

c. **Summary of Estimated Notice Schedule**

The parties currently estimate that notices will be prepared and disseminated to settlement class members on the following schedule:

- **April 10, 2025:** Printing of all postcard notices will be completed;

- **April 10, 2025:** Postcard notices will be mailed to all settlement class members who are identified as lacking a valid email address at the beginning of the notice process;

- **April 14, 2025:** Ankura expects to obtain preapproval from ISPs to start sending electronic notice to settlement class members with valid email addresses;

- **April 15, 2025:** Ankura will send its first batch of email notices;

- **April 28, 2025:** Ankura expects to complete transmission of email notices to all settlement class members who have an identified valid email address at the beginning of the notice process.

In addition, Ankura will endeavor to resend notices by email and physical mail on a rolling basis as it identifies settlement class members whose email notices bounce back undelivered.

d. **Breakdown of Notice Methodology**

As of April 1, 2025, Ankura estimates the current population of settlement class members, by notice methodology, to be as follows:

| Type of Class Member by Correspondence Type | # of Class Members | % of Class Members |
|---|---|---|
| Email | 23,615,572 | 92.2% |
| Physical Mail | 2,000,070 | 7.8% |
| Insufficient Data | 1,348 | 0.0% |
| *Total* | *25,616,990* | *100%* |

**Conclusion**

  The process of preparing and disseminating settlement notice is well underway. Some initial errors were caught and are in the process of being corrected. Schwab is bearing the cost for this process. Ankura currently expects to complete all initial notice distribution by April 28, 2025. Under Paragraph 22 of this Court's Preliminary Approval Order, the deadline for settlement class members to file any objection is July 29, 2025. Thus, even settlement class members who receive notice at the end of the initial notice period will have 92 days to lodge any objections. This amount of time easily satisfies the requirements of due process and Rule 23. *See, e.g.*, *Vaughn v. Am. Honda Motor Co.*, 627 F. Supp. 2d 738, 744 (E.D. Tex. 2007) (finding that providing class members with ten weeks' notice of the fairness hearing was adequate).

  The parties will provide additional updates as appropriate or as ordered by the Court.

Dated: April 4, 2025

Respectfully submitted,

*/s/ Veronica S. Moyé*
Veronica S. Moyé
vmoye@kslaw.com
KING & SPALDING LLP
1185 Avenue of the Americas
34th Floor
New York, NY 10036
Tel: 713-276-7398

Daniel G. Swanson
dswanson@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel: (213) 229-7430

Jason J. Mendro
jmendro@gibsondunn.com
Cynthia Richman

*/s/ Yavar Bathaee*
Yavar Bathaee (NY 4703443)
yavar@bathaeedunne.com
Andrew C. Wolinsky (NY 4892196)
awolinsky@bathaeedunne.com
BATHAEE DUNNE LLP
445 Park Avenue, 9th Floor
New York, NY 10022
Tel.: (332) 322-8835
Brian J. Dunne (CA 275689)
bdunne@bathaeedunne.com
Edward M. Grauman (TX 24081931)
egrauman@bathaeedunne.com
BATHAEE DUNNE LLP
901 South MoPac Expressway Barton Oaks Plaza I, Suite 300
Austin TX 78746
Tel: (213) 462-2772

crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036-5306
Tel: (202) 955-8500

*Attorneys for Defendant The Charles Schwab Corporation*

Christopher M. Burke (*pro hac vice*)
cburke@burke.law
BURKE LLP
402 West Broadway, Suite 1815
San Diego, CA 92101
Tel: (619) 937-2676

Chad E. Bell (*pro hac vice*)
cbell@koreintillery.com
KOREIN TILLERY P.C.
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
Tel: (312) 641-9750

Elizabeth L. DeRieux (TX 05770585)
ederieux@capshawlaw.com
CAPSHAW DERIEUX, LLP
114 E. Commerce Avenue
Gladewater, TX 75647
Tel: (903) 845-5770

*Counsel for Plaintiffs Jonathan Corrente et al.*

## **CERTIFICATE OF SERVICE**

I certify that on April 4, 2025, the foregoing document was served on counsel of record for all parties via the CM/ECF system.

*/s/ Melissa R. Smith*
Melissa R. Smith