FILED

MAY 0 6 2025
JMG
CLERK, U.S. DISTRICT COURT
TEXAS EASTERN

Heading **Information per Instructions**

**Case:** Jonathan Corrente, Charles Shaw, and Leo Williams, each individually and on behalf of all others similarly situated v. The Charles Shwab Corporation.

**Case No 4:22-cv-470**

(1) <u>Contact</u>:    Anthony Capowski
7 Elm Street
Chelmsford, MA 01824
(978) 250-1837

(2) <u>Membership in Settlement Class</u>:  Schwab account number:  3965-003

(3) <u>Grounds for objection</u>:    This settlement is not reasonable.  It provides me with no benefits, and in fact it may harm me.

(4) <u>Counsel</u>:    I have no counsel

(5) <u>Other Cases I have objected to in the last five years</u>:  none

To who it may concern,

I object to the proposed settlement of the above-mentioned case.  As one of the class of people suffering "damages" I object because <u>the settlement does not benefit me at all</u>, while adding to the costs and distracting the management attention of a company that I rely on for my financial well-being.  Schwab will now have millions of dollars of additional expense that will drive up their cost of doing business and may end up <u>harming me</u> by making my costs higher as they try to recoup those expenses.

The only beneficial outcome of this settlement is the enrichment of some law firms:  the ones that brought the case, and the ones that will get paid for implementing an "anti-trust compliance program."

The complaint is indignant about the harms I suffered.  I am skeptical about those harms, and I could not find them quantified anywhere in the complaint.  However, that doesn't really matter, because even if they were real and even if they were quantified, the settlement provides no compensation for those "damages."

The claim asks for damages and injunctive relief.  The settlement provides no damages and no injunctive relief.   No money is offered.  Schwab and TD Ameritrade stay merged.  Order flow payments are not changed in any way.

Apparently, all the egregious harms so breathlessly detailed in the claim can be rectified by paying off one law firm for bringing the case, and paying another law firm some ongoing fees for a "compliance program" that is not required by the agencies actually responsible for enforcing anti-trust law – the DOJ and the SEC.

Although the court should be concerned about the strong public interest in eliminating frivolous lawsuits that bleed money from companies simply because it's cheaper to pay ransom than to fight it out, I will not apply that argument here. There is a simpler rationale:  Given that the harms that I suffered can be remedied by providing me with <u>nothing</u>, I would suggest that the proper disposition of this case is that the court dismiss it with prejudice and deny any and all claims for legal fees.  That would provide me with everything the settlement is offering, and would compensate counsel adequately for the benefit they have provided me.

Thank you for the opportunity to object.

Anthony Capowski