

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

|  |  |  |
|---|---|---|
| JONATHAN CORRENTE, et al. | : | Civil Action |
|  | : |  |
| Plaintiffs, | : | No.: 4:22-cv-00470-ALM |
|  | : | Hon. Amos L. Mazzant, III |
| v. | : |  |
|  | : |  |
| THE CHARLES SCHWAB CORPORATION | : |  |
|  | : |  |
| Defendants. | : |  |

## OBJECTION OF GAVIN ROZZI
## TO PROPOSED CLASS ACTION SETTLEMENT

### I. INTRODUCTION AND REQUIRED DISCLOSURES

Pursuant to Fed. R. Civ. P. 23(e)(5) and the Court's Preliminary Approval Order, Gavin Rozzi ("Objector") respectfully objects to the proposed class settlement in this matter. Objector is a current Schwab brokerage customer and, therefore, a member of the mandatory Rule 23(b)(2) Settlement Class.

Required Information:

- **Objector's Full Name:** Gavin Rozzi
- **Objector's Address:** 238 6th Ave Roebling, NJ 08554
- **Telephone Number:** (609)-222-4161
- **Email Address:** gr@gavinrozzi.com

1

- **Proof of Class Membership:** Objector is a current U.S. brokerage customer of The Charles Schwab Corporation with an account number ending in *197 and has maintained an active brokerage account with Schwab during the Settlement Class Period.
- **Representation:** Objector appears *pro se* and is not represented by counsel in this matter.
- **Prior Objections:** Objector previously appeared as an objector in *Rosemarie Rivali vs. Shutterfly, LLC*, Superior Court of California, County of San Diego, Case No. 37-2023-00019221-CU-BT-NC.
- **Appearance at Hearing:** Objector does not intend to appear at the final fairness hearing and does not intend to present any witnesses or exhibits.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

The operative complaint alleges that Defendant, The Charles Schwab Corporation ("Schwab"), during their October 2020 acquisition of TD Ameritrade violated § 7 of the Clayton Act, 15 U.S.C. § 18 *et seq.* by concentrating more than half of the U.S. "retail-order-flow market" (Compl. ¶¶ 284-86), thereby depressing price-improvement and transparency for millions of retail investors.

After the Court denied Schwab's motion to dismiss (ECF No. 40), merits discovery began. According to Plaintiffs' own declaration (ECF No. 154-2 ¶¶ 8-12), discovery consisted of one Rule 30(b)(6) session, four fact-witness depositions, roughly one million pages of documents, and an incomplete production of trade data. No merits class-certification motion, summary-judgment briefing, or expert depositions occurred.

The parties pivoted to settlement negotiations in July 2024, conducted a single mediation with the Hon. Nancy F. Atlas (Ret.), and executed a term sheet two months later. The

Stipulation (ECF No. 40 154-1) releases every Settlement Class Member's injunctive and equitable claims — *permanently* — but provides:

- no cash, credits, or trading-fee discounts;
- an "antitrust compliance program" designed by Fried, Frank, Harris, Shriver & Jacobson LLP;
- Schwab self-certifications for four years;
- $8.25 million in attorneys' fees plus $700,000 costs; and
- $5,000 service awards and $50 account credits to the three named plaintiffs.

Over twenty-five million Schwab customers fall within the class; none can opt out. All must live with the settlement's consequences and releases forever.

### III. LEGAL STANDARD

By way of important background, "class-action settlements affect not only the interests of the parties and counsel who negotiate them, but also the interests of unnamed class members who by definition are not present during the negotiations. And thus there is always the danger that the parties and counsel will bargain away the interests of unnamed class members in order to maximize their own." *In re Dry Max Pampers Litig.*, 724 F.3d 713, 715 (6th Cir. 2013).

A district court must withhold approval unless the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). Courts exercise the "highest degree of vigilance in scrutinizing proposed settlements of class actions." The "district judge [has been called] a fiduciary of the class, who is subject therefore to the high duty of care that the law requires of fiduciaries." *Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 279–280 (7th Cir. 2002);

accord *Shiyang Huang v. Equifax Inc.* (*In re Equifax Customer Data Sec. Breach Litig.*), 999 F.3d 1247, 1265 (11th Cir. 2021); *Lane v. Facebook*, 696 F.3d 811, 817 (9th Cir 2012). The inquiry is two-fold: procedural fairness (Rule 23(e)(2)(A)–(B)) and substantive adequacy (Rule 23(e)(2)(C)–(D)).

## IV.    GROUNDS FOR OBJECTION

Objector's overriding position is that the settlement fails each and every element of the Fed. R. Civ. P. 23(e)(2) test and must be rejected by this Court. The settlement fails each of Rule 23(e)'s core requirements on multiple, independent axes, all warranting rejection of same.

