UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| Jonathan Corrente, et al.,<br><br>*Plaintiffs*<br><br>v.<br><br>The Charles Schwab Corporation.,<br><br>*Defendants*. | Case No. 4:22-cv-470-ALM<br><br>Hon. Amos L. Mazzant, III |



FILED
JUN 0 9 2025
CLERK, U.S. DISTRICT COURT
TEXAS EASTERN

## *UNOPPOSED* MOTION TO MODIFY OBJECTION DISCLOSURE REQUIREMENTS WITHIN THE PRELIMINARY APPROVAL ORDER (DKT. 157)

## INTRODUCTION

Shiyang Huang is a class member here and an "[e]xperienced class action objector"[1] with a record as a *pro bono* watchdog in class-action settlements.[2] Reuters once interviewed and frequently profiled Huang for his objection, including one concurred by State Attorneys General.[3] Law360 covered almost every case that Huang objected in. The Ninth Circuit twice accepted his *pro se* amicus briefs, including one circulated for *en banc* petition.[4] A Chief Judge granted him a *pro se* objector award (by contested motion) for "successful contentions [that] certainly paralleled" experienced counsel. To date, Huang has clawed back least $26 million from class counsels and returned them for class members—for just $501 in court-ordered awards.

Huang is likely object to Parties' proposed Settlement, because Plaintiffs have refused to remove a Settlement term, of which Huang believes to be special rewards for Named Plaintiffs.

In advance of his objection, Huang moves to amend the preliminary approval order, which—suggested by settling parties—demands that all objecting class members must provide, needlessly, **"a list of other cases in which the objector or counsel for the objector has appeared either as an objector or counsel for an objector in the last five years."** Dkt. 157 at 7 (emphasis added). Counsel for both Plaintiffs and Defendants have represented to take no position to this motion as response to Huang's courtesy meet-and-confer email.

---

[1] *Yamagata v. Reckitt Benckiser LLC*, No. 3:17-cv-3529-VC, ECF No. 236 at 3 (N.D. Cal. Oct. 21, 2021) (Huang's written support of fee award is an important indicator of fairness)

[2] *In re Optical Disk Drive Prods. Antitrust Litig.* ("ODD"), 2021 WL 3502506 (N.D. Cal. Jul. 2, 2021) (ordering reduction of over $18 million back to Class members; another attorney lost every single argument on appeal except recovering $3.65 million from a joinder to Huang's argument below. *ODD*, 2022 WL 1955672 (9th Cir. Jun. 6, 2022).

[3] *See* Alison Frankel, *11th Circuit's strict new rule for data breach standing will figure in Equifax appeal.* Reuters.com https://reut.rs/2N5LZD9; Alison Frankel, *State AGs, objectors hoist red flags in proposed Godiva class action.* Reuters.com. https://tinyurl.com/3apscark

[4] *Joffe v. Google Inc.*, No. 20-15616, Order granting motion (9th Cir. Jan. 19, 2022); *In re Apple Inc. Device Perf. Litig.*, 50 F.4th 769 (9th Cir. 2022) (Huang as amicus curiae).

As Huang will explain here, this requirement lacks basis under circuit law, and "5-year scrapbook" as eligibility to object in a class-action settlement—most fatally—delivers no meaningful help to deter selfish objectors, while irrelevant and unduly burdensome for good-faith objectors, *Cf. Johnson v. NPAS Sols.*, 975 F.3d 1244, 1259-60 (11th Cir. 2020) (quoting *In re Dry Max Pampers Litig.*, 724 F.3d 713, 722 (6th Cir. 2013))) ("they are like dandelions on an unmowed lawn—present more by inattention than by design."). Lastly, Huang will propose alternatives to help with the "challenge […] to distinguish between a meritorious objection and those advanced for improper purposes." *Ponzio v. Pinon*, 87 F.4th 487, 499-500 (11th Cir. 2023)

## ARGUMENT

### 1. Meritorious objections are critical to deter abuse in class-action settlements

In class-action settlements, "interests of lawyer and class may diverge, as may the interest of different members of the class, and certain interests may be wrongfully compromised, betrayed, or "sold out" without drawing the attention of the court." *Pettway v. Am. Cast Iron Pipe Co.*, 576 F.2d 1157, 1169 (5th Cir. 1978). That is why courts remarked "the incentive of class counsel, in complicity with the defendant's counsel, to sell out the class by agreeing with the defendant to recommend that the judges approve a settlement involving a meager recovery for the class but generous compensation for the lawyers—the deal that promotes the self-interest of both class counsel and the defendant and is therefore optimal from the standpoint of their private interests." *Eubank v. Pella Corp.*, 753 F.3d 718, 720 (7th Cir. 2014) (Posner, J.). That is why "[m]embers of the class who smell a rat can object to approval of the settlement." *Ibid.* "Good-faith objections can assist the court in evaluating a proposal under Rule 23(e)(2)." *Advisory Committee Notes—2018 Amendments at Rule 23*(e)(5)(B).

