UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| Jonathan Corrente, et al.,<br><br>*Plaintiffs*<br><br>v.<br><br>The Charles Schwab Corporation.,<br><br>*Defendants.* | Case No. 4:22-cv-470-ALM<br><br>Hon. Amos L. Mazzant, III |



FILED
JUN 0 9 2025
CLERK, U.S. DISTRICT COURT
TEXAS EASTERN

**OBJECTION TO PROPOSED CLASS ACTION SETTLEMENT**
**[DKT. 154] [DKT. 157]**

# INTRODUCTION

Shiyang Huang is an "[e]xperienced class action objector"[1] with track record as a *pro bono* watchdog in class-action settlements.[2] Reuters once interviewed and frequently profiled Huang for his objection, including one concurred by State Attorneys General.[3] The Ninth Circuit twice accepted his amicus briefs, including one circulated for *en banc* petition.[4] A Chief District Judge granted an objector award to him (notably, by contested motion) for "successful contentions [that] certainly paralleled" experienced counsel. To date, Huang's watchdog efforts have clawed back at least $26 million from class counsels in objectionable class settlements.[5]

Huang objects in this case, because the Settlement contained a special monetary incentive for Named Plaintiffs. As Huang will explain below, this clause is problematic for the entire class.

### A. "Heightened attention" is required to review Plaintiffs' class certification motion

*First*, "A party seeking class certification must affirmatively demonstrate [and] be prepared to prove" Rule 23 requirements are met. *Wal-Mart Stores v. Dukes,* 131 S. Ct. 2541, 2551 (2011). A "fear of underenforcement is no justification for class certification." *Flecha v. Medicredit,* 946 F.3d 762, 769 (5th Cir. 2020). "[U]ndiluted, even heightened, attention" is required as "a court asked to certify a settlement class will lack the opportunity, present when a case is litigated, to adjust the class". *Amchem Prods. v. Windsor*, 521 U.S. 591, 620 (1997).

---

[1] *Yamagata v. Reckitt Benckiser LLC*, No. 3:17-cv-3529-VC, Dkt. 236 at 3 (N.D. Cal. Oct. 21, 2021) (Huang's written support of fee award is an important indicator of fairness)
[2] *E.g., In re Optical Disk Drive Prods. Antitrust Litig.* ("ODD"), 2021 WL 3502506 (N.D. Cal. Jul. 2, 2021) (ordering reduction of over $18 million back to Class members)
[3] *See* Alison Frankel, *11th Circuit's strict new rule for data breach standing will figure in Equifax appeal.* Reuters.com https://reut.rs/2N5LZD9; Alison Frankel, *State AGs, objectors hoist red flags in proposed Godiva class action*. Reuters.com. https://tinyurl.com/3apscark
[4] *Joffe v. Google Inc.,* No. 20-15616, Order granting motion (9th Cir. Jan. 19, 2022); *In re Apple Inc. Device Perf. Litig.*, 50 F.4th 769 (9th Cir. 2022) (Huang as amicus curiae).
[5] Huang reminds that *ad hominem* "to undermine [] substantive arguments are improper and not at all persuasive" and will "serve[] only to emphasize the weakness of lead counsel's own arguments." *In re Stericycle Sec. Litig.,* 35 F.4th 555, 572 (7th Cir. 2022).

1

Although "in class action suits, there is an overriding public interest in favor of settlement", *Cotton v. Hinton,* 559 F.2d 1326, 1331 (5th Cir. 1977), "[w]hen, during the course of the litigation, it becomes known to the Court that a portion of the class objects to the proposed settlement, the trial judge must assume additional responsibilities." *Ibid.* "[C]areful scrutiny is necessary to guard against settlements that may benefit the class representatives or their attorneys at the expense of absent class members or shareholders. The court's role [is] a fiduciary serving as guardian for the unrepresented class members". *United States v. City of Miami,* 614 F.2d 1322, 1331 (5th Cir. 1980). Such review "protect the nonparty members of the class from unjust or unfair settlements [and] minimize conflicts that may arise between the attorney and the class, between the named plaintiffs and the absentees". *Strong v. BellSouth Telecomms.,* 137 F.3d 844, 849 (5th Cir. 1998). "The court must be assured that the settlement secures an adequate advantage for the class in return for the surrender of litigation rights against the defendants." *In re Katrina Canal Breaches Litig.,* 628 F.3d 185, 195 (5th Cir. 2010).

