To the Honorable Judge Mazzant:

**OBJECTION TO PROPOSED SETTLEMENT AND ATTORNEYS' FEES**

*JONATHON CORRENTE, et al. v. The CHARLES SCHWAB Corporation*

Civil Action No. 4:22-CV-470-ALM (E.D. Texas)

**(REDACTED—PUBLIC COPY)**

### I. STANDING

The Objector opened multiple accounts at TD Ameritrade, and those accounts migrated to Schwab in 2023. One account concludes in the digits 313. The Objector has not appeared as an objector or counsel in any case within the last five years. The objection applies to the entire class.

### II. INTRODUCTION

The Objector respectfully submits this objection to the proposed Settlement Agreement ("Settlement") and to Plaintiffs' Counsels' application for attorneys' fees and expenses ("Fees"). The proposed settlement does not provide meaningful relief to the nearly 26 million class members. Accordingly, the fees of $8.95 million cannot be justified by any class benefit.

### III. OBJECTION TO INJUNCTIVE-ONLY SETTLEMENT: LACK OF MEANINGFUL, MEASURABLE, AND ENFORCEABLE RELIEF

The proposed settlement does nothing meaningful for the 26 million class members. Where the allegation is increased market power and decreased competition, it offers no cash payments. Instead, it promises a vague compliance program that Schwab will draft with its own consultants

1

and then monitor itself; undoubtedly, after an extensive four-year investigation into itself, Schwab will find no evidence of any wrongdoing. Without clear standards or enforceable requirements, this relief amounts to little more than empty promises.

### A. Limited Enforcement Mechanisms.

1. **Vague, Unquantifiable Policies.** Case information mentions "policies…procedures related to Schwab's communications with market makers" and similar vague language. For instance, the class' sole relief is to trust consultants to design a self-certifying compliance program; there is no requirement of minimum price improvement.

2. **No Enforceability.** No independent verification is indicated, nor any benchmarks. No class member would have standing to challenge noncompliance because there would be no specific injury.

3. **No Prevention.** The complaint alleges that the merger degraded the quality or price of retail trades. A compliance program lacking strong safeguards risks failing to prevent ongoing harm and could make issues harder to detect going forward.

### B. Due Process Requires Plain Relief.

1. **Rule 23(b)(2) Constraints.** Millions cannot opt-out; due process demands either decertification, certification under Rule 23(b)(3), or meaningful relief. *Wal-Mart v. Dukes*, 564 U.S. 338 (2011). Where injunctive relief is non-quantifiable or the amount is unrealistic, courts have rejected it as inadequate. *Briseño v. Henderson*, 998 F3d 1014, 1026-27 (9th Cir. 2021).

2. **Supreme Court Limits Overbroad Injunctions.** In *Trump v. CASA, Inc.*, 606 U.S. ___ (2025), the Court warns against class-wide injunctions as a government-loophole. Justice

45     Alito cautioned that remedies must align with the case's scope. Here, the proposed settlement binds 25.5 million people to relief from which attorneys and consultants primarily appear to benefit.

    3. **Precedent Disfavors Illusory Settlements.** *Greenberg v. Procter & Gamble Co.*, 724 F.3d 713 (6th Cir. 2013), struck down label tweaks and charity donations as insufficient to justify large fees.

50 **C. STRUCTURAL IMPROVEMENTS**

Concrete, enforceable features could be added:

1. **Goals.** Guarantee price improvement by .0025%, or 2.5 basis points.
2. **Rebates.** Earn .001% from order flow transactions, or 1 basis point in refunds.
3. **Watchdog.** Court-selected auditor (e.g., FINRA, SEC) not tied to the consultants.
55   4. **Consequences.** Fine or penalty fund of $1 million each time the plan is not followed; 10% of that coming from attorneys' fees being clawed back.
5. **Caps.** Option contract access fee cap of 50 cents, as options are less regulated than stock.
6. **Plan Extension.** Extension for perpetual 2-year terms at the discretion of auditor or the Court, barring abuse of discretion. Audit within 4 years of completion of the final term.

60 **D. Procedural Rights and Expense Reimbursement**

With the Court's permission, the Objector wishes to preserve applicable rights to:

1. Limited discovery of certain order data.
2. Appellate review of the final order.
3. Reimbursement (including hours).

65    4. Waiver of applicable filing fees.

## IV. ATTORNEYS' FEES/EXPENSES

With no direct class recovery, enhancement of the $8.95 million is not warranted. Reduction might be.

### A. Fees Are Disproportionate.

70    1. **Zero Recovery.** Exceptional circumstances are needed to enhance lawyer fees, *Perdue v. Kenny A.*, 559 U.S. 542 (2010). When figuring the fees, the Fifth Circuit looks to how much the settlement is actually worth, *Fessler v. Porcelana Corona de Mexico, S.A. de C.V.*, 23 F.4th 408 (5th Cir. 2022). Here, no monetary recovery exists, so any fee award must be grounded in plaintiffs' documented lodestar without enhancement.

75    2. **Clear Sailing.** Since the class may receive minimal value, the defendant has good reason to argue for lower fees. Unopposed fees hint at a collusive deal. *In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011).

### B. Case Law Supports Fee Reduction.

What something could be valued at is not the standard. The actual benefit to the class is the true
80    settlement value. *Lowery v. Rhapsody*, 69 F.4th 994, 1001 (9th Cir. 2023).

### C. Fee Framework

Any fee award should equal counsels' lodestar with no enhancement, and—based on the limited nature of the currently proposed relief—be further reduced by a reasonable factor (e.g., a 0.3x to 0.7x) to reflect minimal class benefit.

## V. REIMBURSEMENT

Reasonable reimbursement of expenses is requested, should the class materially benefit.

## VI. CONCLUSION AND PRAYER FOR RELIEF

For these reasons, Objector respectfully requests that the Court:

1. Deny final approval unless the settlement provides a common fund or cy pres relief.
2. Alternatively, require enforceable structural changes as above.
3. Base counsels' fee on pure lodestar and the class benefit.
4. Grant other relief as the Court deems proper.

**Date: July 23, 2025**

Respectfully submitted by,

*/s/ M. Bosco*

M. Bosco