Joseph Scott St. John (LSB 36682)
ST. JOHN LLC
1701 Jefferson Avenue
New Orleans, LA 70115
Tel. 410-212-3475
scott@stjohnlaw.com

M. Frank Bednarz
HAMILTON LINCOLN LAW INSTITUTE
1440 W. Taylor St # 1487
Chicago, IL 60607
Tel. 801-706-2690
frank.bednarz@hlli.org

*Attorneys for Objector Theodore H. Frank*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| JONATHAN CORRENTE, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>THE CHARLES SCHWAB CORPORATION,<br><br>Defendant.<br><br>THEODORE H. FRANK,<br><br>Objector. | Case No. 4:22-cv-470-ALM<br><br>Hon. Amos L. Mazzant, III |

## OBJECTION OF THEODORE H. FRANK

Class member Theodore H. Frank objects to the settlement and fee request in this case. Frank complies with the lengthy disclosure requirements of the preliminary approval order—which take up more space than his objection itself—in the contemporaneously filed declaration.

## Introduction

In June 2022, Plaintiffs brought a class action under the Clayton Act seeking to unwind the October 2020 merger between Schwab and TD Ameritrade as anti-competitive and seeking damages and disgorgement for the reduction in competition.

Class counsel proposes a settlement that rewards them with $9 million, but achieves exactly zero of the requested relief. Instead the proposed prospective injunctive relief affects the world at large, rather than granting relief to the class, and solely acts as a prophylactic against apparently purely hypothetical future anticompetitive violations.

Plaintiffs are entitled to bring a class action in good faith that turns out to be unsuccessful. What they are not entitled to do is use the class action device to pay themselves and their attorneys for a meritless class action. And Rule 23(e) and the Constitution prohibits federal courts from rewarding attorneys who use class actions to benefit solely themselves. *E.g.*, *In re Subway Footlong Sandwich Mktg. Lit.*, 869 F.3d 351 (7th Cir. 2017). Recognizing that "class actions are more ripe for abuse than other litigation contexts,"[1] the Fifth Circuit tasks district courts with "guard[ing] against the public perception that attorneys exploit the class action device to obtain large fees at the expense of the class." *Fessler v. Porcelana Corona De Mex., S.A.*, 23 F.4th 408, 419-20 (5th Cir. 2022) (internal quotation omitted).

While the settlement does not expressly release the claims of class members for damages, it does so *de facto*: the statute of limitations has expired for damages claims more than four years old. *American Pipe* tolls only individual claims for damages, but there is no tolling of *class* claims, and as plaintiffs concede in their complaint, these claims cannot feasibly be brought except as a class action.

---

[1] *Morrow v. Jones*, 140 F.4th 257, 2025 U.S. App. LEXIS 14230, at *7 (5th Cir. 2025).

Class members get *zero* dollars for the *de facto* release of these claims. The notice fails to communicate this legal effect of the settlement. This is unfair, and makes the notice legally insufficient. *See* Section I.

It might be fair to release claims for nothing if and only if class members have suffered no injury. But if class members have suffered no *past* or *continuing* injury, then the plaintiffs lose Article III standing to seek prospective injunctive relief for purely hypothetical future injury. This precludes settling claims for prospective injunctive relief, precludes class certification, and requires dismissal. *See* Section II.

Frank adopts by reference the objection filed by the State of Iowa (Dkt. 245); and Frank adopts any other objection not inconsistent with this objection. Frank's objection is on behalf of the entire class, and, in particular, class members who were customers of Schwab between the time of the merger and July 28, 2021.

**I.    The Settlement is a *de facto* release of class damages claims for nothing, and plaintiffs forfeit any argument that this is fair, reasonable, or adequate.**

Plaintiffs assert that "The proposed class settlement does not release or resolve any damages claims available under Section 4 of the Clayton Act." Dkt. 197 at 1. This is technically true, but misleading, because a court *approval* of the settlement will foreclose future class claims for damages. *Individual* class member claims are tolled by the class action, but it is now impossible to bring class claims for damages where the four-year statute of limitations has expired, because class actions are not tolled. *China Agritech, Inc. v. Resh*, 584 U.S. 1800 (2018). And as plaintiffs acknowledge in their complaint,

