UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| Jonathan Corrente, et al., *Plaintiffs*, v. The Charles Schwab Corporation, *Defendant*. | Case No. 4:22-cv-470-ALM <br><br> Hon. Amos L. Mazzant, III |

**PLAINTIFFS' RESPONSE TO OBJECTOR SHIYANG HUANG'S
"*DAUBERT* MOTION TO EXCLUDE SINGER/TATOS REPORT [DKT. 205]"**

On July 27, 2025, Shiyang Huang, a class member and serial objector proceeding *pro se*, submitted a filing captioned "*Daubert* Motion to Exclude Singer/Tatos Report [Dkt. 205]." Dkt. No. 221. Huang's "motion" is in substance an objection to the Settlement, and Plaintiffs intend to respond to it (and all other class member objections) by August 14, 2025, under the procedure for responding to objections prescribed in the Court's February 19, 2025 Order granting preliminary approval. *See* Dkt. No. 157 at 8, ¶ 25 ("Any submissions filed in response to any objections or in reply or further support of the Settlement and/or the Fee and Expense Application shall be filed no later than fourteen (14) calendar days prior to the [August 28, 2025] Fairness Hearing.").

Plaintiffs do not take issue with Huang's right to raise the issues in his "*Daubert* motion," but only with the procedure by which he has done so. Huang has not been granted intervenor status and thus has no standing to raise these issues by motion. *See In re Toyota Hybrid Brake Litig.*, 2020 WL 6161495, at *20 (E.D. Tex. Oct. 21, 2020) (Mazzant, J.) ("Parties to an action are generally the only ones who may offer a motion for reconsideration. Because the Court denied Alaniz's motion for intervention, he is not a party to this action—and therefore does not have

1

standing to file a motion for reconsideration. As such, the Court does not (and cannot) address Alaniz's motion for reconsideration." (cleaned up)). The proper avenue to address the issues raised by Huang is through an objection under Fed. R. Civ. P. 23(e)(5)(A).

While Huang is, in his words, an "experienced class action objector," Dkt. No. 183 at 1 (cleaned up), he is still a *pro se* litigant and thus entitled to a liberal construction of his submissions. *See Redmond v. Polunsky*, 2023 WL 2143600, at *3 (E.D. Tex. Feb. 21, 2023) (Mazzant, J.). Accordingly, Plaintiffs request that the Court deny Huang's *Daubert* Motion (Dkt. No. 221) and construe it as an objection, to which Plaintiffs will respond by August 14, 2025.

Dated: August 11, 2025

Christopher M. Burke (*pro hac vice*)
cburke@burke.law
**BURKE LLP**
402 West Broadway, Suite 1890
San Diego, CA 92101
Tel: (619) 369-8244

Chad E. Bell (*pro hac vice*)
cbell@koreintillery.com
**KOREIN TILLERY P.C.**
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
Tel: (312) 641-9750

Respectfully submitted,

*/s/ Yavar Bathaee*
Yavar Bathaee (NY 4703443)
yavar@bathaeedunne.com
Andrew Wolinsky (NY 4892196)
awolinsky@bathaeedunne.com
**BATHAEE DUNNE LLP**
445 Park Avenue, 9th Floor
New York, NY 10022
Tel: (332) 322-8835

Brian J. Dunne (CA 275689)
bdunne@bathaeedunne.com
Edward M. Grauman (TX 24081931)
egrauman@bathaeedunne.com
**BATHAEE DUNNE LLP**
901 South MoPac Expressway
Barton Oaks Plaza I, Suite 300
Austin, TX 78746
Tel: (213) 462-2772

Elizabeth L. DeRieux (TX 05770585)
ederieux@capshawlaw.com
S. Calvin Capshaw (TX 03783900)
ccapshaw@capshawlaw.com
**CAPSHAW DERIEUX LLP**
114 E. Commerce

Gladewater, TX 75647
Tel: (903) 236-9800
Fax: (903) 236-8787

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that the above document was served on Shiyang Huang and counsel of record for all parties on August 11, 2025.

*/s/ Yavar Bathaee*
