UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| Jonathan Corrente, et al., <br><br> *Plaintiffs* <br><br> v. <br><br> The Charles Schwab Corporation., <br><br> *Defendants*. | Case No. 4:22-cv-470-ALM <br><br> Hon. Amos L. Mazzant, III |

**REPLY IN SUPPORT OF**
***DAUBERT* MOTION TO EXCLUDE SINGER/TATOS DECLARATION**

"There is, of course, a range of possible explanations for a party's failure to comply with a court-ordered filing deadline. At one end of the spectrum, a party may be prevented from complying by forces beyond its control, such as by an act of God or unforeseeable human intervention. At the other, a party simply may choose to flout a deadline." *Pioneer Inv. Servs. Co. v. Brunswick Asso. Ltd. P'ship,* 570 U.S. 380, 387-88 (1993). That Plaintiffs continued their quest to always count calendar days in their favor[1] cannot help their case on the merits.

Plaintiffs' procedural complaints argued for distinctions without a difference as courts *do* review *merits of* objectors *attorneys*' motion against expert reports—Huang's approach is hardly novel. *See In re Conagra Foods,. Inc.,* 2019 WL 12338387, *4 (C.D. Cal. Oct. 8, 2019), *rev'd, Briseno v. Henderson,* 998 F.3d 1014 (9th Cir. 2021); *In re Equifax Customer Data Sec. Breach*

---

[1] *E.g.,* Plaintiffs initially moved for a schedule with just **12 days for objectors** to review fee motion before deadline; released the Singer/Tatos report **8 days before deadline**; **0 days** before deadline for any class members without CM/ECF, as Iowa noted. Dkt. 245 at 26. Now, Plaintiffs wants **17 days to file an opposition,** purely to merge two briefs into one?

1

*Litig.*, 2020 WL 256132, *115 (N.D. Ga. Mar. 17, 2020). "Otherwise, all class members would be forced to intervene to preserve their claims." *Devlin v. Scardelletti,* 536 U.S. 1, 9-10 (2002); *ibid.* ("Nonnamed class members, however, may be parties for some purposes and not for others.") Plaintiffs' intervenor status argument fails similarly. *See id.* at 20 (Scalia, J., dissenting) ("The Court does not dispute that nonnamed class members will typically meet the requirements for intervention as of right under Federal Rule of Civil Procedure 24") (citing majority op.)

Plaintiffs' response only made procedural complaints, and without showing of good cause or otherwise, Plaintiffs "offer[ed] no further arguments or explanation. This is a failure to brief and constitutes waiver." *United States v. Reagan,* 596 F.3d 251, 254 (5th Cir. 2010); *United States v. Stalnaker,* 571 F.3d 428, 439-40 (5th Cir. 2009) (same). In any case, this motion is moot if Plaintiffs lack standing, and the report is inadmissible as State of Iowa also independently noted. Dkt. 245 at 9 ("Even the experts fill their report with caveats based on lack of access to data, lack of specific terms of the antitrust program, and more.") As Huang no longer intends to appear in the fairness hearing—having competent counsels from Objectors Iowa and Frank for any questions from the Court, Huang needs not file an optional reply to Plaintiffs' *thirdteenth-hour* rebuttal unless this Court invites him to reply within 7 days of such filing.

## CONCLUSION

This motion is moot as Plaintiffs likely lack Article III standing to seek prospective relief.

On the merits, the Singer/Tatos report is inadmissible and should be excluded.

Dated: August 13, 2025                                             Respectfully Submitted,

Shiyang Huang
/s/ SHIYANG HUANG
2813 SW Rother Rd
Topeka, KS 66614
314-669-1858
defectivesettlement@gmail.com

## CERTIFICATE OF SERVICE

I certify that on August 13, 2025, the above document was served via CM/ECF.

/s/ Shiyang Huang