# EXHIBIT 2



AUSTIN TX 786
RIO GRANDE DISTRICT
29 MAY 2025 AM 2 L

RECEIVED
Jun 2 2025
Gibson Dunn LA Mailroom

FREEDOM

+V Rocha

Daniel G. Swanson
Gibson, Dunn & Crutcher LLP
333 South Grand Ave.
Los Angeles, CA 90071-3197

Rita Johnston
504 Independence Creek Ln.
Georgetown, TX 78633

J

May 27, 2025

To the Court re :

**Jonathan Corrente, et al. v. The Charles Schwab Corporation**
**Case Number 4:22-cv-00470 (E.D. Tex.)**

From: Rita Ellison Johnston, 504 Independence Creek Lane, Georgetown, Texas.
214-796-4256

I object to this suit and settlement as a prior Ameritrade Account Holder and present Schwab Account Holder. I object to it because having Schwab set up an antitrust compliance program is not adequate compensation to me.

I object to the settlement, application for an award of attorney's fees and litigation expenses, and service awards for Plaintiffs.

I object also because settlement class members will not receive any payment, only the lawyers involved. The customers of Ameritrade and Schwab are the ones who suffered.

Attached is my current Schwab account info on the statement, which was converted from Ameritrade. Please let me know if you need any further information to exclude me from this settlement agreement and to hear my objection.

Sincerely,

Rita Johnston

copies to: Yavar Bathaee
Christopher Burke
Daniel Swanson
Jason Mendro



## Schwab One® Account of

RITA ELLISON JOHNSTON
DESIGNATED BENE PLAN/TOD

Account Number
2789-2798

## Manage Your Account

**Customer Service and Trading:**
Call your Schwab Representative
1-800-435-4000
24/7 Customer Service

For the most current records on your account
visit schwab.com/login. Statements are archived
up to 10 years online.

## Commitment to Transparency

Client Relationship Summaries and Best Interest
disclosures are at schwab.com/transparency.
Charles Schwab & Co., Inc. Member SIPC.

## Online Assistance

 Visit us online at schwab.com

Visit schwab.com/stmt to explore the features and
benefits of this statement.

 **Time to go digital**

Sign up for paperless at schwab.com/ez
04/30-83150-ID2052006-103738

AV 01 160901 67061H470 A**5DGT
RITA ELLISON JOHNSTON
DESIGNATED BENE PLAN/TOD
504 INDEPENDENCE CREEK LN
GEORGETOWN TX    78633-5370

S/1 106091

William Grubbs

27625 Hickory Blvd

Bonita Springs, FL 34134

ID: 11968165

8/12/2025

United States District Court for the Eastern District of Texas

Paul Brown United States Courthouse

101 East Pecan Street

Sherman, Texas 75090

Subject: Objection to Proposed Settlement in Jonathan Corrente, et al. v. The Charles Schwab Corporation, Case Number 4:22-cv-00470 (E.D. Tex.)

Dear Honorable Judge presiding:

I am writing as a member of the settlement class in the above-referenced class action lawsuit, Jonathan Corrente, et al. v. The Charles Schwab Corporation, to formally object to the proposed settlement agreement submitted for the Court's approval.

My primary objection centers on the fundamental unfairness of the proposed settlement structure, wherein class members like myself stand to gain negligible, if any, meaningful benefit, while the significant costs associated with the settlement—particularly the substantial attorneys' fees requested by Class Counsel—are ultimately borne indirectly by the very class members this action purports to help.

The proposed relief for individual class members consists primarily of injunctive relief offering no tangible value. This nominal benefit fails to adequately address or compensate for the alleged conduct that formed the basis of this lawsuit.

In stark contrast to the insignificant recovery for the class, the settlement proposes awarding a substantial sum in fees and expenses to Class Counsel. While I understand attorneys are entitled to compensation, the amount requested appears grossly disproportionate to the actual, practical benefit delivered to the class members. This settlement seems primarily structured to enrich the attorneys rather than provide meaningful redress to the affected individuals.

Furthermore, the costs incurred by The Charles Schwab Corporation to fund this settlement, including the significant legal fees, do not simply vanish. As Schwab customers, these costs are indirectly imposed upon us. They may manifest as potentially higher fees for services, reduced investment in platform improvements, lower returns for shareholders, or diminished overall value derived from our relationship with the corporation. In essence, the class members are indirectly funding the attorneys' fees for a settlement that provides them little to no tangible advantage.

Therefore, I believe the proposed settlement is not fair, reasonable, or adequate. It fails to provide meaningful compensation to the class members while imposing significant costs on the defendant corporation, which are ultimately passed down indirectly to the detriment of those same class members. It primarily serves the interests of Class Counsel rather than the class itself.

For these reasons, I respectfully request that the Court reject the proposed settlement agreement as currently structured.

Thank you for considering my objection.

Sincerely,

William Grubbs

Maria Demelo

27625 Hickory Blvd

Bonita Springs, FL 34134

ID: 8999669

8/12/2025

United States District Court for the Eastern District of Texas

Paul Brown United States Courthouse

101 East Pecan Street

Sherman, Texas 75090

Subject: Objection to Proposed Settlement in Jonathan Corrente, et al. v. The Charles
Schwab Corporation, Case Number 4:22-cv-00470 (E.D. Tex.)

Dear Honorable Judge presiding:

I am writing as a member of the settlement class in the above-referenced class action
lawsuit, Jonathan Corrente, et al. v. The Charles Schwab Corporation, to formally object
to the proposed settlement agreement submitted for the Court's approval.

My primary objection centers on the fundamental unfairness of the proposed
settlement structure, wherein class members like myself stand to gain negligible, if
any, meaningful benefit, while the significant costs associated with the settlement—
particularly the substantial attorneys' fees requested by Class Counsel—are ultimately
borne indirectly by the very class members this action purports to help.

The proposed relief for individual class members consists primarily of injunctive relief
offering no tangible value. This nominal benefit fails to adequately address or
compensate for the alleged conduct that formed the basis of this lawsuit.

In stark contrast to the insignificant recovery for the class, the settlement proposes awarding a substantial sum in fees and expenses to Class Counsel. While I understand attorneys are entitled to compensation, the amount requested appears grossly disproportionate to the actual, practical benefit delivered to the class members. This settlement seems primarily structured to enrich the attorneys rather than provide meaningful redress to the affected individuals.

Furthermore, the costs incurred by The Charles Schwab Corporation to fund this settlement, including the significant legal fees, do not simply vanish. As Schwab customers, these costs are indirectly imposed upon us. They may manifest as potentially higher fees for services, reduced investment in platform improvements, lower returns for shareholders, or diminished overall value derived from our relationship with the corporation. In essence, the class members are indirectly funding the attorneys' fees for a settlement that provides them little to no tangible advantage.

Therefore, I believe the proposed settlement is not fair, reasonable, or adequate. It fails to provide meaningful compensation to the class members while imposing significant costs on the defendant corporation, which are ultimately passed down indirectly to the detriment of those same class members. It primarily serves the interests of Class Counsel rather than the class itself.

For these reasons, I respectfully request that the Court reject the proposed settlement agreement as currently structured.

Thank you for considering my objection.

Sincerely,

Maria Demelo