UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| Jonathan Corrente, et al., <br><br> Plaintiffs, <br><br> v. <br><br> The Charles Schwab Corporation, <br><br> Defendant. | Case No. 4:22-cv-470-ALM <br><br> Hon. Amos L. Mazzant, III |

**JOINT SUPPLEMENTAL DECLARATION OF YAVAR BATHAEE AND CHRISTOPHER BURKE IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

Pursuant to 28 U.S.C. § 1746, I, Yavar Bathaee, declare:

1. I am an attorney admitted to practice in the United States District Court for the Eastern District of Texas as well as the highest courts of New York and California, among other jurisdictions. I am a partner at Bathaee Dunne LLP. I am over the age of 18 and am personally familiar with and have personal knowledge of the facts contained herein, which I could and would testify competently thereto. I have personally spent considerable time on this case and have been involved in nearly every aspect of the case.

2. The State of Iowa has filed an objection contending that my firm is seeking fees for "'staff attorneys' [who] appear to be contracted document reviewers for whom actual market participants would pay substantially lower rates than they would for permanent employees of white-shoe firms." Dkt. 245 at 24. This is incorrect. My firm has submitted an application seeking attorneys' fees that include time billed by one Staff Attorney: Felipa Quiroz. Ms. Quiroz is a full-time employee of Bathaee Dunne. She is not a contracted document reviewer.

1

Pursuant to 28 U.S.C. § 1746, I, Christopher Burke, declare:

3. I am currently a partner in the law firm of Burke LLP. Before January 1, 2025, I was a partner in the law firm of Korein Tillery PC.[1] I am an attorney admitted to practice in the United States District Court for the Eastern District of Texas as well as the highest courts of New York, Wisconsin, and California, among other jurisdictions. I am over the age of 18 and am personally familiar with and have personal knowledge of the facts contained herein, which I could and would testify competently thereto. I have personally spent considerable time on this case and have been involved in nearly every aspect of the case since entering my appearance in June 2023.

Pursuant to 28 U.S.C. § 1746, we, Yavar Bathaee and Christopher Burke, jointly declare:

4. We are two of the attorneys of record for the Plaintiffs in the above-captioned matter, and our respective firms—Burke LLP, and Bathaee Dunne LLP—are co-counsel, along with Korein Tillery PC and Capshaw DeRieux LLP, for Plaintiffs. We submit this declaration in support of Plaintiffs' Motion for Final Approval of Class Settlement ("Motion").

5. Pursuant to Fed. R. Civ. P. 23(c)(1). And 23(g), preliminarily and for purposes of settlement only, the Court has appointed to us as class counsel for the Settlement Class. Dkt. No. 157 at 3.

6. Since submitting the Motion for Final Approval, our firms have spent well over one hundred hours responding to inquiries from objectors and individuals with questions about the settlement and preparing responses to those objections. We have endeavored to respond to everyone who has reached out to us within 48 hours.

---

[1] I was a partner at Korein Tillery PC from November 2022 to December 2024, during which I actively represented plaintiffs in this case. On January 1, 2025, I left Korein Tillery PC to establish my own firm, Burke LLP. My current firm, Burke LLP, continues to represent plaintiffs in this case alongside attorneys from Korein Tillery PC and Bathaee Dunne LLP.

7. Chris Madden filed an objection to the Motion for Final Approval and Plaintiffs' counsel's fee application. Dkt. 235. In that objection, Mr. Madden states that he "tried to call the lawyers on the website that are supposed to be representing me. NONE of them have called me back! After a couple of tries, I did get ahold of Chad Bell (but I caught him directly he didn't return my message. So these guys are representing me?" Dkt. 235 at 1.

8. This statement does not accurately reflect our communications with Mr. Madden. On or around July 21, Mr. Madden reached out to a number of attorneys representing Plaintiffs via phone. We understand that he spoke to Chad Bell of Korein Tillery LLC that same day. On July 24, Mr. Madden reached out to a group of Plaintiffs' counsel, including co-lead counsel. Andrew Wolinsky (of Bathaee Dunne LLP) and Christopher Burke exchanged a number of emails with Mr. Madden that same day. On July 25, Messrs. Burke and Wolinsky spoke to Mr. Madden for approximately fifteen minutes to discuss his questions about the settlement.

