# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| Jonathan Corrente, et al.,<br><br>                       Plaintiffs,<br><br>    v.<br><br>The Charles Schwab Corporation,<br><br>                       Defendant. | Case No. 4:22-cv-470-ALM<br><br>Hon. Amos L. Mazzant, III |

## **REPLY DECLARATION OF CHAD E. BELL**

I, Chad E. Bell, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am one of the attorneys principally responsible for handling this matter. I submit this Reply Declaration in support of Plaintiffs' Motion for Final Approval of Class Action Settlement and Plaintiffs' Counsel's Motion for an Award of Attorneys' Fees, Litigation Expenses, and Service Awards.

2. I am personally familiar with the facts set forth in this Declaration. If called as a witness, I could and would competently testify to the matters stated herein. I have reviewed the underlying time and expense records supporting this declaration to identify and correct any billing errors.

3. I am a partner at the law firm of Korein Tillery, LLC (hereafter "Korein Tillery").

4. The State of Iowa has filed an objection contending that Korein Tillery is seeking fees for "'staff attorneys' [who] appear to be contracted document reviewers for whom actual market participants would pay substantially lower rates than they would for permanent employees of white-shoe firms." Dkt. 245 at 24. This is incorrect. My firm has submitted an application seeking attorneys' fees that include time billed by three Staff Attorneys: Anita Ijaz, Susan Stambaugh, and Trevor Williams. Ms. Ijaz is a full-time employee of Korein Tillery. Ms.

Stambaugh and Mr. Williams no longer work at Korein Tillery but were, at the time of their work on this matter, full-time employees of the firm. They are not and were not contracted document reviewers.

5. I have endeavored to be responsive to all inquiries that I have received from class members regarding the Settlement Agreement, Motion for Final Approval, and Plaintiffs' Counsel's Motion for Attorneys' Fees, Litigation Expenses, and Service Awards. This includes promptly returning emails and phone calls that I received from class members.

6. Chris Madden filed an objection to the Motion for Final Approval and Plaintiffs' counsel's fee application. Dkt. 235. In that objection, Mr. Madden states that he "tried to call the lawyers on the website that are supposed to be representing me. NONE of them have called me back! After a couple of tries, I did get ahold of Chad Bell (but I caught him directly he didn't return my message.) So these guys are representing me?" Dkt. 235 at 1.

7. This statement does not accurately reflect my communications with Mr. Madden. On July 21, 2025, Mr. Madden reached out to me by phone at approximately 10:45 a.m. CT. I was unavailable because I was participating in a deposition. Mr. Madden left a message with a receptionist. Mr. Madden then called me back at approximately 2:19 p.m. CT, when I happened to be on a break from the deposition. I spoke to him then.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 14, 2025, in Chicago, Illinois:

                                                                                                                               /s/ Chad E. Bell