Cameron L. Hess<br>
3368 Oselot Way<br>
Rancho Cordova, CA 95670<br>
(916) 761-4174

August 9, 2025

Honorable Judge
c/o Clerk of the Court
United States District Court
Eastern District of Texas
101 East Pecan Street
Sherman, Texas 75090

  Re: Jonathan Correnete et. Al. v. they Charles Schwab Corp.
     Case No: 4:22-CV-470-ALM

Your Honor:

  I am in recent receipt of a post card about a week ago, wherein I am identified as ID: 12937246. I have no idea when this was sent via mail, but I collect my mail daily and address all matters weekly. I am a current brokerage customer of Schwab.

  I am objecting to the settlement. I'm sure there would be others who are not aware of their rights, so it is simply not possible to exclude persons who are not sufficiently aware of the issues to be able to object to the settlement as a whole, In fact, it is reasonable to conclude that most would object for these reasons:

- First, this matter would be better addressed by the Federal Trade Commission. They would be the most impartial in determining whether the proposed class has suffered or not, and the appropriate remedy.

- Second, the settlement fails to provide for any monetary recovery to the protected class, but alleges damages. Some form of recovery should be permitted, as this obviously terminates all class members rights in the future.

Jonathan Correnete et. Al. v. they Charles Schwab Corp.
Page 2

>   If the problem is the merger itself, the solution would be to separate the two companies and avoid a merger. This resolution does not address the loss of competition.

- Third, the appointment of Fried, Frank, Harris, Shriver & Jacobson LLP, while I applaud their efforts, calls to question whether they are actually acting for the interests of the class or are solely here to line their pockets without addressing the objectives required in this matter.

   The settlement succinctly permits the merger to continue. Counsel did nothing to remove the loss of competition, and as an appendage added to the broker firm, they would do little to in fact remedy the actions of loss of competition. They are not independent nor have protections to assure independence.

   While not resolving the merger, if you approve oversight as a remedy, I would ask that you provide an independent oversight board with authority to approve "rate" changes and services representing fee rates for services, scope of services, conflict of interest issues, approve trade fees, and other matter to assure that they remain competitive.

   An independent oversight board would be perpetual. A board would have diversity, and would avoid issues should the law firm merge, dissolve, break up, or simply be unduly influenced, having no further accountability to the protected class.

We respect your judgment and appreciate your careful consideration to the interests of the protected class in this matter.

Respectfully yours,

*[signature]*

Cameron L. Hess

FENNEMORE
WKBKY
CHES/arma/
LAW OFFICES
10640 MATHER BLVD
SUITE 200
MATHER, CA 95655

SACRAMENTO CA 957
14 AUG 2025PM 3 L
FIRST-CLASS

US POSTAGE [IM] PITNEY BOWES
$ 000.74⁰
ZIP 95655
02 7H
0006190275
AUG 14 2025

To:
Honorable Judge
c/o Clerk of the Court
United States District Court
Eastern District of Texas
101 East Pecan Street
Sherman, Texas 75090

75090-58637

RECEIVED
AUG 18 2025
CLERK, U.S. DISTRICT COURT
TEXAS EASTERN