UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| Jonathan Corrente, et al., | Case No. 4:22-cv-470-ALM |
| *Plaintiffs* | Hon. Amos L. Mazzant, III |
| v. | |
| The Charles Schwab Corporation., | |
| *Defendants*. | |

**REPLY TO RESPONSE IN OPPOSITION [Dkt. 279] IN SUPPORT OF MOTION FOR A RULING ON PLAINTIFFS' ARTICLE III STANDING [Dkt. 278]**

"A litigant generally may raise a court's lack of subject matter jurisdiction at anytime". *Arena v. Graybar Elec. Co.,* 669 F. 3d 214, 223 (5th Cir. 2012) (quoting *Grupo Dataflux v. Atlas Global Group, L.P.,* 541 U.S. 567, 576 (2004)). "**[F]ederal courts must address jurisdictional questions whenever they are raised** and must consider jurisdiction *sua sponte* if not raised by the parties." *Id.* at 224 (emphasis added). Plaintiffs' opposition of this motion as "untimely, unauthorized, and unhelpful" (Dkt. 279) should redirect to their own last-minute attempts to "manufacture" Article III standing in Plaintiffs' belated declarations, after Objectors raised the Plaintiffs' lack of Article III standing as a jurisdictional defect. *See* Supp. Decls., Dkt. 268-5, 268-6, 268-7 (mere adding Plaintiffs "intend to execute additional trades in the near future.")

"A court is powerless to approve a proposed class settlement if it lacks jurisdiction over the dispute, and federal courts lack jurisdiction if no named plaintiff has standing." *Frank v. Gaos,* 139 S. Ct. 1041, 1046 (2019). Objectors Frank (Dkt. 251) —who prevailed in *Frank v.*

1

*Gaos* before the U.S. Supreme Court, and Huang (Dkt. 215) both directly attacked Plaintiffs' Article III standing to settle, while Objector State of Iowa's concerns (Dkt. 245 at 9) pointed to attenuated logics for *non-party* marker makers to supply "redressability" prong of standing.

Huang wishes this motion is moot with a jurisdictional discussion in the disposition. But the Fairness Hearing transcript did not suggest such possibility. While Plaintiffs may still have a surviving chance to Rule 23(b)(3) certification for a *different* class definition if settlement approval (Dkt. 197) is denied, a successful class certification under Rule 23(b)(2) means they can no longer seek damages *and* "possess the same interest and suffer the same injury' as the class members." *East Tex. Motor Freight System, Inc.* v. *Rodriguez,* 431 U. S. 395, 403 (1977).

<div style="text-align:center">*    *    *</div>

This Court needs to address Plaintiffs' Article III standing in its forthcoming disposition. If Named Plaintiffs successfully certified a Rule 23(b)(2) class but "have suffered no injury in fact and lack Article III standing", their case "must be dismissed" to match the Fifth Circuit's decision in *Earl v. Boeing,* 53 F.4th 897 (5th Cir. 2022) (reversing class certification, remanded with instructions to dismiss *Earl v. Boeing,* No. 4:19-CV-507 (E.D. Tex.) for lack of jurisdiction)

Dated: September 12, 2025                                   Respectfully Submitted,

<div style="margin-left:50%">
Shiyang Huang  
/s/ SHIYANG HUANG  
2813 SW Rother Rd  
Topeka, KS 66614  
314-669-1858  
defectivesettlement@gmail.com
</div>

## CERTIFICATE OF SERVICE

I certify that on September 12, 2025, the above document was served via CM/ECF.

<div style="text-align:right">/s/ Shiyang Huang</div>