As detailed below, (1) the bargaining process was neither thorough nor truly adversarial, leaving class counsel ill-equipped to safeguard absent investors; (2) the sole "benefit" is an internally administered compliance plan whose value is speculative, unverifiable, and unenforceable; (3) the requested $8.25 million fee dwarfs anything secured for the class, contravening the Fifth Circuit's proportionality mandate; and (4) the agreement distributes consideration inequitably, bestowing cash and credits on the three named representatives while binding twenty-five million class members — without opt-out rights — to a sweeping release of injunctive claims. Because any one of these defects would be sufficient to withhold approval, their combined weight decisively compels rejection. Only if the Court independently concludes that some form of approval is warranted should the protective conditions outlined *infra* § V be imposed to salvage minimal fairness.

### A. The Settlement Is Procedurally Unfair and Reflects a Failure of Adequate Representation

The settlement process failed to adequately represent class interests due to insufficient discovery, no certification of a litigation class, absence of expert testimony, and a rushed mediation process. This raises legitimate concerns regarding whether the settlement negotiation was truly adversarial and conducted from a position of informed strength. The mediator's brief declaration provides insufficient detail, offering only conclusory assurances without evaluating substantive concerns such as the absence of monetary relief or the extensive release of valuable class claims.

The linchpin of procedural fairness is whether counsel negotiated from a position of fully informed strength. Yet discovery was incomplete — no expert depositions, no motion to certify a litigation class, no summary-judgment record. A mediator's declaration can bolster procedural integrity, but only if it substantively explains the negotiations and evaluates relief. Judge Atlas's two-page declaration asserts that talks were "hard-fought" and "professional" (ECF No. 154-6 ¶ 7) but offers no insight into critical issues: Why was no monetary relief achievable? How were fee demands calibrated to class benefit?

Retired Judge Atlas makes no effort to assess the adequacy of relief for absent class members or explain how the structure of the settlement — including the release of all injunctive claims and the $8.25 million attorney fee request — protects class interests.
Her declaration does not address:

- The complete absence of monetary or compensatory relief to the class;
- The irrevocable waiver of class members' injunctive rights under antitrust law;

5

- The lack of enforceable performance metrics for the proposed compliance program;
- The disproportionate fee request relative to class relief;
- The unequal treatment of named plaintiffs versus other class members.

Courts typically give minimal weight to conclusory statements, particularly when evaluating class action settlements. In *Dry Max*, the Sixth Circuit reversed approval of a class action settlement despite the presence of a mediator's endorsement, highlighting that the court must independently assess fairness rather than relying on generalized or conclusory mediator assurances. Specifically, the court emphasized that settlements offering substantial fees to counsel but providing little meaningful relief to the class demand rigorous scrutiny, as superficial assurances from mediation alone do not demonstrate that class interests have been protected adequately *Dry Max* 724 F.3d 713, at 718-721. Here, the mediator's declaration similarly offers generalized assurances without substantive detail, providing insufficient evidence of genuinely adversarial negotiations or a thorough consideration of absent class members' interests.

### B. The Proposed Relief Is Illusory and Lacks Accountability

The settlement's centerpiece — Schwab's self-administered antitrust compliance program — is both illusory and unenforceable. It lacks critical features necessary to ensure genuine compliance, including judicial oversight, independent audits, measurable performance benchmarks, and transparency. Courts scrutinize class action settlements to ensure they provide tangible, verifiable relief to class members, rather than illusory or speculative benefits. In *Synfuel Technologies, Inc. v. DHL Express (USA), Inc.*, the Seventh Circuit reversed approval of a class settlement because the district court failed to adequately evaluate whether the proposed relief —

primarily in-kind compensation in the form of pre-paid envelopes — had meaningful value to the class members, as opposed to merely speculative benefits. The appellate court emphasized that relief must be measurable, realistic, and demonstrably beneficial to class members to justify settlement approval. *Synfuel Techs.*, 463 F.3d at 653-655.

Similarly, here, the proposed compliance program, administered internally by Schwab's consultants without judicial oversight, independent verification, or enforceable performance metrics, provides uncertain and speculative benefits at best, effectively exchanging valuable class injunctive claims for unenforceable and specious commitments. Consequently, this settlement effectively trades class members' valuable injunctive rights for uncertain, unverifiable commitments for prospective compliance with antitrust laws.

The only class-wide relief consists of a promise to implement an "antitrust compliance program." However, this program is administered internally and lacks judicial enforcement, independent audit, or transparency. The program's terms and effectiveness are controlled by Schwab, with recommendations provided by a consultant — Fried, Frank, Harris, Shriver & Jacobson LLP — selected by the parties but not appointed or supervised by the Court (ECF No. 154-1 at 6–7; ECF No. 154-2 at 3). No expert valuation is provided to assess the benefit this program confers on class members. Its content is confidential, its recommendations are non-binding, and no public reporting obligations are included. The Court cannot reasonably conclude that the compliance plan provides value equivalent to the rights released under Fed. R. Civ. P. 23(e)(2)(C).