The core requirement for class-action objections are in the merits. *See Jones v. Singing River Health Servs. Found.,* 865 F.3d 285, 300 (5th Cir. 2017) ("At the end of the day, it is .[…] the quality of their objections that should guide the court's review.") Circuits are quite unanimous on this point. *Pearson v. Target Corp.,* 968 F.3d 827, 831 n.1 (7th Cir. 2020) ("the merits of an objection are relevant, not amateurism or experience"). "The showing necessary to prevent an objection from derailing the settlement will, of course, vary with the strength of the objection itself." *Ponzio* 87 F.4th at 499-500 (quoting *1988 Trust for Allen Children Dated 8/8/88 v. Banner Life Ins. Co.,* 28 F.4th 513, 521 (4th Cir. 2022)). To that end, this circuit also encourages meritorious objectors to *help* district judges when settling parties will invariably "profess that their [proposed settlement] is "all right, all right, all right."" *Briseno v. Henderson,* 998 F.3d 1014, 1018 (9th Cir. 2021). *See In re Corrugated Container Antitrust Litig.,* 643 F.2d 195, 213 (5th Cir. 1981) ("[W]here there are objectors, the court is aided in its task; the proponents can be expected to present evidence and arguments suggesting that the settlements are within `a range of reasonableness' and the objectors will do the same").

2. **"5-year scrapbook" requirement is without basis under Rule 23 or binding case law**

"]A] district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties. But this discretion is not unlimited, and indeed is bounded by the relevant provisions of the Federal Rules." *Gulf Oil Co. v. Bernard,* 452 U.S. 89, 99-100 (1981). "The court's role [is] a fiduciary serving as guardian for the unrepresented class members". *United States v. City of Miami,* 614 F.2d 1322, 1331 (5th Cir. 1980). In this process, court may disregard objections that "disobey[ed] [] *reasonable* requirements" such as providing proof of class membership. *In re Deepwater Horizon,* 739 F.3d 790, 809 (5th Cir. 2014) (emphasis added). *Also see Ponzio,* 87 F.4th at 499-

500 (collecting cases on settlement objectors' obligations). But "with great power there must also come—great responsibility". *Kimble v. Marvel Entm't, LLC,* 135 S. Ct. 2401, 2415 (2015). Besides Rule 23(e)(5)(B) requirements for disclosing considerations for withdrawing objections, manufactured rules without relevance to the merits are not "reasonable" under *Deepwater Horizon. Supra.* Advisory Committee's Notes—2018 amendment at Rule 23(e)(5)(A) asked that "Courts should take care, however, to avoid unduly burdening class members who wish to object, and to recognize that a class member who is not represented by counsel may present objections that do not adhere to technical legal standards." The Justice Department also voiced concerns that "most consumer class members [...] do not have the time or the knowledge of legal process to file objections." *In re Apple Device Perf. Litig.,* 5:18-md-2827, Dkt. 575 at 7 (N.D. Cal. Dec. 2, 2020). "It is therefore critical that class members not be deterred from raising reasonable and good-faith objections to a class settlement." *Pearson,* 968 F.3d at 838. This circuit cautioned similarly. *Cf. Vaughn v. Am. Honda Motor Co.,* 507 F.3d 295, 300 (5th Cir. 2007) ("imposing too great a burden on an objector's right to appeal may discourage meritorious appeals").

All in all, Rule 23 and binding circuit laws never demanded class members to submit a chronological 5-year data-dump of all related past objections to inexplicably "earn" the right to object under Due Process. Such negative-value requirement should not get to survive another day. The text of Fed. R. Civ. Proc. 23(e)(5)(A), which detailed requirements for class-member objections, states "[a]ny class member may object to the proposal if it requires court approval …" *See also Cotton v. Hinton,* 559 F.2d 1326, 1331 (5th Cir. 1977) ("The trial court must extend to the objectors leave to be heard.") The only other clause under Rule 23(e)(5)—governing objections—is all about "*Court Approval Required for Payment in Connection with an*

5

*Objection"*. Fed. R. Civ. Proc. 23(e)(5)(B) (emphasis added).[5] The removal of this requirement will not change the court's role or work in the objections review process, as "this is not to say that the trial judge is required to open to question and debate every provision of the proposed compromise." *Cotton,* 559 F.2d at 1331. The merits of objections are still the key.