On attorney's fee: all objectors will lack standing to protest attorney's fee award under Rule 23(h). *Briseno v. Henderson,* 998 F.3d 1014, 1027 (9th Cir. 2021) ("a gimmick for defeating objectors"). *But* every dollar in fees is a dollar Schwab cannot use for prospective relief under Rule 23(e): "defendant[s] would be unwilling to make a binding settlement offer on terms that left it exposed to liability for attorney's fees in whatever amount the court might fix on motion of the plaintiff." *Evans v. Jeff D.,* 475 U.S. 717, 733-34 (1986); *Johnston v. Comerica Mortg. Corp.,* 83 F.3d 241, 246 (8th Cir. 1996) ("package deal"); *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prod. Liab. Litig.,* 55 F.3d 768, 821 (3d Cir. 1995) (similar). And "a settlement is not fair where all the cash goes to expenses and lawyers, and the [class] members receive only discounts of dubious value." *In re Katrina,* 628 F.3d at 195. "The relief sought in

2

the complaint may be helpful to establish a benchmark by which to compare the settlement terms." *Cotton,* 559 F.2d at 1330. Other circuits advise courts to "quantify and explain the value of injunctive relief or exclude it from calculations" of attorney's fees. *Briseno,* 998 F.3d at 1028 (9th Cir.); *Campbell v. Facebook,* 951 F.3d 1106, 1126 (9th Cir. 2020). "[T]he court has an independent duty to scrutinize the settlement's value and any evidence offered to support it." *In re Gen. Motors,* 55 F.3d at 810. *Reynolds v. Beneficial Nat. Bank,* 288 F.3d 277, 284-85 (7th Cir. 2002) (courts can "quantify the net expected value of continued litigation to the class, since a settlement for less than that value would not be adequate.")

### B. Named Plaintiffs settled cash relief for themselves; absentees receive $0 in total

As Plaintiffs' counsel admitted, "[Named] Plaintiffs will each receive $50 from Schwab in return for releasing their individual damages claims". Dkt. 154 at 17. Under Parties' Settlement Agreement, the *only* section of "Monetary Consideration" will *only* benefit Named Plaintiffs, as "Schwab shall pay […] USD $50 (fifty dollars) to each [Named] Plaintiff to settle and release the Plaintiffs' Released Claims…"). Settlement Agreement, Dkt. 154-1 at 9. As Huang will explain, this **VIP privilege to settle Named Plaintiffs' damage claims for $50/person** dooms class certification. As trivial as $50/person seems, it infers that absentees' damages claims are far from worthless. But Named Plaintiffs were willing to abandon pursuit of class-wide damage claims (once they settled their own), leaving a "*realistic* alternative to a class action [as] zero individual suits". *Carnegie v. Household Int'l.,* 376 F.3d 656, 661 (7th Cir. 2004).

### C. Creative use of Rule 23(b)(2) for non-incidental monetary relief is not permissible

For Rule 23, "creative uses are perilous." *Chavez v. Plan Benefit Servs.,* 957 F.3d 542, 547 (5th Cir. 2020). Here, "claims for *individualized* relief do not satisfy" Rule 23(b)(2) under *Wal-Mart Stores v. Dukes,* 131 S. Ct. 2541, 2557 (2011). Rule 23(b)(2) "does not authorize class

3

certification when each class member would be entitled to an individualized award of monetary damages." *Ibid.* The Fifth Circuit interpreted *Dukes* in *M.D. ex rel. Stukenberg v. Perry,* 675 F.3d 832 (5th Cir. 2012). There, "Named Plaintiffs requested some forms of relief that would not apply to all class members", and "The district court found it irrelevant that some of the class's requested relief would not apply to every class member". *Id.* at 846. The Fifth Circuit reversed under *Dukes* because "Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class." *Ibid.* (quoting *Dukes, supra*). Here, $50 payments are clearly not injunctions and would not "apply to every class member." *Ibid.*

Even before *Dukes, Allison v. Citgo Petroleum Corp.* 151 F.3d 402, 415 (5th Cir. 1998) held "monetary relief predominates in (b)(2) class actions unless it is incidental to requested injunctive or declaratory relief." Here, Plaintiffs sought class certification of a Rule 23(b)(2), yet this Settlement contains **VIP clause to buy-out Named Plaintiffs' damages claims** (Dkt. 154-1 at 9).[6] Because they sought to bind unnamed class members without *any* monetary relief, such monetary relief are far from "incidental". *Allison, supra* ("By incidental, we mean damages that flow directly from liability to the class *as a whole* on the claims forming the basis of the injunctive or declaratory relief."). Since monetary relief is "not sufficiently incidental to the injunctive and declaratory relief being sought to permit [it] in a (b)(2) class action", it "predominates" all other relief. *Id.* at 415-16. Therefore, "where the predominant relief sought is an award of money damages, class certification must proceed through the (b)(3) gate, with its mandatory opt-out provisions." *Klier v. Elf Atochem N. Am.,* 658 F.3d 468, 471 (5th Cir. 2011) (citing *Allison, supra*).