> Because the damages suffered by each individual Class member may be relatively smaller than the costs of litigation, the expense and burden of individual litigation would make it very difficult or impossible for individual Class members to redress the wrongs done to each of them individually, such that most or all Class members would have no rational economic interest in individually controlling the prosecution of specific actions, and the burden imposed on the judicial system by individual litigation by even a small fraction of the Class would be enormous…

Dkt. 1 ¶ 476. The loss of the class claims thus means the loss of the individual claims. And the loss of the class claims by themselves is material. *E.g.*, *Crawford v. Equifax Payment Svcs.*, 201 F.3d 877, 880 (7th Cir. 2000) (Easterbrook, J.). Yet the notice misleadingly communicates that "Settlement Class Members are not releasing any damage or monetary claims against Schwab." The notice says nothing about the legal effect of a settlement approval on class claims for past damages. A misleading class notice precludes settlement approval. *In re Katrina Canal Breaches Litig.*, 628 F.3d 185, 197-99 (5th Cir. 2010). Notice is especially important with respect to the release. *See, e.g., Vassalle v. Midland Funding LLC,* 708 F.3d 747, 759 (6th Cir. 2013) (incomplete description of released claims constitutes a Due Process violation); *Twigg v. Sears, Roebuck & Co.*, 153 F.3d 1222, 1227-29 (11th Cir. 1998) (same); *see also Mirfasihi v. Fleet Mortg. Co.*, 356 F.3d 781, 785 (7th Cir. 2004) (reversing settlement approval because, *inter alia*, the notice omitted the material fact that the release would have washed away claims being asserted in a parallel state court litigation). Furthermore, none of the class representatives' declarations in support of the settlement indicate any understanding of the effect of *China Agritech* on the class if the settlement is approved.

Indeed, it's far from clear that any of the class counsel understand this implication—they entirely fail to mention it in the notice, and do not mention it in the motions for settlement approval. The Court should investigate: did class counsel intentionally mislead the Court and the class by failing to mention *China Agritech* or its effect on the class, or was class counsel unaware of the legal effect of their settlement—in which case they are not adequate representatives of the class?

Plaintiffs simultaneously assert that Schwab overcharged consumers by "more than one hundred million dollars per year." Dkt. 197 at 1, 25. Plaintiffs are *de facto* releasing class claims of hundreds of millions of dollars (after trebling) for zero dollars. This is unfair even when the alleged damages are much smaller. *E.g.*, *Crawford*, 201 F.3d at 880. Yet, because Plaintiffs falsely tell the Court that there will be no adverse effect on the ability of class members to recover past damages, they make no effort to argue otherwise, and have forfeited any argument that the settlement fairly compensates for these alleged damages. They rest entirely on the false premise that the Settlement "does not release damages claims." Dkt. 197 at 24. But if the case were to proceed as a Rule 23(b)(3) action, the range

of damages is between zero (for a loss) and over a billion dollars (for trebled damages, which plaintiffs assert is worth over ten million dollars a month (Dkt. 197 at 25) for conduct ongoing since October 2020).

The settlement must be rejected.

### II.     There are problems precluding a settlement for prospective injunctive relief when there is no compensation for past injury under Article III and Rule 23(b)(b).

A court must satisfy itself of Article III jurisdiction, including Article III standing by the plaintiffs, when approving a settlement. *Frank v. Gaos*, 586 U.S. 485 (2019); *Williams v. Reckitt Benckiser LLC*, 65 F.4th 1243, 1254 (11th Cir. 2023). A plaintiff must demonstrate standing "with the manner and degree of evidence required at the successive stages of the litigation." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). "And standing is not dispensed in gross; rather, plaintiffs must demonstrate standing for each claim that they press and for each form of relief that they seek." *Transunion LLC v. Ramirez*, 594 U.S. 413, __, 141 S. Ct. 2190, 2208 (2021).

Here, plaintiffs had Article III standing to bring the complaint: they alleged past and continuing damages, entitled to relief in damages and a retrospective injunction dissolving an allegedly anticompetitive merger. But they fail to demonstrate standing at the conclusion of the case where the relief they seek is now entirely different: prospective relief "ensuring adequate information barriers among the market makers." Dkt. 197 at 1.