9. If any Class Member asked for the fee application or alerted counsel to the absence of Plaintiffs' Counsel's fee application from the Settlement Website, the problem would have been corrected immediately. We received no contact from any Class Member about this issue prior to July 29. On July 29, immediately upon becoming aware from Iowa's objection that the settlement administrator had not posted the fee application to the Website, Plaintiffs' Counsel corrected the omission, and the Motion has been posted there ever since.

10. Plaintiffs' Counsel have continued to respond to individuals who have reached out with questions even after the deadline for objections passed.

11. Attached as Exhibit A is a true and correct copy of *Luna, et al. v. Google LLC*, No. 24CV434093 (Santa Clara Cty. Super. Ct.), Ex. 1 to Google LLC's Notice of Petition for Coordination of Potential Add-On Cases.

I certify under penalty of perjury that the foregoing is true and correct. Executed this 14th day of August, 2025 at Santa Cruz, California.

/s/ Yavar Bathaee
Yavar Bathaee
Bathaee Dunne LLP
445 Park Avenue, 9th Floor
New York, NY 10022
yavar@bathaeedunne.com

I certify under penalty of perjury that the foregoing is true and correct. Executed this 14th day of August, 2025, at San Diego, California.

/s/ Christopher Burke
Christopher Burke
Burke LLP
402 West Broadway, Suite 1890
San Diego, CA 92101
cburke@burke.law

# EXHIBIT A

24CV434093
Santa Clara – Civil
M. Offhaus

Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 5/30/2025 8:26 PM
Reviewed By: M. Offhaus
Case #24CV434093
Envelope: 19551689

COOLEY LLP
WHITTY SOMVICHIAN (194463)
(wsomvichian@cooley.com)
AARTI REDDY (274889)
(areddy@cooley.com)
AMY M. SMITH (287813)
(amsmith@cooley.com)
KELTON N. MURPHY (340366)
(kbasirico@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone:    +1 415 693 2000
Facsimile:    +1 415 693 2222

Attorneys for Defendant
GOOGLE LLC

COOLEY LLP
MAZDA ANTIA (186068)
(mantia@cooley.com)
ALLISON W. O'NEIL (345926)
(aoneill@cooley.com)
REEM GERAIS (360695)
(rgerais@cooley.com)
10265 Science Center Drive
San Diego, California 92121-1117
Telephone:    +1 858 550 6000
Facsimile:    +1 858 550 6420

COOLEY LLP
HEIDI L. KEEFE (178960)
(hkeefe@cooley.com)
ASHLEY CORKERY (301380)
(acorkery@cooley.com)
3175 Hanover Street
Palo Alto, California 94304-1130
Telephone:    +1 650 843 5000
Facsimile:    +1 650 849 7400

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| GILBERT LUNA, *et al.*,<br><br>      Plaintiffs,<br><br>  v.<br><br>GOOGLE LLC,<br><br>      Defendant. | Case No. 24CV434093<br><br>This Document Applies to All Related Cases filed by Boies Schiller Flexner LLP and Morgan & Morgan, P.A.<br><br>**Complex – Assigned to Judge Charles F. Adams**<br><br>**EXHIBIT 1 TO DEFENDANT GOOGLE LLC'S NOTICE OF PETITION FOR COORDINATION OF POTENTIAL ADD-ON CASES AND REQUEST FOR STAY ORDER AND RELATED DOCUMENTS** |