In essence, the relief is speculative and lacks any mechanism by which class members can verify performance, challenge noncompliance, or even access the results of the consultant's review.

Critical defects of the proposed class action settlement include:

- **No external monitor or audit.** Schwab self-certifies compliance; the consultant is paid by — and reports to — the parties, not the Court.
- **No public reporting.** Class members will never see the consultant's findings or Schwab's order-routing metrics.
- **No measurable benchmarks.** The Stipulation sets no numerical target for price-improvement, spread reduction, or routing transparency.

Consequently, the program's market impact is incalculable. Settlements predicated on "self-policing" without enforcement have been rejected. *Synfuel*, 463 F.3d at 655 (court must be able to quantify the benefits). By contrast, antitrust consent decrees typically impose detailed conduct obligations, regular reports, and independent monitors. The proposed program resembles "compliance theater," not structural reform.

### C. Class Counsel's Attorneys' Fees Are Disproportionate to Class Benefit

Class counsel's requested fee of $8.25 million with $700,000 in expenses starkly contrasts with the lack of any measurable benefit delivered to class members. Federal courts consistently require proportionality between attorneys' fees and class recovery *In re Dry Max Pampers Litig.*, 724 F.3d 713 (6th Cir. 2013). Here, counsel's compensation is neither contingent upon demonstrable compliance nor structured to incentivize real improvements for class members. The fee structure incentivizes class counsel over class members, failing to meet fiduciary

obligations *Staton v. Boeing Co.*, 327 F.3d 938, 945 (9th Cir. 2003). The proposed settlement reflects a process in which class counsel prioritized their compensation over the interests of the class. Adequate representation under Fed. R. Civ. P. 23(e)(2)(A) demands that relief be commensurate with the harm alleged. Here, class counsel and the named plaintiffs stand to receive significant financial compensation while absent class members receive no monetary relief and no enforceable rights.

The request for $8.25 million in attorneys' fees and $700,000 in expenses is not tethered to any tangible, monetary, or measurable benefit for the class. There is no damages fund, and the injunctive relief cannot be valued in objective terms. <u>The fee request amounts to 100% of the realized benefit — because no benefit accrues to the class.</u> Notably, class counsel's compensation is neither contingent on Schwab implementing reforms, nor is it subject to clawback in the event of noncompliance. This lopsided fee structure creates an obvious incentive to settle quickly and favorably *for counsel* and not for the class. This is precisely the kind of egregious settlement structure that courts have warned against.

### D. Inequitable Treatment of Absent Class Members

The settlement disproportionately benefits only the named plaintiffs through service awards and account credits, creating an unjustifiable disparity. Rule 23(e)(2)(D) demands equitable treatment among class members, prohibiting settlements that confer special benefits on select members while binding others to extensive claim releases without compensation. This imbalance further highlights the procedural and substantive unfairness inherent in the proposed settlement.

Absent class members receive no compensation, no meaningful injunctive relief, and no ability to opt out. Meanwhile, the named plaintiffs receive $5,000 service awards and a $50 nominal damages payment (ECF No. 154-2 at 5). This unequal distribution of benefits violates Fed. R. Civ. P. 23(e)(2)(D)'s requirement of fair and equitable treatment of all class members.

Additionally, because the class was certified under Fed. R. Civ. P. 23(b)(2), class members were never given the opportunity to opt out or retain their injunctive claims. The result is a binding release of prospective rights in exchange for vague promises of reform that Schwab has no enforceable obligation to implement. As the Supreme Court held in *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011), Rule 23(b)(2) certification is inappropriate where the relief provided is not uniform or where individualized interests may diverge. Here, such divergence is clear. The disparate consideration here — service awards and account credits for three representatives versus zero for 25 million absent investors — undermines that principle.

Class counsel will no doubt argue that individual damages claims remain viable under this settlement. Practically, individual § 7 damages suits entail high expert costs, fact-intensive discovery, and brokerage arbitration clauses — barriers that render such actions theoretical and impractical. Rhetorically preserving damages rights for future individual actions does not justify waiving collective injunctive leverage today.

## V. IN THE ALTERNATIVE, PROTECTIVE CONDITIONS SHOULD BE IMPOSED ONLY IF THE COURT APPROVES THE SETTLEMENT

Objector reiterates that the settlement should be rejected outright. Should the Court conclude otherwise, the following conditions are essential to reduce (but not eliminate) prejudice to class members:

1. Creation of a modest, claims-made trading-credit fund (e.g., $0.05 per equity/option trade during the class period) financed by Schwab or from a downward adjustment of counsel's fee request.