### 3. This burdensome clause can be replaced with more pareto-efficient alternatives

Huang understood "5-year scrapbook" is a first try (but an onerous and ineffective one) to combat selfish objectors. *Also see Advisory Committee Notes—2013 amendment at Rule 23(e)(5)(B)* ("some objectors may be seeking only personal gain, and using objections to obtain benefits for themselves rather than assisting in the settlement-review process."). *Vaughn v. Am. Honda Motor Co.,* 507 F.3d 295, 300 (5th Cir. 2007), *Pearson,* 968 F.3d at 829 (same). Thanks to selfish objectors, onerous burdens also sometimes spilled over to good-faith objectors too. *In re Equifax Inc., Cust. Data Breach Litig.,* 999 F.3d 1247, 1265-66 (11th Cir. 2021). And two years later, the same court still finds it a "challenge …to distinguish between a meritorious objection and those advanced for improper purposes." *Ponzio,* 87 F.4th at 500 (citation omitted).

Huang is also an opponent of such selfish objectors and have seen how they behaved. *See* Alison Frankel, *Judge rejects class counsel's payout to objector in lithium battery case.* Reuters.com. (Accessed Jun 1, 2025) (noting Huang's opposition to side-payment agreements). And in any case requiring a 5-year batting records disclosure is of no help. (Even the Solicitor General of the United States, in 2022, only "won 58% of cases where it was a party."[6] But it does not tell much at all, either.) Huang thus proposes a few far more pareto-efficient alternatives:

---

[5] As Huang will propose, *infra*, a court-ordered disclosure of when objector (or counsel for objector) received consideration for foregoing/withdrawing an objection, including appeals, is much more aligned with the intent of Rule 23 and the intent within advisory committee notes.

[6] Marcia Coyle, *US Solicitor General Scored Well Overall Last Term, but Lost Most of the Biggest Cases.* The National Law Journal. (accessed July 28, 2022)

1. Courts can simply enforce the latest version of Rule 23(e)(5)(B) ("Unless approved by the court after a hearing, no payment or other consideration may be provided…").

2. Consistent with amended Rule 23(e)(5)(B), courts may ask objectors to disclose any past histories where objector or objector's counsel previously received "*[p]ayment in Connection with an Objection*". Accord, e.g., *In re Equifax*, 999 F.3d at 1266-67 (to review "relationship with `professional' or `serial' objector counsel")

3. Courts can apply *Pearson v. Target Corp.* and require that any considerations received for "settling an objection that asserts the class's rights" will become class's property. 968 F.3d at 829. Any objector who obtained additional class-wide recovery can still seek reasonable fees and costs under Fed. R. Civ. Proc. 23(e)(5)(B), 23(h).

Any of these alternatives would be more pareto-efficient than the "5-year scrapbook" requirement. For example, if Huang objects to the proposed settlement, Huang needs not submit anything (versus hours-and-hours of data dumping as a good-faith objector that never settled any objection for selfish considerations). Any of the proposed alternatives will still require selfish objectors to still submit relevant records that may shed light on questionable business models.

## CONCLUSION

The Court should amend its preliminary approval order (Dkt. 157) and remove the clause to require submission of "a list of other cases in which the objector or counsel for the objector has appeared either as an objector or counsel for an objector in the last five years." Dkt. 157 at 7. The Court may implement a better alternative above without imposing burdens on all objectors.

Before Huang is approved to receive notices via CM/ECF for this case, Huang accepts all reciprocal service of documents by email to defectivesettlement@gmail.com.

Dated: June 2, 2025

Respectfully Submitted,

Shiyang Huang
/s/ SHIYANG HUANG
2813 SW Rother Rd
Topeka, KS 66614
314-669-1858
defectivesettlement@gmail.com

## CERTIFICATE OF SERVICE

I certify that on June 2, 2025, the above document was e-mailed to all counsel of record. The above document is also sent to: United States District Clerk, United States Courthouse, 7940 Preston Road Room 101, Plano, TX 75024, where docketing of this document will cause an additional service on CM/ECF.

/s/ Shiyang Huang

## CERTIFICATE OF CONFERENCE

I certify that the meet and confer requirement in Local Rule CV-7(h) has been complied with. Local Rule CV-7(i) exempts *pro se* litigants from the meet and confer requirements, but Huang has completed this requirement as a courtesy to all parties.

/s/ Shiyang Huang