---

[6] Plaintiffs' counsel might argue that $50 each for named plaintiffs are "incidental". Then, why not $50 for each absentee? Well, 36.5 million account owners are class members. *See* content.schwab.com/web/retail/public/about-schwab/SEC_Form10k_2024.pdf at 3.

4

Both lines of cases leads to one simple conclusion: Rule 23(b)(2) "does not authorize class certification" when the terms include "individualized award of monetary damages", such as here.[7] *Dukes,* 131 S. Ct. at 2557. Plaintiffs' creative use of Rule 23(b)(2) should be denied.

D. **Named Plaintiffs' VIP-exclusive Settlement terms flunks Rule 23(a)(4)**

The Settlement terms are also "relevant" for a denial of class certification (*Amchem,* 521 U.S. at 619) because Named Plaintiffs are structurally inadequate to represent the class. Rule 23(a)(4) demands class representatives "will fairly and adequately protect the interests of the class." "[B]ecause of the broad binding effect of class-action judgments, serious attention is given to the adequacy of representation of those absent class members who will be bound by the judgment." 7A Charles Alan Wright et al., *Fed. Prac. & Proc. Civ.* § 1769.1 (3d ed. 2018). "Numerous courts have held that intraclass conflicts may negate adequacy under Rule 23(a)(4)." *Langbecker v. Elec. Data Systems Corp.,* 476 F.3d 299, 315 (5th Cir. 2007). That happens when Named Plaintiffs have "economic interests and objectives conflicted substantially with those of absent class members". *Ibid.* Here, Named Plaintiffs' used class-action device to "trade in" each of their $50 damage claims, while absentees only get to watch these VIP moves on the sideline.

In *Pettway,* the Fifth Circuit recounted "the scope of Rule 23(a)(4) and the proper role of the class representatives … in *Gonzales v. Cassidy,* 474 F.2d 67 (5th Cir. 1973). Gonzales was a class member in a prior class action in which only the class representative, Gaytan, was awarded both retrospective monetary relief and prospective injunctive relief. The other members of the class, including Gonzales, were granted only prospective relief." 576 F.2d at 1177. There, the Fifth Circuit held that "Gaytan, through his attorney, vigorously represented the class until he obtained individual relief. The problem is that he was representing approximately 150,000

---

[7] The structure of Named Plaintiffs' VIP cash payments are equivalent to creating an $150 common fund, while "individualizing" all payouts for named plaintiffs only.

5

persons" who were "denied retroactive relief to all members of the class except Gaytan", and Gaytan's inaction "constitutes inadequate representation of the class". 474 F.2d at 75-76.

The Ninth Circuit offers more modern versions of *Gonzales/Pettway*. In *Roes v. SFBSC Mgmt., LLC*, 944 F.3d 1035, 1056-57 (9th Cir. 2019), where a class-action agreement also contained **VIP terms for Named Plaintiffs** dubbed "General Release enhancement" ($20,000 for each named plaintiff's general release). *Ibid.* The court found that "[i]n contrast to the $5,000 service awards that Jane Roes 1 and 2 also received in recognition of their efforts to represent the class and secure a settlement, the $20,000 General Release Enhancement Payments appear to be completely divorced from any benefit or service to the class. In fact, the Settlement Agreement explicitly states that these incentive payments are "consideration for [Jane Roes' execution 1 and 2] execution of a General Release Form." *Ibid.* The court found the "General Release" terms to also defeat Rule 23(a)(4), which "raise concerns about a potential conflict of interest between the class representatives and unnamed class members. That conflict arises because, [i]f ... members of the class are provided with special `incentives' in the settlement agreement, they may be more concerned with maximizing those incentives than with judging the adequacy of the settlement as it applies to class members at large." *Ibid.* (cleaned up).