For injunctive relief specifically, plaintiffs must demonstrate a "real and immediate threat of future injury" that is not merely conjectural or hypothetical. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 105 (1983); *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013); *Williams*, 65 F.4th at 1253. If plaintiffs "lack Article III standing to pursue their claims against [Schwab] for injunctive relief," the district court lacks jurisdiction to approve a settlement of those claims. *Williams*, 65 F.4th at 1254, 1256. The lack of concrete relief to all class members also precludes certification under Rule 23(b)(2). *See In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 827 F.3d 223, 238

(2d Cir. 2016) (reversing certification of (b)(2) class where substantial number of class members "actually received nothing.").

*Lyons* establishes that past injury alone does not confer standing for injunctive relief unless there is a sufficient likelihood of future harm. The *Lyons* plaintiff, who had been subjected to a chokehold by police, lacked standing to seek an injunction against future chokeholds because he could not show a likelihood of being subjected to one again. 461 U.S. at 105-06. Similarly, *Clapper* held that speculative fears of future harm from potential government surveillance were insufficient for standing, because plaintiffs needed to show that the harm was "certainly impending." 568 U.S. at 410-14.

But the plaintiffs have made no showing that Schwab *currently* lacks adequate information barriers among the market makers in a way that they will suffer "certainly impending" harm. Indeed, the fact that class counsel thinks that they shouldn't even attempt to recover a billion dollars before taking their $9 million in fees and walking away shows that the ability to prove the harm is remote.

Class counsel can't have it both ways. Either they do not have Article III standing to seek or settle for prospective injunctive relief under *Williams*, or they have sold the class out by releasing any effective means of class recovery for hundreds of millions of dollars without compensation to anyone other than themselves and the class representatives.

Either way, the settlement should be rejected.

## Conclusion

The Court must reject the settlement.

/s/ Joseph Scott St. John
Joseph Scott St. John (LSB 36682)
ST. JOHN LLC
1701 Jefferson Avenue
New Orleans, LA 70115
Tel. 410-212-3475
scott@stjohnlaw.com

M. Frank Bednarz (MA 676742)
HAMILTON LINCOLN LAW INSTITUTE
1440 W. Taylor St # 1487
Chicago, IL 60607
Tel. 801-706-2690
frank.bednarz@hlli.org

*Attorneys for Objector Theodore H. Frank*

I am the objecting class member, and I agree to my attorney filing this objection.

_____
Theodore H. Frank

III. **Certificate of Service**

I hereby certify that on July 29, 2025, I electronically filed the foregoing document with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

Additionally, I caused a substantially similar copy of the Objection and contemporaneously-filed Declaration of Theodore H. Frank United States Postal first-class mail to:

| | |
|---|---|
| Yavar Bathaee<br>Andrew Wolinsky<br>BATHAEE DUNNE LLP<br>445 Park Avenue, 9th Floor<br>New York, NY 10022<br>Tel: (332) 322-8835 | Brian J. Dunne<br>Edward M. Grauman<br>BATHAEE DUNNE LLP<br>901 South MoPac Expressway<br>Barton Oaks Plaza I, Suite 300<br>Austin, TX 78746<br>Tel: (213) 462-2772 |
| Chad Bell<br>KOREIN TILLERY LLC<br>205 N. Michigan Ave., Suite 1950<br>Chicago, IL 60601<br>Tel: (312) 641-9750 | Daniel G. Swanson<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071-3197<br>Tel: (213) 229-7430 |
| Jason J. Mendro<br>Cynthia Richman<br>GIBSON, DUNN & CRUTCHER LLP<br>1700 M Street, N.W.<br>Washington, D.C. 20036-5306<br>Tel: (202) 955-8500 | Veronica S. Moye<br>KING & SPALDING LLP<br>2601 Olive Street, Suite 2300<br>Dallas, TX 75201<br>Tel: 713-276-7398 |
| Christopher M. Burke<br>Yifan (Kate) Lv<br>BURKE LLP<br>402 West Broadway, Suite 1890<br>San Diego, CA 92101<br>Tel: (619) 369-8244 | |

/s/ Joseph S. St. John
Joseph S. St. John