# EXHIBIT 1

| | |
|---|---|
| COOLEY LLP<br>WHITTY SOMVICHIAN (194463)<br>(wsomvichian@cooley.com)<br>AARTI REDDY (274889)<br>(areddy@cooley.com)<br>AMY M. SMITH (287813)<br>(amsmith@cooley.com)<br>KELTON N. MURPHY (340366)<br>(kbasirico@cooley.com)<br>3 Embarcadero Center, 20th Floor<br>San Francisco, California 94111-4004<br>Telephone:    +1 415 693 2000<br>Facsimile:    +1 415 693 2222<br><br>Attorneys for Defendant<br>GOOGLE LLC | COOLEY LLP<br>MAZDA ANTIA (214963)<br>(mantia@cooley.com)<br>ALLISON W. O'NEILL (345926)<br>(aoneill@cooley.com)<br>REEM GERAIS (360695)<br>(rgerais@cooley.com)<br>10265 Science Center Drive<br>San Diego, California 92121-1117<br>Telephone:    +1 858 550 6000<br>Facsimile:    +1 858 550 6420<br><br>COOLEY LLP<br>HEIDI L. KEEFE (178960)<br>(hkeefe@cooley.com)<br>ASHLEY CORKERY (301380)<br>(acorkery@cooley.com)<br>3175 Hanover Street<br>Palo Alto, California 94304-1130<br>Telephone:    +1 650 843 5000<br>Facsimile:    +1 650 849 7400 |

CHAIRPERSON OF THE JUDICIAL COUNCIL

OF THE STATE OF CALIFORNIA

| | |
|---|---|
| GILBERT LUNA, et al.,<br><br>        Plaintiff,<br><br>    v.<br><br>GOOGLE LLC,<br><br>        Defendant. | J.C.C.P. No. 5377<br><br>[Coordination Motion Judge:<br>The Hon. Charles F. Adams]<br><br>**DEFENDANT GOOGLE LLC'S NOTICE AND PETITION FOR COORDINATION OF POTENTIAL ADD-ON CASES AND REQUEST FOR STAY ORDER**<br><br>Santa Clara County Case No. 24CV434093<br>Assigned For All Purposes To:<br>Judicial Officer Judge Charles F. Adams<br>Department 7 |
| ADAM SALCIDO, et al.,<br><br>        Plaintiff,<br><br>    v.<br><br>GOOGLE LLC,<br><br>        Defendant. | Santa Clara County Case No. 24CV436497<br>Assigned For All Purposes To:<br>Judicial Officer Judge Charles F. Adams<br>Department 7 |
| JOSE FONTAO, et al.,<br><br>        Plaintiff,<br><br>    v.<br><br>GOOGLE, INC., | Santa Clara County Case No. 24CV447570<br>Assigned For All Purposes To:<br>Judicial Officer Judge Charles F. Adams |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**GOOGLE'S NOTICE AND PETITION FOR COORDINATION OF POTENTIAL ADD-ON CASES & REQ. FOR STAY ORDER**
**J.C.C.P CASE NO. 5377**

| | | |
|---|---|---|
| 1 | Defendant. | Department 7 |
| 2 | HANNAH DANIELS, et al., | |
| 3 | Plaintiff, | Santa Clara County Case No. 24CV448809 |
| 4 | v. | Assigned For All Purposes To: |
| 5 | GOOGLE, INC., Defendant. | Judicial Officer Judge Charles F. Adams Department 7 |
| 6 | | |
| 7 | ANGEL JIMENEZ, et al., Plaintiff, | Santa Clara County Case No. 24CV449182 |
| 8 | v. | Assigned For All Purposes To: |
| 9 | GOOGLE, INC., | Judicial Officer Judge Charles F. Adams Department 7 |
| 10 | Defendant. | |
| 11 | JOY MCGARY, et al., Plaintiff, | Santa Clara County Case No. 24CV455333 Assigned For All Purposes To: |
| 12 | v. | Judicial Officer Judge Charles F. Adams |
| 13 | GOOGLE, INC., Defendant. | Department 7 |
| 14 | VIVEK SHAH, | |
| 15 | Plaintiff, | Santa Clara County Case No. 24CV447484 |
| 16 | v. GOOGLE, INC., | Assigned For All Purposes To: Judicial Officer Judge Charles F. Adams |
| 17 | Defendant. | Department 7 |
| 18 | | |
| 19 | ANTONIO HOOD, Plaintiff, | |
| 20 | v. | Orange County Case No. 30-2025-01459978 Assigned For All Purposes To: |
| 21 | GOOGLE, INC., | Judicial Officer Judge H. Shaina Colover Department C34 |
| 22 | Defendant. | |
| 23 | MELISSA JOHNSON, et al., Plaintiff, | |
| 24 | v. | Santa Clara County Case No. 25CV464008 Assigned For All Purposes To: |
| 25 | GOOGLE, INC., | Judicial Officer Judge Charles F. Adams |
| 26 | Defendant. | Department 7 |
| 27 | JULIE MENKIN, et al., Plaintiff, | |
| 28 | | Santa Clara County Case No. 25CV464322 |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 2 -