2. Public filing on the docket of the consultant's initial report, Schwab's implementation plan, and each annual certification, with redaction only for bona fide trade-secret content.

3. Appointment of an independent, Court-appointed monitor (e.g., a former SEC market-structure official) empowered to audit price-improvement data, verify order-routing changes, and petition the Court in the event of non-compliance.

4. Escrow of at least half the attorney-fee award for 24 months, to be released only upon the monitor's certification that Schwab has implemented each consultant recommendation and achieved objective benchmarks (spread reduction, routing transparency).

These guardrails would align, in part, class counsel's incentives with class welfare and provide the Court with tools to enforce substantive performance.

## VI. CONCLUSION

The proposed settlement relinquishes valuable injunctive rights, confers no financial relief, and grants a windfall to class counsel and the class representatives at the expense of absent class members. Under the exacting scrutiny mandated by Fed. R. Civ. P. 23(e) and authoritative precedent, it cannot be approved. The Court should, therefore, deny final approval of the

11

proposed settlement in this matter. Alternatively, the Court should impose the protective measures described in § V to prevent irreparable prejudice to absent class members.

_____
GAVIN ROZZI
Objector, *Pro Se*
238 6th Ave
Roebling, NJ 08554
Phone: (609)-222-4161
gr@gavinrozzi.com
Dated: May 17, 2025

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

|  |  |
|---|---|
| JONATHAN CORRENTE, et al.<br><br>Plaintiffs,<br><br>v.<br><br>THE CHARLES SCHWAB CORPORATION<br><br>Defendants. | Civil Action<br><br>No.: 4:22-cv-00470-ALM<br>Hon. Amos L. Mazzant, III |

## CERTIFICATE OF SERVICE

I, Gavin Rozzi, certify that on May 17, 2025, I caused a copy of the following documents to be mailed via USPS, to the Clerk of the Court for filing:

- Objection of Gavin Rozzi to Proposed Class Action Settlement
- Notice of Appearance
- Non-Prisoner Pro Se Litigant's Consent To Receive Electronic Notice

Because I am a *pro se* litigant exempt from mandatory electronic filing under Local Rule CV-5(a)(1)(B), I will contemporaneously transmit a courtesy PDF copy of this filing to opposing counsel via e-mail. Consistent with Local Rule CV-5 and Fed. R. Civ. P. 5(b)(2)(E), I am serving all registered Filing Users electronically through the Court's CM/ECF system, which constitutes service on the following parties:

1

Yavar Bathaee
Andrew Wolinsky
BATHAEE DUNNE LLP
445 Park Avenue, 9th Floor
New York, NY 10022
Tel: (332) 322-8835
yavar@bathaeedunne.com
awolinsky@bathaeedunne.com


Brian J. Dunne
Edward M. Grauman
BATHAEE DUNNE LLP
901 South MoPac Expressway
Barton Oaks Plaza I, Suite 300
Austin, TX 78746
Tel: (213) 462-2772
bdunne@bathaeedunne.com
egrauman@bathaeedunne.com

Christopher M. Burke
Yifan (Kate) Lv
BURKE LLP
402 West Broadway, Suite 1890
San Diego, CA 92101
Tel: (619) 369-8244
cburke@burke.law
klv@burke.law

Chad Bell
KOREIN TILLERY LLC
205 N. Michigan Ave., Suite 1950
Chicago, IL 60601
Tel: (312) 641-9750
cbell@koreintillery.com

Daniel G. Swanson
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel: (213) 229-7430
dswanson@gibsondunn.com

Jason J. Mendro
Cynthia Richman
GIBSON, DUNN & CRUTCHER LLP

1700 M Street, N.W.
Washington, D.C. 20036-5306
Tel: (202) 955-8500
jmendro@gibsondunn.com
crichman@gibsondunn.com

Veronica S. Moyé
KING & SPALDING LLP
2601 Olive Street, Suite 2300
Dallas, TX 75201
Tel: 713-276-7398
vmoye@kslaw.com

/s/ Gavin Rozzi

GAVIN ROZZI
Objector, *Pro Se*
238 6th Ave
Roebling, NJ 08554
Phone: (609)-222-4161
gr@gavinrozzi.com
Dated: May 17, 2025




US POSTAGE AND FEES PAID
2025-05-17
08554
C4359218
Commercial
0.5 LB ZONE 6 FLAT
0901000013343

## USPS PRIORITY MAIL

GAVIN ROZZI
238 6TH AVE
ROEBLING NJ 08554-1306

0003

C001



SHIP TO: CLERK U.S. DISTRICT COURT
101 E PECAN ST RM 216
SHERMAN TX 75090-0041

4:22-cv-00470-ALM

## USPS TRACKING #



9405 5362 0830 3282 7008 03