Here, Named Plaintiffs also appear "checked out" because they "obtained individual relief". *Gonzalez*, 474 F.2d at 75-76. *Roe*'s absentees still got *some* cash relief versus *a lot more* for named plaintiffs, and a reversal was still in order. <u>Here, Named Plaintiffs will get every single dollar of cash offered to the entire Class, but all other 36.5 million class members will get $0 cash in total—without even an option to trade-in damages claims as Named Plaintiffs did.</u>[8]

---

[8] Plaintiffs agreed to non-disparagement, Dkt. 154-1 at 17-18, and declared support of this deal for $50 *plus* incentive awards. Together they also function as "conditional incentive awards" rejected by *Radcliffe v. Experian Info. Sols.*, 715 F.3d 1157, 1163-65 (9th Cir. 2013).

6

For this point alone, Huang asked whether Plaintiffs can remove the clause of "$50 payment per named Plaintiff"—and Huang can happily conclude his watchdog work. Surprisingly, Plaintiffs refused to change the terms at all. Their stubbornness infers how "special" they are for Named Plaintiffs, while Rule 23(a)(4) means "special rewards for counsel's individual clients are not permissible when the case is pursued as a class action." *Staton v. Boeing Co.*, 327 F.3d 938, 976 (9th Cir. 2003). *Parker v. Anderson,* 667 F.2d 1204, 1211 (5th Cir. 1982) ("the named plaintiffs should not be permitted to hold the absentee class hostage … in order to secure their individual demands.") *Melong v. Micronesian Claims Comm'n,* 643 F.2d 10, 14 (D.C. Cir. 1980) (Named plaintiff is "not an adequate representative" when "there is no assurance that [he] will vigorously litigate [claims] which he need not address to prevail on his individual claim but which are essential to any recovery [for class members]. Absent such assurance plaintiff cannot be considered an adequate class representative under Rule 23(a)(4).")

E. **Named Plaintiffs also failed Rule 23(e)(2)(D)[9] by securing a "preferred position"**

Rule 23(e)(2)(D) requires the settlement "treats class members equitably relative to each other." The issue of preferential treatment for Named Plaintiffs is also "relevant" to deny class certification *and* the Settlement.[10] *Amchem,* 521 U.S. at 619. Before 2018, *Kincade v. Gen. Tire & Rubber Co.* 635 F.2d 501, 506 n.5 (5th Cir. 1981) ruled that "by choosing to bring their action as a class action, the named plaintiffs disclaimed any right to a *preferred position* in the settlement [and] *negate any claim a named plaintiff might have to preferred treatment simply by reason of his status as a class representative.*" (cleaned up) (emphasis added). Adding to

---

[9] Circuits unanimously consider 2018 amendments of Rule 23 as new rules to follow in addition to prior case law. *Moses v. N.Y. Times Co.,* 79 F.4th 235, 243 (2d Cir. 2023); *Briseño,* 998 F.3d at 1026-27; *Williams v. Reckitt Benckiser LLC,* 65 F. 4th 1243, 1261 (11th Cir. 2023).
[10] This applies even in circuits permitting "incentive awards" for named plaintiffs. *Roes,* 944 F.3d 1035; *Crawford, infra; Flinn v. FMC Corp.,* 528 F.2d 1169, 1176 (4th Cir. 1975).

7

*Kincade*, 2018 amendments of Rule 23 also added a clause to review whether "the proposal treats class members equitably relative to each other." Fed. R. Civ. Proc. 23(e)(2)(D). These anti-bias provisions follow that "Rule 23(e) ... protects unnamed class members ... when the representatives become fainthearted before the action is adjudicated or are able to secure satisfaction of their individual claims by a compromise." *Amchem*, 521 U.S. at 623.

A "preferred position" is present here: ***only* Named Plaintiffs got VIP tickets to settle their damages claims in this Settlement**. But how about monetary relief for absentees as well? Plaintiffs' counsel admit absentees **"would either need to bring your own lawsuit on behalf of a damages class or file an arbitration individually with FINRA (because non-class claims are subject to binding arbitration under your account agreements)."** (emphasis added). That is a "preferred position". *Kincade, supra; Holmes v. Cont. Can Co.,* 706 F.2d 1144, 1148 (11th Cir. 1983) ("[W]here representative plaintiffs obtain more for themselves by settlement than they do for the class ... serious questions are raised as to the fairness of the settlement to the class.") *Vassalle v. Midland Funding LLC,* 708 F.3d 747, 755 (6th Cir. 2013) ("preferred positions of the named plaintiffs [signal] potential inequities in this proposed settlement.") (collecting cases).