**GOOGLE'S NOTICE AND PETITION FOR COORDINATION OF POTENTIAL ADD-ON CASES & REQ. FOR STAY ORDER**
**J.C.C.P CASE NO. 5377**

| | |
|---|---|
| v.<br>GOOGLE, INC.,<br>        Defendant. | Assigned For All Purposes To:<br>Judicial Officer Judge Charles F. Adams<br>Department 7 |
| SAMUEL KRAUSZ, et al.,<br>        Plaintiff,<br>v.<br>GOOGLE, INC.,<br>        Defendant. | Santa Clara County Case No. 25CV464332<br>Assigned For All Purposes To:<br>Judicial Officer Judge Charles F. Adams<br>Department 7 |
| FRANCES McCOOL, et al.,<br>        Plaintiff,<br>v.<br>GOOGLE, INC.,<br>       Defendant. | Santa Clara County Case No. 25CV464345<br>Assigned For All Purposes To:<br>Judicial Officer Judge Charles F. Adams<br>Department 7 |
| CHARLOTTE HARRAL, et al.,<br>        Plaintiff,<br>v.<br>GOOGLE, INC.,<br>       Defendant. | Santa Clara County Case No. 25CV464354<br>Assigned For All Purposes To:<br>Judicial Officer Judge Charles F. Adams<br>Department 7 |
| AMY DONOVAN, et al.,<br>        Plaintiff,<br>v.<br>GOOGLE, INC.,<br>       Defendant. | Santa Clara County Case No. 25CV464936<br>Assigned For All Purposes To:<br>Judicial Officer Judge Charles F. Adams<br>Department 7 |

**TO THE CHAIR OF THE JUDICIAL COUNCIL, THE HONORABLE CHARLES F. ADAMS, COORDINATION MOTION JUDGE, THE SUPERIOR COURTS OF THE STATE OF CALIFORNIA, THE PARTIES TO THE ACTIONS AND TO THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to California Rules of Court 3.531, after the filing of the initial Petition for Coordination in JCCP No. 5377, Petitioner Google LLC ("Google") became aware of six potential add-on cases filed by Bellatrix Law, P.C. ("Bellatrix"), and hereby requests, pursuant to Rule 3.531 of the California Rules of Court, that each potential add-on case listed below be deemed an included action for purposes of the June 18, 2025 hearing on the petition for coordination filed in JCCP No. 5377. Google wishes to—and is fully prepared to—proceed with the hearing date as scheduled.

| TITLE | COURT | CASE NUMBER | FILING DATE[1] |
|---|---|---|---|
| *Amy Donovan, et al. v. Google LLC* | Santa Clara County Superior Court | 25CV464936 | 02/03/2025 |
| *Charlotte Harral, et al. v. Google LLC* | Santa Clara County Superior Court | 25CV464354 | 02/03/2025 |
| *Samuel Krausz, et al. v. Google LLC* | Santa Clara County Superior Court | 25CV464332 | 02/03/2025 |
| *Melissa Johnson, et al. v. Google LLC* | Santa Clara County Superior Court | 25CV464008 | 02/03/2025 |
| *Frances McCool, et al. v. Google LLC* | Santa Clara County Superior Court | 25CV464345 | 02/03/2025 |
| *Julie Menkin, et al. v. Google LLC* | Santa Clara County Superior Court | 25CV464322 | 02/03/2025 |