Such VIP terms also mirror *Crawford v. Equifax Payment Servs.*, 201 F.3d 877, 880 (7th Cir. 2001), where **Named Plaintiff Crawford's VIP terms** are "$500 as damages, plus a $1,500 'incentive award' for serving as the class representative [while] Rights of all class members other than Crawford to seek damages are unaffected—they receive nothing in this case but are free to file their own suits, provided, however, that no other suit may proceed as a class action."

> [But] the settlement is substantively troubling. Crawford and his attorney were paid handsomely to go away; the other class members received nothing [...] and lost the right to pursue class relief. [...] They gain nothing, yet lose the right to the benefits of aggregation in a class. (*Id.* at 882).

The *Crawford* court reversed. Even with additional injunctive relief terms, the court found "the fact that one class member receives $2,000 and the other 200,000+ nothing is quite enough to demonstrate that the terms should not have been approved under Rule 23(e)." *Ibid.*

Our Named Plaintiffs here might protest this comparison because *Crawford*'s class members are barred from class actions, but absentees here still can. While true technically, class members here fare no better—per Class Counsel's own words, individual claims must go through arbitration; and because Plaintiffs—unsuccessfully—sought class-wide damages claims for years, few attorneys will pursue these damages claims again on a contingency basis.

And for all Named Plaintiffs have done—plus $50 for settling each of their damages claims—they still seek "incentive awards" that "compensates a class representative for [] time and rewards [] for bringing a lawsuit"? *Contra Johnson v. NPAS Sols.*, 975 F.3d 1244, 1259-60 & n.9 (11th Cir. 2020) (all incentive awards for class representatives are prohibited by *Kincade*, 635 F.2d at 506 n.5) *In re Dry Max Pampers Litig.*, 724 F.3d 713, 722 (6th Cir. 2013) (citing *Radcliffe*, 715 F.3d at 1161) ("[W]e should be most dubious of incentive payments when they make the class representatives whole, or (as here) even more than whole [and] have no reason to care whether the mechanisms available to unnamed class members can provide adequate relief.")

## CONCLUSION

Class Certification and Settlement Approval should be denied under Rule 23(b)(2), Rule 23(a)(4) and Rule 23(e), in light of preferential settlement terms exclusively for Named Plaintiffs.

Dated: June 4, 2025                                          Respectfully Submitted,

                                                Shiyang Huang
                                                /s/ SHIYANG HUANG
                                                2813 SW Rother Rd.
                                                Topeka, KS 66614
                                                314-669-1858
                                                defectivesettlement@gmail.com

## APPENDIX: ADDITIONAL REQUIREMENTS UNDER Dkt. 154-1 at 7

**(2) proof of membership in the Settlement Class:** Huang received class notice by email and Huang is a "current U.S. brokerage customers of Schwab". Dkt. 154 at 4 (class definition).

**(4) the name, address, and telephone number of the Settlement Class Member's counsel, if any:** Huang is not represented by counsel.

**(5) a list of other cases in which the objector or counsel for the objector has appeared either as an objector or counsel for an objector in the last five years:** Huang requested modification to this requirement in a concurrent motion. Should the Court deny that request, Huang will provide supplements to meet this requirement. Otherwise Huang has never received any payment in connection to withdrawing an objection or an appeal as defined in Rule 23(e)(5)(B)(i)-(ii).

**The objection must be signed by the objector, even if the objection is filed by counsel for the objector:** Huang's signature is attached below:

*[signature]*

**Attendance at the Fairness Hearing is not necessary, but Persons wishing to be heard orally in opposition to approval of the Stipulation and/or the Fee and Expense Application must state in their written objection that they intend to appear at the Fairness Hearing, and must identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Fairness Hearing, provided, however, that the Court may excuse such requirements upon a showing of good cause:** Huang intends to appear at the fairness hearing, but reserve the right to withdraw the intent to appear, or request administrative permission to attend the fairness hearing remotely.

/s/Shiyang Huang

## CERTIFICATE OF SERVICE

I certify that on June 4, 2025, the above document was e-mailed to all counsel of record with prior permission from all parties to serve documents by email.

The above document is also sent to: United States District Clerk, United States Courthouse, 7940 Preston Road Room 101, Plano, TX 75024, where docketing of this document will cause an additional service on CM/ECF.

/s/ Shiyang Huang