Google's Petition for Coordination of Potential Add-On Cases is supported by this Notice and Petition, Google's concurrently filed Memorandum of Points and Authorities, Declaration of Aarti Reddy in support of Google's Petition for Coordination of Potential Add-On Cases (the "Reddy Declaration"), and the true and correct copies of the complaints filed in the above-listed actions attached to the Reddy Declaration. The list of potential add-on parties to the actions sought

---

[1] These complaints are file-stamped February 3, 2025, but they were not accepted by the Court until after the filing of Google's initial petition for coordination. This Court's orders permitting the filing of the Bellatrix complaints *nunc pro tunc* on April 29, 2025, May 1, 2025, and May 6, 2025 are attached as Exhibits S to X of the Reddy Declaration.

- 4 -

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**GOOGLE'S NOTICE AND PETITION FOR COORDINATION OF POTENTIAL ADD-ON CASES & REQ. FOR STAY ORDER**
**J.C.C.P CASE NO. 5377**

to be coordinated, as well as counsel's name and address, and dates of filing of each potential add-on are listed in and/or attached to the Reddy Declaration.

    PLEASE TAKE FURTHER NOTICE that, pursuant to section 404.5 of the California Code of Civil Procedure, Google further requests that the six Bellatrix actions be stayed pending the adjudication of any petition for coordination relating to JCCP 5377.

    PLEASE TAKE FURTHER NOTICE that a copy of this petition will be submitted to the Chair of the Judicial Council and served on each party appearing in the included actions in Google's pending Petition for Coordination and each party appearing in the potential add-on cases.

Dated: May 30, 2025                                    COOLEY LLP

By: */s/ Aarti Reddy*
     Aarti Reddy

Attorney for JCCP Petitioner-Defendant
GOOGLE LLC

**Petition for Coordination of Potential Add-On Actions**

Petitioner and Defendant Google hereby respectfully requests that this Court, in its capacity as coordination motion judge, deem the actions filed by Bellatrix included actions in JCCP 5377 for the purposes of the upcoming hearing on Google's Petition for Coordination. (See Cal. Rules of Court, rule 3.531(b).) In addition to the 2,296 related actions listed in Google's initial Petition for Coordination, Google now seeks to add the following six related actions pending in Santa Clara Superior Court filed by Bellatrix:

1) *Amy Donovan, et al. v. Google LLC*, Case No. 25CV464936;
2) *Charlotte Harral, et al. v. Google LLC*, Case No. 25CV464354;
3) *Samuel Krausz, et al. v. Google LLC*, Case No. 25CV464332;
4) *Melissa Johnson, et al. v. Google LLC*, Case No. 25CV464008;
5) *Frances McCool, et al. v. Google LLC*, Case No. 25CV464345; and
6) *Julie Menkin, et al. v. Google LLC*, Case No. 25CV464322.

The case numbers, complete case titles, and dates the complaints were filed for the 2,302 related actions that Google requests to have considered together by the coordination motion judge are listed in the updated **Exhibit A** to the Reddy Declaration. The names of the 5,036 potential add-on plaintiffs are listed in the Bellatrix Complaints attached as **Exhibits E – J** to the Reddy Declaration. (Cal. Rules of Court, rule 3.521(a)(2), (c).)

\* \* \*

With these six potential add-on complaints, a total of 2,301 related complaints have been filed against Google on behalf of more than 375,000 Plaintiffs in Santa Clara County Superior Court. Google's initial Petition for Coordination outlines details of the Santa Clara cases and the *pro se* complaint filed by Plaintiff Hood in Orange County that are the subject of Google's pending Petition for Coordination. (Reddy Decl., Ex. B, *Hood* Compl. ¶ 2.) All Plaintiffs' theories of injury in these actions—including those now put forth by Bellatrix—are exactly the same: Plaintiffs allege to be Google account holders that used "Incognito" mode, Chrome's more private browsing mode, without logging in to their Google Accounts, and they allege harm arising from Google's receipt of routine browsing data when they visited non-Google websites that used Google web services.

As of the filing of Google's initial Petition for Coordination on March 21, 2025,[2] the Bellatrix complaints were not available on the Santa Clara County docket. On April 29, 2025, May 1, 2025, and May 6, 2025, the Court entered orders permitting the filing of the Bellatrix complaints *nunc pro tunc*. (Reddy Decl., Exs. S - X.) Bellatrix, copying the approach of other firms, filed its complaints in groups of up to 840 Plaintiffs, all in Santa Clara Superior Court. It is unclear whether Bellatrix has completed its filings or if they are ongoing.

Google seeks coordination of the Bellatrix cases as included actions under California Code of Civil Procedure section 404 because they meet the standard for coordination under Code of Civil Procedure section 404.1 for the following reasons:

- The 2,295 of the actions pending in Santa Clara County Superior Court have already been deemed complex;
- The Bellatrix complaints were filed as provisionally complex "mass tort" cases in part because of "[c]oordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court." (Reddy Decl., Exs. K-P);
- All actions listed in **Exhibit A**, including the potential add-on Bellatrix actions, meet the criteria for a "complex case" under California Rules of Court, rule 3.400, as they are likely to involve numerous pretrial motions raising difficult or novel legal issues that will be time-consuming to resolve, a substantial amount of documentary evidence, management of a large number of witnesses, and a large number of separately represented parties—and are related to actions pending in multiple California counties;
- All actions share common legal and factual questions, as all complaints (1) are pled against Google; (2) assert similar factual allegations (*i.e.*, that Google allegedly intercepted each individual Plaintiff's discrete browsing data while Plaintiffs used Chrome Incognito mode); and (3) plead privacy violations premised on Google's alleged violations tied to Plaintiffs' Incognito usage and related data collection;
- All complaints implicate the same key legal and factual questions, which are central to

---

[2] Google's initial Petition for Coordination was noted and logged as received by the Judicial Council on March 24, 2025.

the litigation;

- Convenience of the courts and all parties favor coordination;
- Discovery has not commenced in the potential add-on Bellatrix complaints;
- Coordination will promote judicial economy as a complex case will be removed from the docket of one court;
- Coordination will avoid the risk of inconsistent rulings, orders, and judgments; and
- Coordination may facilitate potential settlement.

Google respectfully requests that this Court, as coordination motion judge, hear and adjudicate these six potential add-on cases alongside all the cases listed in **Exhibit A** and identified in Google's first Petition for Coordination.

Pending determination of whether coordination is appropriate, Google respectfully requests that the Court issue an order staying all proceedings in these six actions filed by Bellatrix. Google believes that a stay is appropriate pursuant to Code of Civil Procedure section 404.5 and California Rules of Court, rule 3.515, on the grounds stated in the concurrently submitted Memorandum of Points and Authorities and Declaration of Aarti Reddy, which establish that the stay order is necessary and appropriate to effectuate the purposes of coordination. The Court may issue a stay order without a hearing. (Cal. Rules of Court, rule 3.515(e).)

This Petition and Application for Stay Order is supported by the concurrently submitted Memorandum of Points and Authorities and Declaration of Aarti Reddy.

\*    \*    \*

With this filing, Google is providing prompt notice of these potential add-on cases to the coordination motion judge, the Chair of the Judicial Council, and each party appearing in JCCP 5377 or in potential add-on cases. Proof of filing the notices of submission of petition for coordination as required by California Rules of Court, rule 3.522; proof of service upon all parties appearing in the actions of submission of petition for coordination; and a copy of the petition and supporting documents as required by California Rules of Court, rule 3.523, will be submitted within five (5) calendar days of the submission of this petition.

| | | |
|---|---|---|
| 1 | Dated: May 30, 2025 | COOLEY LLP |
| 2 | | |
| 3 | | By: */s/ Aarti Reddy* |
| 4 | | Aarti Reddy |
| 5 | | Attorney for JCCP Petitioner-Defendant GOOGLE LLC |
| 6 | 319296598 | |